UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FOSSIL GROUP, INC. and MICHAEL KORS, L.L.C., | CASE No. 1:20-cv-02441-WFK-JO |
| Plaintiffs, | |
| v. | **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** |
| ANGEL SELLER, LLC and JOHN DOES 1-5, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Defendant Angel Seller, LLC ("Defendant"), by and through its counsel, hereby answers the Complaint dated June 2, 2020 ("Complaint") (ECF No. 1) of Plaintiffs Fossil Group, Inc. ("Fossil") and Michael Kors, L.L.C. ("MK") (collectively "Plaintiffs") as set forth below. In response to all paragraphs of the Complaint, Defendant denies each and every allegation except as expressly admitted herein. Defendant responds specifically to Plaintiffs' averments as follows:

## STATEMENT OF THE CASE

1. Defendant DENIES the allegations of paragraph "1" of the Complaint in that it presently lacks knowledge or information sufficient to form a belief as to the truth thereof.

2. Defendant DENIES the allegations of paragraph "2" of the Complaint.

3. Defendant DENIES the allegations of paragraph "3" of the Complaint.

4. Defendant DENIES the allegations of paragraph "4" of the Complaint.

## PARTIES

5. Defendant DENIES the allegations of paragraph "5" of the Complaint in that it

presently lacks knowledge or information sufficient to form a belief as to the truth thereof.

6. Defendant DENIES the allegations of paragraph "6" of the Complaint in that it presently lacks knowledge or information sufficient to form a belief as to the truth thereof.

7. Defendant ADMITS the allegations of paragraph "7" of the Complaint.

8. Defendant DENIES the allegations of paragraph "8" of the Complaint in that it presently lacks knowledge or information sufficient to form a belief as to the truth thereof.

## JURISDICTION AND VENUE

9. Defendant ADMITS the allegations of paragraph "9" of the Complaint.

10. Defendant ADMITS that it is subject to the jurisdiction of this Court. Defendant DENIES the remainder of the allegations of paragraph "10" of the Complaint.

11. Defendant ADMITS that it is subject to the jurisdiction of this Court. Defendant DENIES the remainder of the allegations of paragraph "11" of the Complaint.

12. Defendant ADMITS the allegations of paragraph "12" of the Complaint.

## FACTUAL ALLEGATIONS

**A. Fossil Group, Michael Kors, and the Michael Kors Trademark**

13. Defendant DENIES the allegations of paragraph "13" of the Complaint in that it presently lacks knowledge or information sufficient to form a belief as to the truth thereof.

14. Defendant DENIES the allegations of paragraph "14" of the Complaint in that it presently lacks knowledge or information sufficient to form a belief as to the truth thereof.

15. Defendant DENIES the allegations of paragraph "15" of the Complaint in that it presently lacks knowledge or information sufficient to form a belief as to the truth thereof.

16. Defendant DENIES the allegations of paragraph "16" of the Complaint in that it presently lacks knowledge or information sufficient to form a belief as to the truth thereof.

17. Defendant DENIES the allegations of paragraph "17" of the Complaint in that it presently lacks knowledge or information sufficient to form a belief as to the truth thereof.

18. Defendant DENIES the allegations of paragraph "18" of the Complaint in that it presently lacks knowledge or information sufficient to form a belief as to the truth thereof.

19. Defendant DENIES the allegations of paragraph "19" of the Complaint in that it presently lacks knowledge or information sufficient to form a belief as to the truth thereof.

20. Defendant DENIES the allegations of paragraph "20" of the Complaint in that it presently lacks knowledge or information sufficient to form a belief as to the truth thereof.

**B. Defendants' Unauthorized Activities**

21. Defendant DENIES the allegations of paragraph "21" of the Complaint.

22. Defendant DENIES the allegations of paragraph "22" of the Complaint.

23. Defendant ADMITS that it has sold watches on its Amazon storefront Angel Seller. Defendant DENIES the remaining allegation of paragraph "23" of the Complaint.

24. Defendant ADMITS that it has sold items on its Amazon storefront Angel Seller over the last year. Defendant DENIES the remaining allegations of paragraph "24" of the Complaint.

