Michael Lee (ML 6353)
Lee Law PLLC
579 Fifth Avenue, 14th Floor
New York, NY 10017
Telephone: (212) 621-8239
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FOSSIL GROUP, INC. and MICHAEL KORS, L.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> ANGEL SELLER, LLC; ERIC STERNBERG; and JOHN DOES 2-5, <br><br> Defendant. | CASE NO.  1:20-cv-02441 (WFK)(JO) <br><br> **AMENDED COMPLAINT** |

Fossil Group, Inc. ("Fossil Group") and Michael Kors, L.L.C. (Michael Kors) (Fossil and Michael Kors are hereinafter collectively referred to as "Plaintiffs") by and through their attorneys of record, complaining of Defendant Angel Seller, LLC; Eric Sternberg; and John Does 2-5 (hereinafter collectively referred to as "Defendants") hereby allege as follows:

## STATEMENT OF THE CASE

1. Plaintiffs are the designer and distributor of some of the most iconic, world-famous, and recognizable time pieces in the world. Unfortunately, great success attracts clandestine companies and individuals unjustly enriching themselves by distributing cheap unauthorized imitation watches in order to fool unsuspecting consumers and the public.

2. This action concerns the offering for sale, actual sale, and other distribution of a significant amount of merchandise bearing counterfeits and infringements of Michael Kors' distinctive trademarks on watches made and distributed by Fossil Group. Plaintiffs are forced to

take action against Defendants who have failed to stop distributing their knock-off products despite being put on notice of their infringement, hiring legal counsel, communicating with Plaintiffs' legal representation about such infringement, and even the filing of the herein lawsuit, Defendants' infringement of the Michael Kors Trademarks is knowing and willful.

3.  By this conduct, Defendants have willfully infringed Michael Kors' valuable trademarks, creating a strong likelihood of confusion among consumers who expect that merchandise bearing marks confusingly similar to the Michael Kors' trademark is genuine Michael Kors product when it is not. Further, Defendants actions tarnish the goodwill associated with Fossil Group and with its watches.

4.  Plaintiffs have expended a great amount of resources working to create and distribute its luxury line of products and they are compelled to take action for (i) trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1114(a); (ii) federal trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); (iii) unfair competition, false designation or origin and false description in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and (v) unfair and deceptive business practices in violation of N.Y.Gen.Bus.L. § 349. The aforementioned conduct is causing monetary damage and other irreparable injuries to the general public and Plaintiffs.

## PARTIES

5.  Fossil Group, Inc. is a Delaware corporation with its principal place of business located at 901 South Central Expressway, Richardson, TX 75080.

6.  Michael Kors, L.L.C. is a Delaware limited liability company with its principal place of business located at 11 West 42nd Street, New York, NY 10036.

7.  Upon information and belief, defendant Angel Seller, LLC ("Angel Seller") is a

New York limited liability company with its principal place of business located at 2105 Flatbush Avenue, Suite 23, Brooklyn, NY 11234.

8. Upon information and belief, defendants Eric Sternberg ("Sternberg) is the owner of Angel Seller and therefore has the right and ability to control the actions of the corporate defendant. Sternberg resides at 245 E 84th Street, Unit 11D, New York, NY 10028.

9. The identity of John Does 2-5 are not currently known to Plaintiffs. These John Doe defendants are others associated with Angel Seller and Sternberg and their illegal activities. Plaintiffs will use its best efforts to identify these individuals, and upon further knowledge and investigation, Plaintiffs will amend their pleadings accordingly.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the federal trademark claims asserted in this action under 15 U.S.C. § 1121, and 28 U.S.C. § 1331 and 28 U.S.C. § 1338. This Court has supplemental subject matter jurisdiction over state law claims pursuant to 28 U.S. C. § 1367(a) in that the state law claims form part of the same case or controversy as the federal claims.

11. Defendant are subject to the Court's jurisdiction because they have committed the acts complained of herein in this District and do business in this District. Specifically, Defendant are selling Defendants' infringing products in this District.

