UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FOSSIL GROUP INC.; MICHAEL KORS, LLC,                 :
                                                                                       :
                       Plaintiffs,                                                :
                                                                                       :         **ORDER**
            v.                                                                       :         20-CV-2441 (WFK) (TAM)
                                                                                       :
ANGEL SELLER, LLC; ERIC STERNBERG;          :
JOHN DOES 2-5,                                                            :
                                                                                       :
                       Defendants.                                          :
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:** Fossil Group, Inc. and Michael Kors, LLC ("Plaintiffs") bring this action against Angel Seller LLC and others ("Defendants") claiming that Defendants are selling counterfeit watches that infringe upon Michael Kors' trademarks through Defendant Angel Seller's Amazon.com store front. Amended Complaint ("Am. Compl."), ECF No. 16, ¶¶ 1–2, 22–24. Following the filing of the Complaint that initiated this case on June 2, 2020, Plaintiffs filed an Amended Complaint on November 13, 2020. *See* ECF Nos. 1, 16. In response, Defendants first filed an Answer to the Amended Complaint on December 11, 2020, and then an Amended Answer on January 4, 2021. *See* ECF Nos. 19, 21. Plaintiffs moved to strike the Amended Answer, arguing it was untimely and that Defendants' counterclaims should be dismissed. ECF No. 30. On July 30, 2021, this Court referred Plaintiffs' Motion to Strike Defendants' Amended Answer to the Honorable Magistrate Judge Taryn A. Merkl for a Report and Recommendation. *See* ECF No. 60. On August 27, 2021, Judge Merkl recommended Plaintiffs' motion be denied in part and that Defendants should be granted leave to amend as to one of their proposed counterclaims under Federal Rule of Civil Procedure 15(a)(2). Both parties objected. *See* ECF Nos. 76, 78, 95, 98. For the reasons set forth below, the Report & Recommendation is ADOPTED in its entirety. Accordingly, (1) Plaintiffs' Motion to Strike is DENIED; (2) Defendants are DENIED leave to file Counterclaims One (declaratory judgment), Two (Lanham Act), and Three (tortious interference); and (3) Defendants are GRANTED leave to file Counterclaim Four (defamation).

**BACKGROUND**

A detailed factual and procedural background of this case is set forth in Magistrate Judge Merkl's Report and Recommendation. ECF No. 68 (the "R&R"). Fossil Group, Inc. and Michael Kors, LLC ("Plaintiffs") bring this action against Angel Seller LLC and others ("Defendants") claiming that Defendants are selling counterfeit watches that infringe upon

1

Michael Kors' trademarks through Defendant Angel Seller's Amazon.com store front. Amended Complaint ("Am. Compl."), ECF No. 16, ¶¶ 1–2, 22–24. Following the filing of the Complaint that initiated this case on June 2, 2020, Plaintiffs filed an Amended Complaint on November 13, 2020. *See* ECF Nos. 1, 16. In response, Defendants first filed an Answer to the Amended Complaint on December 11, 2020, and then an Amended Answer on January 4, 2021. *See* ECF Nos. 19, 21. Plaintiffs moved to strike the Amended Answer, arguing that it was untimely and that Defendants' counterclaims should be dismissed. ECF No. 30. On July 30, 2021, this Court referred Plaintiffs' Motion to Strike Defendants' Amended Answer (the "motion") to the Honorable Magistrate Judge Taryn A. Merkl for a Report and Recommendation. *See* ECF No. 60. On August 27, 2021, Judge Merkl recommended Plaintiffs' motion be denied in part and that Defendants should be granted leave to amend as to one of their proposed counterclaims under Federal Rule of Civil Procedure 15(a)(2). Both parties objected. *See* ECF Nos. 76, 78. For the reasons set forth below, the Report & Recommendation is ADOPTED in its entirety. Accordingly, (1) Plaintiffs' Motion to Strike is DENIED; (2) Defendants are DENIED leave to file Counterclaims One (declaratory judgment), Two (Lanham Act), and Three (tortious interference); and (3) Defendants are GRANTED leave to file Counterclaim Four (defamation).

