UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FOSSIL GROUP, INC. and MICHAEL
KORS, L.L.C.,

                                Plaintiffs,

              v.

ANGEL SELLER LLC; ERIC STERNBERG,
and JOHN DOES 2-5,

                                Defendants.

**MEMORANDUM & ORDER**
20-CV-02441 (HG) (TAM)

**HECTOR GONZALEZ**, United States District Judge:

On July 27, 2022, Defendant Angel Seller, LLC ("Defendant") filed a motion for

reconsideration ("Motion") of the Court's October 4, 2021, Order, ECF No. 103, adopting the

Report and Recommendation of the Magistrate Judge and dismissing Defendant's counterclaim

for tortious interference with contract and business relations.  ECF No. 201.  Presently before the

Court is Defendant's Motion, Plaintiffs' opposition to Defendant's Motion, and Defendant's

Reply.  ECF Nos. 201, 204, 208.  For the reasons set forth below, Defendant's Motion is denied.

The Court foregoes a recitation of the procedural history and facts of this case, which

have been set forth in the Court's Order dated October 4, 2021, *see* ECF No. 103, and in the

Magistrate Judge's Report and Recommendation, *see* ECF No. 68.

**STANDARD OF REVIEW**

The standard for granting a motion for reconsideration is "strict" and reconsideration will

"generally be denied unless the moving party can point to controlling decisions or data that the

court overlooked . . . ."  *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021); *see also*

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) ("The major

grounds justifying reconsideration are an intervening change of controlling law, the availability

of new evidence, or the need to correct a clear error or prevent manifest injustice.") (internal

quotation marks omitted).  It is within the district court's discretion to decide whether to grant a

motion for reconsideration.  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

A motion for reconsideration "is to be narrowly construed and strictly applied so as to

avoid repetitive arguments on issues that have been fully considered by the court" and should not

be used as a substitute for appeal.  *T.Z. v. City of New York*, 634 F. Supp. 2d 263, 268 (E.D.N.Y.

2009) (citation omitted).  Furthermore, "[a] motion for reconsideration is not intended as a

vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant

failed to advance in connection with the underlying motion."  *Wyche v. KM Sys., Inc.*, No. 19-cv-

7202, 2021 WL 1535529, at *1 (E.D.N.Y. Apr. 19, 2021) (citation omitted)).  To justify

reconsidering a previous decision, "the Court must have a clear conviction of error on a point of

law that is certain to recur."  *Fairbank Reconstruction Corp. v. Greater Omaha Packing Co.*, No.

13-cv-907S, 2020 WL 7427025, at *6 (W.D.N.Y. Dec. 18, 2020) (citation omitted).

## DISCUSSION

Defendant requests that this Court reconsider its decision to dismiss Defendant's tortious

interference with contract and business relations counterclaim because of the Second Circuit's

decision in *Global Supplies NY, Inc. v. Electrolux Home Products, Inc.*, No. 21-674, 2022 WL

815795 (2d Cir. Mar. 18, 2022).  *Global Supplies* reversed a dismissal of a tortious interference

counterclaim, and according to Defendant, found "identical allegations regarding intellectual

property reports to Amazon to have sufficiently pled a tortious interference claim."  ECF No.

201-1 at 2.  For the reasons set forth below, the Court concludes that Defendant has failed to

provide any basis warranting the reconsideration of the Court's October 4, 2021, Order.

**A.  Defendant Has Not Identified Controlling Legal Authority**

*Global Supplies* is a summary order which does not have precedential effect.  *See* Local Rules and Internal Operating Procedures of the Second Circuit 32.1.1(a) ("Rulings by summary order do not have precedential effect."); *see also Hoefer v. Bd. of Educ. of the Enlarged City Sch. Dist.*, 820 F.3d 58, 65 (2d Cir. 2016) (rejecting appellees' reliance on an unpublished summary order because "an unpublished summary order . . . is not precedential").  Courts in this Circuit have denied motions for reconsideration that are based on unpublished summary orders because they do not represent a change in controlling law.[1]  *See, e.g., Hastings Dev., LLC v. Evanston Ins. Co.*, No. 14-cv-6203, 2016 WL 3632708, at *6 (E.D.N.Y. June 29, 2016) (rejecting defendant's reliance on summary order because it did not represent an "intervening change of controlling law that warrant[s] reconsideration"); *No Hero Enters. B.V. v. Loretta Howard Gallery Inc.*, No. 13-cv-8464, 2014 WL 10936545, at *1 (S.D.N.Y. May 28, 2014) (denying motion for reconsideration based on an unpublished summary order because it had no precedential effect).   Defendant has not identified controlling legal authority warranting reconsideration.

**B.  Defendant's Motion is Untimely**

The *Global Supplies* summary order was issued in March 2022:  Defendant had more than four months to file its motion for reconsideration, but failed to do so.  While this Court appreciates that courts in this district have granted motions for reconsideration months or years after the original order, the cases cited by Defendant, *see* ECF No. 208 at 8, are inapposite.  *See*

---

[1]      In his Reply, Defendant cites to *Norton v. Town of Brookhaven*, 47 F. Supp. 3d 152, 156 (E.D.N.Y. 2014) for the proposition that a court in this district has granted a motion for reconsideration based on non-precedential summary orders.  *See* ECF No. 208 at 8.  While true that the Court in *Norton* cites to a summary order, that summary order is directly quoting a *controlling* Second Circuit decision.  *See Norton*, 47 F. Supp. 3d at 156.