25. Defendant DENIES the allegations of paragraph "25" of the Complaint.

26. Defendant DENIES the allegations of paragraph "26" of the Complaint in that it presently lacks knowledge or information sufficient to form a belief as to the truth thereof.

27. Defendant DENIES the allegations of paragraph "27" of the Complaint in that it presently lacks knowledge or information sufficient to form a belief as to the truth thereof.

28. Defendant ADMITS that it received a notification from Amazon. Defendant DENIES the remaining allegations of paragraph "28" of the Complaint.

29. Defendant DENIES the allegations of paragraph "29" of the Complaint.

30. Defendant ADMITS that it received a letter on or about January 22, 2020 which was forwarded to its attorney. Defendant DENIES the remaining allegations of paragraph "30" of the Complaint.

31. Defendant ADMITS that its attorney contacted Fossil's attorney on or about January 30, 2020. Defendant DENIES the remaining allegations of paragraph "31" of the Complaint.

32. Defendant DENIES the allegations of paragraph "32" of the Complaint.

33. Defendant DENIES the allegations of paragraph "33" of the Complaint in that it presently lacks knowledge or information sufficient to form a belief as to the truth thereof.

34. Defendant DENIES the allegations of paragraph "34" of the Complaint in that it presently lacks knowledge or information sufficient to form a belief as to the truth thereof.

35. Defendant ADMITS that on or about April 1, 2020 its attorney was advised about test purchases allegedly made by Fossil. Defendant DENIES the remaining allegations of paragraph "35" of the Complaint.

36. Defendant DENIES the allegations of paragraph "36" of the Complaint.

37. Defendant DENIES the allegations of paragraph "37" of the Complaint.

38. Defendant DENIES the allegations of paragraph "38" of the Complaint.

39. Defendant DENIES the allegations of paragraph "39" of the Complaint.

40. Defendant DENIES the allegations of paragraph "40" of the Complaint.

41. Defendant DENIES the allegations of paragraph "41" of the Complaint.

42. Defendant DENIES the allegations of paragraph "42" of the Complaint.

43. Defendant DENIES the allegations of paragraph "43" of the Complaint.

44. Defendant DENIES the allegations of paragraph "44" of the Complaint.

**FIRST CLAIM FOR RELIEF**
**(Trademark Counterfeiting, 15 U.S.C. § 1114)**

45. Paragraph "45" of the Complaint contains no factual allegations to which a response is required. To the extent paragraph "45" of the Complaint incorporates any other factual allegations of the Complaint, Defendant incorporates its responses to same.

46. Defendant DENIES the allegations of paragraph "46" of the Complaint.

47. Defendant DENIES the allegations of paragraph "47" of the Complaint.

48. Defendant DENIES the allegations of paragraph "48" of the Complaint.

49. Defendant DENIES the allegations of paragraph "49" of the Complaint.

50. Defendant DENIES the allegations of paragraph "50" of the Complaint.

51. Defendant DENIES the allegations of paragraph "51" of the Complaint.

52. Defendant DENIES the allegations of paragraph "52" of the Complaint.

## SECOND CLAIM FOR RELIEF
### (Trademark Infringement, 15 U.S.C. § 1114)

53. Paragraph "53" of the Complaint contains no factual allegations to which a response is required. To the extent paragraph "53" of the Complaint incorporates any other factual allegations of the Complaint, Defendant incorporates its responses to same.

54. Defendant DENIES the allegations of paragraph "54" of the Complaint in that it presently lacks knowledge or information sufficient to form a belief as to the truth thereof.

55. Defendant DENIES the allegations of paragraph "55" of the Complaint.

56. Defendant DENIES the allegations of paragraph "56" of the Complaint.

57. Defendant DENIES the allegations of paragraph "57" of the Complaint.

58. Defendant DENIES the allegations of paragraph "58" of the Complaint.

59. Defendant DENIES the allegations of paragraph "59" of the Complaint.

60. Defendant DENIES the allegations of paragraph "60" of the Complaint.

61. Defendant DENIES the allegations of paragraph "61" of the Complaint.

62. Defendant DENIES the allegations of paragraph "62" of the Complaint.

63. Defendant DENIES the allegations of paragraph "63" of the Complaint.

## THIRD CLAIM FOR RELIEF
### (Unfair Competition, False Designation of Origin & False Description, 15 U.S.C. § 1125(a))

64. Paragraph "64" of the Complaint contains no factual allegations to which a response is required. To the extent paragraph "64" of the Complaint incorporates any other factual allegations of the Complaint, Defendant incorporates its responses to same.