12. Defendant are subject to the jurisdiction of this Court pursuant to and in accordance with Rule 4 of the Federal Rules of Civil Procedure.

13. Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b) (2) and (3).

**FACTUAL ALLEGATIONS**

A. **Fossil Group, Michael Kors, and the Michael Kors Trademark**

14. Fossil Group is a global design, marketing, distribution, and innovation company specializing in a variety of lifestyle accessories. Under a diverse portfolio of owned and licensed brands, Fossil Group makes fashion watches, jewelry, handbags, small leather goods and wearables. Fossil Group stores are operated in some of the most prestigious cities in the world with more than 284 stores in many different countries. Fossil Group owns a number of trademarks for brands used with watches, including but not limited to FOSSIL, MICHELE, RELIC, and SKAGEN. In addition, Fossil is licensed to manufacture, market, distribute and sell watches under a number of prestigious high quality fashion brands including but not limited to not limited to PUMA, Diesel, Emporio Armani, DKNY, Kate Spade New York, Tory Burch and Michael Kors, among others. Fossil Group has been licensed by Michael Kors to manufacture and distribute watches bearing the Michael Kors trademarks since 2004.

15. Michael Kors is a global, luxury, and lifestyle brand, founded in 1981, which designs, markets, and distributes a wide variety of high-quality merchandise including, but not limited to, apparel, handbags, wallets, watches, footwear, jewelry, and other accessories. Michael Kors stores are operated, either directly or through licensing partners, in some of the most prestigious cities in the world with more than 550 stores and 1,500 in-store boutiques in many different countries. Michael Kors has licensed the manufacturing and distributing of its watches to Fossil Group.

16. Since inception, Michael Kors has used the MICHAEL KORS trademark and trade name to distinguish its fine quality merchandise and licensed such use of its trademarks to Fossil Group with respect to watches. Throughout its storied history, Michael Kors has

4

expended great amounts of time, money, and effort advertising and promoting its trademarks globally, including throughout the United States and in this District. As a result of these investments and its widespread success, Michel Kors has developed considerable goodwill and a reputation for the highest quality products. Michael Kors has continuously used its trademarks to distinguish its products and uphold this reputation.

17. Michael Kors is the owner of various trademarks registered with the United States Patent and Trademark Office ("USPTO"). Such trademarks include, but are not limited to the following, among others:

| Trademark | USPTO Registration Number | Registration Date | Goods |
|---|---|---|---|
| MK MICHAEL KORS | 3,535,310 | 11/18/2008 | IC 014. US 002 027 028 050. G & S: watches. |
| MICHAEL KORS | 3,160,981 | 10/17/2006 | IC 014. US 002 027 028 050. G & S: Watches. |
| MICHAEL MICHAEL KORS | 4,052,752 | 11/08/2011 | IC 014. US 002 027 028 050. G & S: Jewelry and watches. |
| MICHAEL KORS ACCESS | 5,571,026 | 09/24/2018 | IC 009. US 021 023 026 036 038. G & S: Wireless communication devices featuring telecommunication functionality to allow the transmission of text, data, audio, image and video files; electronic monitoring devices comprised of microprocessors and accelerometers, for identifying, storing, reporting, monitoring, uploading and downloading data and information for personal physical fitness and training purposes; downloadable mobile applications and software for smart watches and mobile devices for processing, reviewing and editing data to |

5

| | | | |
|---|---|---|---|
| | | | enable users to control the presentation and information available from the devices; wearable sensors for personal physical fitness and training purposes to gather biometric data and also including monitors and displays sold as a unit; Smart watches comprised primarily of wristwatches and also featuring software for sending and receiving data or to be used to monitor personal fitness activity; wearable digital electronic devices comprised primarily of wristwatches, bracelets, rings, or necklaces and also featuring software for sending and receiving data or to be used to monitor personal fitness activity.<br><br>IC 010. US 026 039 044. G & S: Wearable sensors for health and wellness purposes to gather biometric data and also including monitors and displays sold as a unit.<br><br>IC 014. US 002 027 028 050. G & S: Jewelry.<br><br>IC 042. US 100 101. G & S: Software as a service featuring software to identify, store, report, monitor, upload and download data and information from a wearable digital electronic device. |
| MICHAEL KORS | 5,287,170 | 09/12/2017 | IC 009. US 021 023 026 036 038. G & S: Wireless communication devices featuring telecommunication functionality to allow the transmission of text, data, audio, image and video files; electronic monitoring devices comprised of microprocessors and accelerometers, for identifying, storing, reporting, monitoring, uploading and downloading data and information for personal physical fitness and training purposes; downloadable |