## LEGAL STANDARD

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties must serve and file any written objections to the proposed findings and recommendations within fourteen days of being served with a copy of such proposed findings and recommendations. *Id*. A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

objection is made." *Id*. Objections to a report and recommendation must be "specific and are to address only those portions of the proposed findings to which the party objects." *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (Owen, J.) (internal quotation marks and citation omitted). However, objections that are "merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke de novo review of the magistrate's recommendations." *Vega v. Artuz*, 97-CV-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (Swain, J.) (italics omitted) *see also Assenheimer v. Comm'r of Soc. Sec.*, 13-CV-8825, 2015 WL 5707164, at *2 (S.D.N.Y. Sept. 29, 2015) (Ramos, J.) (same); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (Holwell, J.) (same).

## APPLICATION

Plaintiffs contend that the Amended Answer is untimely and fails to state plausible counterclaims. Accordingly, Plaintiffs moved to dismiss Defendants' counterclaims under Rule 12(b)(6). Mot. to Dismiss, ECF No. 30-6, at 4. Judge Merkl recommends the motion to dismiss be construed as a response to a motion to amend and that Defendants should be granted leave to file one of their four counterclaims. Specifically, Judge Merkl recommends Defendants should be denied leave to file the declaratory judgment, Lanham Act, and tortious interference counterclaims, but that the defamation counterclaim is adequately pled and should be permitted, in part.

On September 10, 2021, Plaintiffs filed an objection arguing: (1) the R&R failed to address the *Noerr-Pennington* doctrine, which bars Defendants' defamation counterclaim premised on Fossil's infringement notices submitted in good faith to protect registered trademark rights using Amazon's well-known online procedures; and (2) Defendants' defamation

counterclaim fails under the common interest privilege. ECF No. 76 ("Pls. Obj."). That same day, Defendant filed an objection arguing: (1) the R&R's sua sponte reliance on arguments not raised by the parties was improper; and (2) Defendant's counterclaims were adequately pled. ECF No. 78 ("Defs. Obj."). The Court has reviewed the parties' objections and finds them to be without merit. This Court will take each parties' objections in turn.

### I. Plaintiffs' Objections are Overruled

Firstly, this Court agrees with Magistrate Judge Merkl's decision not to address the *Noerr-Pennington* doctrine. Plaintiffs' motion was fully briefed on March 29, 2021. Plaintiffs did not raise the applicability of the *Noerr-Pennington* doctrine until August 19, 2021, in a brief providing the Court with notice of supplemental authority. ECF No. 65. The Second Circuit has made clear it disfavors new issues being raised in reply papers. *Rowley v. City of New York*, 00-CV-1793, 2005 WL 2429514, at *5 (S.D.N.Y. Sept. 30, 2005) (Batts, J.) (collecting cases). Further, in this Circuit, arguments raised for the first time in papers submitted after the parties' initial briefing "need not be considered." *United States v. Strock*, 15-CV-0887, 2018 WL 647471, at *5 (W.D.N.Y. Jan. 31, 2018) (Geraci, C.J.) (internal citations omitted). This Court therefore agrees with Magistrate Judge Merkl that Plaintiffs' arguments regarding the application of the *Noerr-Pennington* doctrine should not have been considered. Accordingly, this objection is overruled.

Next, the Court addresses Plaintiffs' objection that Defendants' defamation counterclaim fails under the common interest privilege. Plaintiffs note in their own objection that this claim was not raised in Plaintiffs' prior three-page submission "due to page constraints and the complexity and breadth of the other issues presented." Pls Obj. at 8. It is well settled that parties may not raise new arguments in objections that were not raised before the Magistrate Judge. *See*