*Norton v. Town of Islip*, No. 04-cv-3079, 2013 WL 84896, at *5–6 (E.D.N.Y. Jan. 7, 2013)
(granting motion for reconsideration on the basis of overlooked *controlling* authority); *Cobalt
Multifamily Invs. I, LLC v. Shapiro*, No. 06-cv-6468, 2009 WL 2058530, at *4–7 (S.D.N.Y. July
15, 2009) (granting motion for reconsideration on the basis of a change in *controlling* authority);
*Tran v. Tran*, No. 91-cv-6818, 1998 WL 19996, at *1, 3–4 (S.D.N.Y. Jan. 21, 1998) (granting
motion for reconsideration on the basis of newly discovered evidence of corruption).  The Court
has discretion to consider the timeliness of Defendant's motion.  *See Vornado Realty Trust v.
Castlton Env't Contractors*, No. 08-cv-4823, 2013 WL 5719000, at *3 (E.D.N.Y. Oct. 18, 2013)
(finding that a motion for reconsideration should be denied "if the movant had the opportunity to
present the evidence or litigate the issue earlier but did not do so, either because of inadvertence
or as a strategic maneuver").  Defendant provides no explanation for not presenting this motion
earlier.  Accordingly, the Court denies Defendant's Motion for this reason as well.

### C.  Defendant Presents No Need to Correct a Clear Error or Prevent Manifest Injustice

 To the extent that Defendant raises issues not previously litigated and contends that there
is a "need to correct a clear error or prevent manifest injustice," *Virgin Atl. Airways, Ltd.*, 956
F.2d at 1255, the Court considers his arguments but denies reconsideration.

Defendant claims that he is not rehashing arguments previously raised because he seeks
reconsideration based on the *Global Supplies* decision, which according to Defendant, "confirms
that this Court overlooked controlling case law and allegations in [Defendant's] counterclaims
that showed that . . . a tortious interference claim was adequately pled."  ECF No. 208 at 12.  The
Court disagrees with Defendant's characterization:  the *Global Supplies* decision concludes that a
district court erred in characterizing a tortious interference claim as a defamation claim because
the claim alleged "the direct and proximate cause of the *termination* of its business relationship

with Amazon was that Global Supplies was a target of a sufficient number of unretracted intellectual property complaints." *Global Supplies*, 2022 WL 815795, at *3 (emphasis added). Contrary to Defendant's assertion, *see* ECF No. 208 at 15, the *Global Supplies* decision is not an intervening change of controlling law to the effect that any allegation of "direct interference" satisfies the pleading requirement for a tortious interference claim. In fact, the decision emphasizes the termination of plaintiff's relationship with Amazon. *Global Supplies*, 2022 WL 815795, at *3 ("[Global Supplies] alleges . . . that Amazon itself cited Electrolux's IP Complaint and Global Supplies's failure to get Electrolux to withdraw the IP Complaint as reason for Global Supplies's expulsion from the Amazon platform."). Here, Defendant's business relationship with Amazon was not terminated.

While Defendant references a recent decision in this District for the proposition that "the injury required to support a claim for tortious interference under New York law . . . is not limited to scenarios in which there was termination of the business relationship," that decision does not suggest this Court's Order dated October 4, 2021, was a clear error of law. ECF No. 222 (citing *Josie Maran Cosmetics, LLC v. Shefa Grp. LLC*, No. 20-cv-3702, 2022 WL 3586746 (E.D.N.Y. Aug. 22, 2022)). In the Report and Recommendation dismissing Defendant's tortious interference claim, the Magistrate Judge cited to cases in this Circuit which support the finding that Defendant cannot state a claim for tortious interference merely by alleging that Plaintiff's reports caused the suspension of Defendant's specific listings.[2] *See* ECF No. 68 at 23–24. *Josie*

---

[2]     In its Motion, Defendant claims that "its ability to sell on Amazon was suspended for over a month," *see* ECF No. 201-1 at 7, but Defendant's Amended Answer, which this Court relied upon to dismiss the tortious interference claim, instead suggests that the Defendant's ability *to sell Michael Kors Products* was suspended for an unspecified period. *See* ECF No. 21 ¶ 48 ("[Plaintiffs] submitted at least four complaints to Amazon, each resulting in the suspension of [Defendant's] ability to sell Michael Kors Products."); *see also* ¶¶ 57, 74.

*Maran* suggests that there may be a disagreement among courts in this District, as to whether the removal of a seller's listings rises to the level of tortious interference, but this potential disagreement does not amount to clear error.   A motion for reconsideration is not a vehicle for "taking a second bite at the apple" because Defendant is unhappy with the initial result.  *Rafter v. Liddle*, 288 F. App'x 768, 769 (2d Cir. 2008) (citation and internal quotation marks omitted).  In light of the case law available to it at the time, this Court did not commit manifest injustice by ruling that the suspension of Defendant's listings was insufficient to allege tortious interference.

## CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration is DENIED.
SO ORDERED.

> */s/ Hector Gonzalez*
> HECTOR GONZALEZ
> United States District Judge

Dated: Brooklyn, New York
       August 25, 2022

6