65. Defendant DENIES the allegations of paragraph "65" of the Complaint.

66. Defendant DENIES the allegations of paragraph "66" of the Complaint.

67. Defendant DENIES the allegations of paragraph "67" of the Complaint.

68. Defendant DENIES the allegations of paragraph "68" of the Complaint.

69. Defendant DENIES the allegations of paragraph "69" of the Complaint.

**FOURTH CLAIM FOR RELIEF**
**(Federal Trademark Dilution, 15 U.S.C. § 1125(c))**

70. Paragraph "70" of the Complaint contains no factual allegations to which a response is required. To the extent paragraph "70" of the Complaint incorporates any other factual allegations of the Complaint, Defendant incorporates its responses to same.

71. Defendant DENIES the allegations of paragraph "71" of the Complaint.

72. Defendant DENIES the allegations of paragraph "72" of the Complaint in that it presently lacks knowledge or information sufficient to form a belief as to the truth thereof.

73. Defendant DENIES the allegations of paragraph "73" of the Complaint.

74. Defendant DENIES the allegations of paragraph "74" of the Complaint.

75. Defendant DENIES the allegations of paragraph "75" of the Complaint.

76. Defendant DENIES the allegations of paragraph "76" of the Complaint.

77. Defendant DENIES the allegations of paragraph "77" of the Complaint.

**FIFTH CLAIM FOR RELIEF:**
**UNFAIR AND DECEPTIVE BUSINESS PRACTICES**
**(N.Y. Gen. Bus. L. § 349)**

78. Paragraph "78" of the Complaint contains no factual allegations to which a response is required. To the extent paragraph "78" of the Complaint incorporates any other factual allegations of the Complaint, Defendant incorporates its responses to same.

79. Defendant DENIES the allegations of paragraph "79" of the Complaint.

80. Defendant DENIES the allegations of paragraph "80" of the Complaint.

81. Defendant DENIES the allegations of paragraph "81" of the Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted. In particular, the Complaint fails to provide any factual support for any of the claims from which the Court could conclude that the Defendant is liable for any claim.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims against Defendant are barred by the exhaustion doctrine/first sale doctrine.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, under the doctrine of unclean hands. In particular, Plaintiffs' claims are barred by its own unlawful conduct.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims against Defendant are barred because Plaintiff has failed to mitigate damages.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to allege additional Affirmative Defenses as they become known, and accordingly to amend this Answer.

## PRAYER FOR RELIEF

**WHEREFORE**, the Defendant prays for judgment as follows:

A. A dismissal with prejudice of Plaintiff's claims against Defendant and denial of any and all relief and prayers for damages to Plaintiff;

B. An award of costs and fees incurred in this Action; and

C. Such other and further relief as the Court shall find just and proper.

## DEMAND FOR JURY TRIAL

Defendant hereby requests a jury trial for all issues triable by jury.

Dated: August 3, 2020
New York, New York

**AMSTER, ROTHSTEIN & EBENSTEIN LLP**

By: *s/ Richard S. Mandaro*
Mark Berkowitz
Richard S. Mandaro
90 Park Avenue
New York, NY 10016
Tel.: (212) 336-8000
sFax: (212) 336-8001
E-mail: mberkowitz@arelaw.com
rmandaro@arelaw.com

*Attorneys for Defendant Angel Seller, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2020, the foregoing document entitled **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** was filed with the Clerk of the Court by using the CM/ECF system, which will cause such document to be served on all counsel of record identified below via transmission of Notice of Electronic Filing generated by CM/ECF:

Michael Lee
Lee Law PLLC
579 Fifth Avenue, 14th Floor
New York, NY 10017
Tel: (212) 621-8239
Email: michael@leelawservices.com

*s/ Richard S. Mandaro*
Richard S. Mandaro