| | | | | |
|---|---|---|---|---|
| | | | | mobile applications and software for smart watches and mobile devices for processing, reviewing and editing data to enable users to control the presentation and information available from the devices; wearable sensors for personal physical fitness and training purposes to gather biometric data and also including monitors and displays sold as a unit; smart watches comprised primarily of wristwatches and also featuring software for sending and receiving data or to be used to monitor personal fitness activity; wearable digital electronic devices comprised primarily of wristwatches, bracelets, rings, or necklaces and also featuring software for sending and receiving data or to be used to monitor personal fitness activity.<br><br>IC 010. US 026 039 044. G & S: Wearable sensors for health and wellness purposes to gather biometric data and also including monitors and displays sold as a unit.<br><br>IC 014. US 002 027 028 050. G & S: Horological and chronometric instruments, watches, timepieces, watch straps, watch bands; jewelry.<br><br>IC 042. US 100 101. G & S: Software as a service featuring software to identify, store, report, monitor, upload and download data and information from a wearable digital electronic device. |
| JETMASTER | 4,771,775 | 07/14/2015 | | IC 014. US 002 027 028 050. G & S: Watches. |

(hereinafter collectively referred to as the "Michael Kors Trademarks").

18. The Michael Kors Trademarks are valid, in full force and effect, protectable, and exclusively owned by Michael Kors and licensed to Fossil Group. Michael Kors has continuously used the Michael Kors Trademarks during all time periods relevant to Plaintiffs' claims and Fossil Group has continuously used the Michael Kors Trademarks on its watches during all time periods relevant to Plaintiffs' claims

19. The Michael Kors Trademarks have been used regularly in interstate commerce, including within this District, to identify and distinguish Plaintiffs' high-quality watches manufactured by Fossil Group.

20. Due to the overwhelming amount of resources exhausted by Plaintiffs in order to create, protect, enforce, and promote the Michael Kors Trademarks, the Michael Kors Trademarks have achieved secondary meaning as identifiers of high-quality watches.

21. The Michael Kors Trademarks are well-known and recognized around the world and throughout the United States by consumers as signifying authentic, high quality Michael Kors products. As such, the Michael Kors Trademarks qualify as famous marks as the term is used in 15 U.S.C. § 1125(c)(1) and achieved such fame prior to Defendants' conduct that is the subject of this Complaint.

### B. Defendants' Unauthorized Activities

22. Upon information and belief, Defendants are offering for sale, selling, and using in interstate commerce watches bearing counterfeits and infringements of the Michael Kors Trademarks (the "Infringing Products").

23. Defendants are the distributors of an abundance of Infringing Products and have a vast knowledge of Plaintiffs and their watches. Furthermore, Defendants were specifically put on notice about their illegal activities but continued to sell such illicit watches. Defendants are

therefore willful infringers of the Michael Kors Trademarks causing irreparable harm to Plaintiffs and the unsuspecting public who are being defrauded into purchasing such illegal merchandise.

24. Defendant have been offering for sale and selling a large amount of Infringing Products on the [Amazon.com](Amazon.com) website ("Amazon"), among other places, using the "Angel Seller" seller name, causing Plaintiffs to investigate such activities.

25. As of the filing of this lawsuit, according to its Amazon storefront, over the last one (1) year, the "Angel Seller" Amazon seller has sold over 3,000 items through their Amazon online storefront. At least three percent (3%) of the feedback left for those items are negative, with several referencing purchases of as "fakes", "poorly made", "not authentic", "knock offs", or otherwise defective.