4

*Abu–Nassar v. Elders Futures, Inc.,* 1994 WL 445638, at *4 n. 2 (S.D.N.Y.1994) (Leisure, J.) (refusing to entertain new arguments not raised before Magistrate Judge and holding that to do otherwise "would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Report is issued to advance additional arguments") (citations omitted); *Neal v. Apfel,* 1998 WL 135806, at *1 (W.D.N.Y.1998) (Elfvin, J.); *United States v. Walker,* 1994 WL 759866, at *2 (W.D.N.Y.1994) (Skretny, J.) ("In conducting a de novo review, a district court will ordinarily not consider legal arguments and/or evidentiary material which could have been, but were not, presented to the magistrate judge.") (citations omitted); *accord Pan American World Airways, Inc. v. Int'l Brotherhood of Teamsters,* 894 F.2d 36, 40 n. 3 (2d Cir. 1990). Accordingly, this objection is overruled.

## II. Defendants' Objections are Overruled

Defendant's objection that their counterclaims were adequately pled asks this Court to rehash the same arguments set forth by the parties in their original briefing. This is insufficient to invoke de novo review of Judge Merkl's recommendations. Given the perfunctory nature of this objection, this Court reviews for clear error and having found none, adopts the conclusions of the R&R that three of four of Defendant's counterclaims were inadequately pled.

Finally, this Court considers Defendant's objection that the R&R's sua sponte reliance on arguments not raised by the parties was improper. Defendant points out that the R&R acknowledged the shortcomings of Plaintiffs' primary argument offered in support of dismissal of the counterclaims, but nonetheless went on to conduct an independent assessment of the merits of Defendants' counterclaims. Defendants object to the fact that the R&R's "conclusions are based primarily on ***arguments that were never raised*** by Plaintiffs." Defs. Obj. at 8 (emphasis in original). This argument is similarly without merit. First, a dismissal of the

5

counterclaims would not technically be sua sponte, as Plaintiff did move to dismiss the counterclaims. Nevertheless, a district court has inherent authority to dismiss causes of action that "lack[] an arguable basis either in law or in fact" without motion from the party. *Combier v. Portelos*, 17-CV-2239, 2018 WL 4678577, at *7 (E.D.N.Y. Sept. 29, 2018) (Brodie, J.), *aff'd*, 788 F. App'x 774 (2d Cir. 2019) (internal citations omitted) (dismissing counterclaims as frivolous); *see also GuideOne Specialty Mut. Ins. Co. v. Congregation Bais Yisroel*, 381 F. Supp. 2d 267, 282 (S.D.N.Y. 2005) (McMahon, J.) (dismissing counterclaim sua sponte for legal insufficiency); *BL Rest. Operations, LLC v. 701 Am., Inc.*, 11-CV-6285, 2012 WL 463826, at *1 (S.D.N.Y. Feb. 14, 2012) (Forrest, J.) (sua sponte dismissing counterclaims); *United States v. Colonial Bank & Tr. Co.*, 1979 WL 1479, at *5 (D. Conn. Sept. 12, 1979) (Burns, J.) (same).

A *de novo* review of the R&R reveals that Magistrate Judge Merkl properly considered all evidence submitted and all arguments raised by the parties, properly applied the relevant law, and ultimately reached the right conclusion – that three of Defendants' four counterclaims were meritless and should be dismissed. Accordingly, the Court hereby OVERRULES this objection and ADOPTS the R&R in its entirety.

## CONCLUSION

For the reasons set forth above, the objections of both parties are overruled, and the Report and Recommendation of Magistrate Judge Merkl is adopted in its entirety. ECF No. 68. Accordingly, (1) Plaintiffs' Motion to Strike is DENIED; (2) Defendants are DENIED leave to file Counterclaims One (declaratory judgment), Two (Lanham Act), and Three (tortious interference); and (3) Defendants are GRANTED leave to file Counterclaim Four (defamation). ECF No. 30. Defendants shall file their amended counterclaim, if any, in accordance with any briefing schedule set by Magistrate Judge Merkl.

                                                **SO ORDERED.**

                                                s/ WFK

                                         _____
                                         HON. WILLIAM F. KUNTZ, II
                                         UNITED STATES DISTRICT JUDGE

Dated: October 4, 2021
       Brooklyn, New York