26. Defendants were therefore put on prior notice of this infringement by their customers and have knowingly continued to distribute Infringing Products.

27. In August 2019, Fossil Group's agent made a purchase from the "Angel Seller" Amazon seller of a "Michael Kors" watch ("Purchase").

28. Subsequently, Fossil Group received and reviewed the Purchase and confirmed that the Purchase was not authentic Michael Kors merchandise and did, in fact, bear counterfeits and infringements of the Michael Kors Trademarks.

29. Following this purchase, the Infringing Product was reported to Amazon, who then notified the seller of this report.

30. Despite being put on full notice by Amazon, the "Angel Seller" Amazon seller continued to sell Infringing Products.

9

31. On or about January 22, 2020, Fossil Group sent Defendants a cease and desist letter, putting them on specific notice of their illegal activities, demanding that they immediately cease the sale of any Infringing Products, and comply with further demands. Defendant responded by notifying Plaintiffs that the letter was forwarded to their attorney.

32. On or about January 30, 2020, Fossil Group's attorney was contacted by Mark Berkowitz of Amster Rothstein & Ebenstein LLP on behalf of the corporate defendant. Fossil Group's attorney supplied Mr. Berkowitz evidence of his client's counterfeiting and infringing behavior.

33. Despite the cease and desist letter and despite retaining a seasoned counterfeiting law firm, Defendants' sales of Infringing Products continued.

34. In February 2020, Fossil Group's agents made four (4) separate purchase of four (4) different models of "Michael Kors" watches from the "Angel Seller" Amazon user ("2020 Purchases").

35. Subsequently, Fossil Group received and reviewed the 2020 Purchases and confirmed that the 2020 Purchases were not authentic Michael Kors merchandise and did, in fact, bear counterfeits and infringements of the Michael Kors Trademarks.

36. On or about April 1, 2020, Mr. Berkowitz was informed by Fossil Group's attorney of the 2020 Purchases and that his clients continued to distribute Infringing Products.

37. Despite this, Defendants continued to offer for sale and sell Infringing Products.

38. Based upon the consistent negative feedback of their products from buyers on Amazon, the information supplied to Defendants in Fossil Group's cease and desist letter, and conversations by Fossil Group's attorney with defense counsel, Defendants were fully aware of

their illegal activities and it is clear that Defendants' infringement of the Michael Kors Trademarks is willful. Therefore, Plaintiffs were compelled to file the herein action.

39. <u>Even despite the filing of the herein action, Defendants offer for sale and sales of Infringing Products has continued unabashedly.</u>

40. On or about September 22, 2020, over three (3) months since this lawsuit was filed, Fossil Group's agent went to Defendants' "Angel Seller" store located on the newegg.com website and made a purchase of a "Michael Kors Darci Glitz Rose Gold Womens (sic) Watch MK3192" for $119.99 ("New Egg Purchase")

41. Subsequently, Fossil Group received and reviewed the New Egg Purchase and confirmed that the New Egg Purchase was not authentic Michael Kors merchandise and did, in fact, bear counterfeits and infringements of the Michael Kors Trademarks.

42. Defendants willful infringement of the Michael Kors Trademarks hasn't ceased despite Plaintiffs' numerous requests and the filing of a lawsuit.

43. During the course of this litigation, in response to discovery requests, the corporate defendant disclosed that Sternberg is the sole owner and employee of the corporate defendant. Therefore, Sternberg is responsible for the purchase, the offer for sale, and sale of Infringing Products. Accordingly, Sternberg is directly involved with the unauthorized activities described herein and personally, either directly, contributorily, or vicariously, liable for the infringement of the Michael Kors Trademarks.

44. Defendants' offer for sale and sale of the Infringing Products constitutes an illegal use in commerce of the Michael Kors Trademarks in connection with the sale, offering for sale, or distribution of the Infringing Products.

45. The Infringing Products offered for sale and sold by Defendants were not manufactured, authorized, or sponsored by Plaintiffs. Thus, consumers will be confused and disappointed by the differences between the Infringing Products distributed by Defendants and the genuine Michael Kors merchandise manufactured and sold by Fossil Group.

46. As a result of Defendants' actions, Plaintiffs are losing profits from lost sales of genuine product, suffering a loss of enormous goodwill created in its Michael Kors Trademarks and in Fossil Group, and will continue to suffer such loss if Defendants are allowed to continue their illegal activity.

47. Upon information and belief, Defendants have knowingly and willfully engaged in their illicit activities in direct violation of Plaintiffs' rights and/or has shown a blatant disregard for the same. For these reasons, this qualifies as an exceptional case under 15 U.S.C. § 1117(a).

48. Plaintiffs have suffered irreparable injury as a direct and proximate result of Defendants' wrongful distribution of the Infringing Products.

49. Plaintiffs have no adequate remedy at law.

50. Defendants' unlawful acts will undoubtedly persist without judicial intervention. As such, Defendants must be restrained and enjoined from further violating Plaintiffs' well-established rights in and to the Michael Kors Trademarks.

**FIRST CLAIM FOR RELIEF**
**(Trademark Counterfeiting, 15 U.S.C. § 1114)**

51. Plaintiffs hereby reallege and incorporate by reference all prior allegations as set forth in Paragraphs 1 through 50.

52. Defendants have knowingly, intentionally, and without the consent of Plaintiffs

used in commerce reproductions, counterfeits, and/or copies and/or spurious designations that are identical with, or substantially indistinguishable from the Michael Kors Trademarks in connection with the sale, offering for sale, distribution, or advertising of goods covered by USPTO registrations for the Michael Kors Trademarks. Such use is likely to: cause confusion or mistake or deceive consumers; cause consumers to believe Defendants' counterfeit merchandise is affiliated with, sponsored by, authorized or approved by, or is otherwise associated with Plaintiffs despite the fact that it is not.

53. Defendants have intentionally used these reproductions, counterfeits, and/or copies and/or spurious designations that are identical with, or substantially indistinguishable from the Michael Kors Trademarks, knowing they are counterfeit, in connection with the advertisement, promotion, sale, offering for sale, and distribution of goods.

54. Defendants' use of the Michael Kors Trademarks to advertise, promote, offer for sale, distribute and sell goods bearing counterfeits was and is without the consent of Plaintiffs.

55. Defendants' use of the counterfeit marks was willful and done with the knowledge that the marks are counterfeit, and as such, Defendants' acts constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

56. Defendants' acts constitute use in commerce of the Michael Kors Trademarks.

57. For the aforementioned reasons, Plaintiffs are entitled to: (a) damages for all of Defendants' profits derived from their unlawful conduct and/or Plaintiffs' lost profits from sales of genuine goods due to Defendants' conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. § 1117(a)-(b), or alternatively, statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act; and (b) reasonable attorneys' fees, investigative fees, and pre-

judgment interest according to 15 U.S.C. § 1117(b).

58. Plaintiffs have no adequate remedy at law for Defendants' ongoing wrongful conduct. Plaintiffs have been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## SECOND CLAIM FOR RELIEF
### (Trademark Infringement, 15 U.S.C. § 1114)

59. Plaintiffs hereby reallege and incorporate by reference all prior allegations as set forth in Paragraphs 1 through 50.

60. Based on Plaintiffs' extensive advertising under the Michael Kors Trademarks, its extensive sales and the wide popularity of Michael Kors products, the Michael Kors Trademarks have acquired secondary meaning such that any product and advertisement bearing such trademarks is immediately associated by purchaser and the public as being a product and affiliate of Plaintiffs.

61. Defendants' activities constitute Defendants' use in commerce of the Michael Kors Trademarks. Defendants use the Michael Kors Trademarks in connection with Defendants' sale, offers for sale, distribution, promotion, and advertisement of their goods bearing infringements and/or counterfeits of the Michael Kors Trademarks.

62. Defendants have used the Michael Kors Trademarks, knowing that they are the exclusive property of Plaintiffs, in connection with their sale, offers for sale, distribution, promotion, and advertisement of their goods bearing counterfeits or infringements of the Michael Kors Trademarks.

63. Defendants' activities create the false and misleading impression that Defendants are sanctioned, assigned, or authorized by Plaintiffs to use the Michael Kors Trademarks to advertise, manufacture, distribute, offer for sale, or sell goods bearing the Michael Kors

Trademarks when Defendants are not so authorized.

64. Defendants engage in the aforementioned activity with the intent to confuse and deceive the public into believing that they and the goods they sell are in some way sponsored, affiliated, or associated with Plaintiffs, when in fact they are not.

65. Defendants' use of the Michael Kors Trademarks has been without the consent of Plaintiffs, is likely to cause confusion and mistake in the minds of the public and, in particular, tends to and does falsely create the impression that the goods advertised, promoted, distributed, and sold by Defendants are warranted, authorized, sponsored, or approved by Plaintiffs when, in fact, they are not.

66. Defendants' unauthorized use of the Michael Kors Trademarks has resulted in Defendants unfairly benefiting from Plaintiffs' advertising and promotion, and profiting from the reputation of Plaintiffs and the Michael Kors Trademarks, to the substantial and irreparable injury of the public, Plaintiffs, and the Michael Kors Trademarks and the substantial goodwill represented thereby.

67. Defendants' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

68. By reason of the foregoing, Defendants are liable to Plaintiffs for: (a) an amount representing three (3) times Plaintiffs' damages and/or Defendants' illicit profits; and (b) reasonable attorneys' fees, investigative fees, and pre-judgment interest pursuant to 15 U.S.C. § 1117.

69. Plaintiffs have no adequate remedy at law for Defendants' ongoing wrongful conduct. Plaintiffs have been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## THIRD CLAIM FOR RELIEF
**(Unfair Competition, False Designation of Origin & False Description, 15 U.S.C. § 1125(a))**

70. Plaintiffs hereby reallege and incorporate by reference all prior allegations as set forth in Paragraphs 1 through 50.

71. Defendants' sale, offering for sale, distribution, or advertising of goods bearing the Michael Kors Trademarks constitutes use in commerce of false designations of origin and false and misleading descriptions and representations that Defendants' counterfeit merchandise is affiliated with, sponsored by, authorized or approved by, or is otherwise associated with Plaintiffs despite the fact that it is not. As a result of Defendants' unauthorized use of the Michael Kors Trademarks, the public is likely to be misled and confused as to the source, sponsorship, or affiliation of Defendants' counterfeit merchandise.

72. Defendants' sale, offering for sale, distribution, or advertising of goods bearing the Michael Kors Trademarks constitutes unfair competition as it is intended to cause confusion and deceive consumers and trades upon the established reputation and goodwill of Plaintiffs.

73. Defendants' conduct is willful, intended to reap the benefit of Plaintiffs' established goodwill, and violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), all to the severe detriment of Plaintiffs.

74. Defendants' acts entitle Plaintiffs to damages for all of Defendants' profits derived from their past unlawful conduct and/or for all of Plaintiffs' lost profits from lost sales of genuine goods due to Defendants' conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. §1117(a)-(b), or in the alternative to statutory damages under Section 35(c) of the Lanham Act, 15 U.S.C. §1117(c).

75. Plaintiffs have no adequate remedy at law for Defendants' ongoing wrongful conduct. Plaintiffs have been, and absent injunctive relief will continue to be, irreparably harmed

by Defendants' actions.

## FOURTH CLAIM FOR RELIEF
### (Federal Trademark Dilution, 15 U.S.C. § 1125(c))

76. Plaintiffs hereby reallege and incorporate by reference all prior allegations as set forth in Paragraphs 1 through 50.

77. Defendants' use of the Michael Kors Trademarks or marks confusingly similar thereto in order to sell their products constitutes Defendants' commercial use in commerce of the Michael Kors Trademarks.

78. The Michael Kors Trademarks are world famous and distinctive. They achieved such status long prior to Defendants' activities complained of herein.

79. Defendants' use of the Michael Kors Trademarks on the Internet to advertise unauthorized merchandise constitutes tarnishment of the Michael Kors Trademarks.

80. Plaintiffs are suffering and will continue to suffer irreparable harm from Defendants' dilutive activities.

81. Defendants' acts as aforesaid are diluting the distinctive quality of the Michael Kors Trademarks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

82. Defendant have intentionally and willfully appropriated the Michael Kors Trademarks and traded on Plaintiffs' reputations.

83. Defendants' wrongful acts of dilution will continue unless enjoined by this Court.

## FIFTH CLAIM FOR RELIEF:
### UNFAIR AND DECEPTIVE BUSINESS PRACTICES
### (N.Y. Gen. Bus. L. § 349)

84. Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 50 of this Complaint.

85. The wrongful conduct of Defendants, including but not limited to the distribution of Infringing Product, is deceptive trade practices under New York General Business Law § 349.

86. This wrongful conduct was consumer-oriented within the meaning of Section 349 as it is the intent of Defendants to distribute Infringing Products into the marketplace and therefore harm the general consuming public.

87. Because of this deceptive conduct, Plaintiffs have been and will continue to be damaged both monetarily and in ways impossible to remedy through monetary judgment.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully request that the Court order the following relief:

I. That the Court enter an injunction ordering that Defendant, their agents, servants, employees, and all other persons in privity or acting in concert with them be enjoined and restrained from:

a) using any counterfeit or infringement of the Michael Kors Trademarks to identify any goods not authorized by Plaintiffs;

b) counterfeiting or infringing the Michael Kors Trademarks by importing, manufacturing, distributing, selling, offering for sale, advertising, promoting, displaying any products bearing any simulation, reproduction, counterfeit, or copy of the Michael Kors Trademarks;

c) using any simulation, reproduction, counterfeit, or copy of the Michael Kors Trademarks in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiffs, or to any goods sold, manufactured, sponsored or approved by, or connected with Plaintiffs,

d) making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services provided, products manufactured, distributed, sold or offered for sale, or rented by Defendant are in any way associated or connected with Plaintiffs;

e) engaging in any other conduct constituting an infringement of the Michael Kors

    Trademarks, of Plaintiffs' rights in, or to use or to exploit, said trademark, or constituting any weakening of Plaintiffs' names, reputations and goodwill.

    II.    That Defendant be required to deliver to Plaintiffs for destruction all unauthorized materials bearing any of the Michael Kors Trademarks in association with unauthorized goods and the means for production of same pursuant to 15 U.S.C. § 1118.

    III.    Requiring Defendant to pay to Plaintiffs such damages for all of Defendants' profits derived from their unlawful conduct and/or Plaintiffs' lost profits from sales of genuine goods due to Defendants' infringement, counterfeiting, false designation of origin, unfair competition trebled to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. § 1117(a)-(b), or alternatively, statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act.

    IV.    Ordering that Defendant compensate Plaintiffs for the costs of this action, reasonable attorneys' fees, investigative fees and pre-judgment interest according to 15 U.S.C. § 1117(b).

    V.    Plaintiffs be awarded their actual damages and attorneys' fees pursuant to N.Y. Gen. Bus. L. § 349.

    VI.    Defendant be required to pay pre-judgment interest on all damages and profits awards.

    VII.    Directing that this Court retain jurisdiction of this action for the purpose of enabling Plaintiffs to apply to the Court at any time for such further orders and interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

    VIII.    Ordering that pursuant to 11 U.S.C. § 523(a)(6), Defendant be prohibited from a discharge under 11 U.S.C. § 727 for malicious, willful, and fraudulent injury to Plaintiffs.

IX.     Awarding to Plaintiffs such other and further relief as the Court may deem just and proper, together with the costs and disbursements that Plaintiffs have incurred in connection with this action.

                                      **LEE LAW PLLC**

Dated: November 13, 2020     _____
                                      Michael Lee (ML 6353)
                                      Lee Law PLLC
                                      579 Fifth Avenue
                                      14th Floor
                                      New York, NY 10017
                                      Telephone: (212) 621-8239

                                      *Attorneys for Plaintiffs*