UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FOSSIL GROUP, INC. and MICHAEL KORS, L.L.C.,

            Plaintiffs,

v.

ANGEL SELLER LLC; ERIC STERNBERG, and JOHN DOES 2-5,

            Defendants.

**MEMORANDUM & ORDER**
20-CV-02441 (HG) (TAM)

**HECTOR GONZALEZ**, United States District Judge:

On July 21, 2022, Magistrate Judge Taryn A. Merkl recommended denying Defendants Angel Seller, LLC's and Eric Sternberg's motion to file a third amended answer to include counterclaims brought under the Racketeer Influenced and Corrupt Organizations statute ("R&R"). ECF No. 199. Before the Court is Defendant Angel Seller, LLC's ("Defendant AS") objection pursuant to Federal Rule of Civil Procedure 72(b). For the reasons set forth below, the R&R is adopted in its entirety, and Defendants' motion to file a third amended answer is denied.

## BACKGROUND

This case arises from a trademark infringement dispute between Plaintiffs Fossil Group, Inc. ("Fossil") and Michael Kors, L.L.C. ("Michael Kors") (collectively, "Plaintiffs"), and Defendants Angel Seller, LLC, and Eric Sternberg (collectively, "Defendants"). Plaintiffs allege that Defendants are selling counterfeit watches that infringe upon Michael Kors's trademarks through Defendants' Amazon.com store front. ECF No. 1 at ¶ 2. On June 2, 2020, Plaintiffs filed their initial complaint and on November 13, 2020, Plaintiffs filed their amended complaint. ECF Nos. 1, 16. Defendants filed an answer to Plaintiffs' amended complaint on December 11, 2020. ECF No. 19. On January 4, 2021, without seeking leave of court, Defendants filed an

amended answer in which they asserted the following counterclaims: (i) declaratory judgment that Defendants have not sold counterfeit productions or violated any trademark rights; (ii) false or misleading representation and unfair competition pursuant to 15 U.S.C. § 1125; (iii) tortious interference with contract and business relations; and (iv) defamation. ECF No. 21 ¶¶ 69–131. Plaintiffs moved to strike or dismiss all of Defendants' counterclaims. ECF No. 30. On August 27, 2021, the Court denied Defendants leave to file three out of the four counterclaims, but granted Defendants leave to file a second amended answer that included a defamation claim against Plaintiffs. ECF Nos. 68, 103; *see Fossil Grp., Inc. v. Angel Seller LLC*, No. 20-cv-2441, 2021 WL 5409065, at *14 (E.D.N.Y. Aug. 27, 2021), *report and recommendation adopted*, 2021 WL 4520030 (E.D.N.Y. Oct. 4, 2021). On October 13, 2021, Defendants filed their second amended answer. ECF No. 115.

On October 22, 2021, Defendants requested leave to file a third amended answer, seeking to include Racketeer Influenced and Corrupt Organizations Act ("RICO") counterclaims against Plaintiffs ("Motion to Amend"). ECF Nos. 123, 124, 125. "The proposed RICO allegations claim that Plaintiffs Fossil and Michael Kors, together with their former attorney, Michael Lee, formed an enterprise 'for the common purpose of preventing third parties from reselling genuine Michael Kors Products for their own financial gain.'" ECF No. 199 at 4 (citing Defendants' Proposed Third Amended Answer, ECF No. 123-2 ¶ 189). Defendants allege that the "enterprise" committed multiple acts of extortion and wire fraud in violation of 18 U.S.C. §§ 1951 and 1343. *Id.* On November 17, 2021, Plaintiffs filed their opposition and on December 1, 2021, Defendants filed their reply. ECF Nos. 139, 145, 192. On July 21, 2022, the Court recommended that Defendants' Motion to Amend be denied. ECF No. 199. On August 3, 2022,

Defendant AS filed an objection to the Court's R&R.  ECF No. 205.  On August 18, 2022, Plaintiffs filed their response to Defendant AS's objection.  ECF No. 242.

## LEGAL STANDARD

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district judge reviewing a magistrate judge's order on a dispositive motion must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").  "The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record."  *See Goonewardena v. N. Shore Long Island Jewish Health Sys.*, No. 11-cv-2456, 2013 WL 1211496, at *5 (E.D.N.Y.  Mar. 25, 2013); *see also* 28 U.S.C. § 636(b)(1)(C).  In considering objections to a report and recommendation, the district court "will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not."  *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019).

Counterclaims must conform to the pleading requirements of *Twombly* and *Iqbal*.  *See GEOMC Co., Ltd. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 99 (2d Cir. 2019).  Additionally, "where a case concerns allegations of fraud or mistake, Rule 9(b) of the Federal Rules of Civil Procedure requires claims to be pled with particularity."  *See Sky Med. Supply Inc. v. SCS Support Claims Servs., Inc.*, 17 F. Supp. 3d 207, 219 (E.D.N.Y. 2014).

"[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court."  *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971).  In considering whether to grant leave to amend, the court should consider undue

prejudice. *See GEOMC Co.*, 918 F.3d at 100 ("At a late stage of the litigation . . . a new counterclaim that raises issues beyond the scope of the new claims made in the most recent amended complaint will usually cause escalating prejudice to the counterdefendant and undue expansion of litigation that the court is charged with managing; for those reasons a new counterclaim should normally not be permitted if it exceeds the scope of the plaintiff's new claims.").

## DISCUSSION

The Court has undertaken a *de novo* review of the record, the R&R, and Defendant AS's objection. Magistrate Judge Merkl recommended denying Defendants' Motion to Amend for the following reasons: (i) permitting Defendants to file the proposed RICO counterclaims "would substantially broaden and delay this already-fraught litigation, which would result in . . . undue prejudice to Plaintiffs"; and (ii) Defendants' RICO counterclaims were not properly pled under *Twombly* and *Iqbal* because they fail to plausibly allege a RICO enterprise. ECF No. 199 at 5–6. Defendant AS objects to the R&R on the basis that: (i) the R&R should be rejected as procedurally improper because it was not formally assigned to Judge Merkl; (ii) Plaintiffs will not suffer any undue prejudice; and (iii) Defendants' counterclaims are properly pled. The Court addresses each objection in turn.

### I. The Court's R&R Is Not Procedurally Improper

Defendant AS argues that the Court's R&R should be "rejected at the outset" because there is no order on the docket indicating that Defendants' Motion to Amend was referred to the magistrate judge. Pursuant to the Local Rules of this district, motions to amend are generally treated as non-dispositive pre-trial motions which are within a magistrate judge's jurisdiction. L. Civ. R. 72.2 ("[A] Magistrate Judge . . . is empowered to act with respect to all non-dispositive

4

pretrial matters unless the assigned District Judge orders otherwise"); *see also Marsh v. Sheriff of Cayuga Cnty.*, 36 F. App'x 10, 11 (2d Cir. 2002) (finding that the magistrate judge acted within his authority in denying a motion to amend the complaint); *Media Glow Digit., LLC v. Panasonic Corp. of N. Am.*, No. 16-cv-7907, 2020 WL 3483632, at *3 (S.D.N.Y. June 26, 2020) ("A motion to amend is not a dispositive motion.") (citation omitted).  Accordingly, a magistrate judge has the authority to issue a decision on a motion to amend without any referral from a district judge.  Moreover, even if a denial of a motion to amend has dispositive aspects, as is arguably the case here, magistrate judges have the authority to issue a report and recommendation.  *See Computer Assocs. Int'l v. Simple.com, Inc.*, No. 02-cv-2748, 2006 WL 8441407, at *2 n.2 (E.D.N.Y. Sept. 30, 2006) ("This Court generally issues a decision and order when a motion to amend is granted and a report and recommendation when a motion to amend should be denied because of the dipositive effect of denying the inclusion of a claim.").  Thus, the R&R is not procedurally improper.

## II. Plaintiffs Will Suffer Undue Prejudice

Defendant AS argues that Plaintiffs will not suffer any undue prejudice because:  (i) Defendants moved for leave to amend their pleading on "newly discovered" information; (ii) any delay to the final resolution of the case that would be caused by amendment is of Plaintiffs' own making; and (iii) additional discovery alone does not warrant denial of leave to amend.  In addressing the issue of whether Plaintiffs will suffer undue prejudice as a result of the proposed amended answer, "the Court must consider (1) 'how far into the litigation' the new counterclaims are asserted, and (2) whether the proposed counterclaims raise issues beyond the scope of the new claims in the latest amended complaint." ECF No. 199 at 8 (citing *GEOMC*

5

*Co.*, 918 F.3d at 100).[1] The Court reviewed the R&R's findings and agrees that "both of the questions that must be examined under the *GEOMC* framework weigh against Defendants here." *Id.* at 9.

As to the first prong, the Court finds that granting the proposed amendment would result in substantial delay in the resolution of this case and would necessitate a lengthy period of time for additional fact and expert discovery. *See Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998) ("One of the most important considerations in determining whether amendment would be prejudicial is the degree to which it would delay the final disposition of the action."). As the R&R stated, fact discovery, which took two years to complete, has *finally* closed after seven extensions were granted. *See* Minute Entries dated January 19, 2021, September 23, 2021, and April 7, 2022; ECF Nos. 37, 38, 43, 48. The parties were engaged in prolonged fact discovery disputes during this period, filing over 10 discovery motions. *See, e.g.*, ECF Nos. 51, 62, 69, 73, 79, 85, 88, 153, 182, 186. Defendant AS objects to the R&R's assessment of prejudice "at this point of time," *see* ECF No. 205 at 11, but as the R&R stated, "what motion practice and history of this case *illustrate* is the high risk of prolonged additional delay and concomitant prejudice to Plaintiffs if this case were expanded to include Defendants' far-flung RICO allegations." ECF No. 199 at 8 n.4 (emphasis added). The Court may consider the fraught nature of the litigation between the parties in deciding whether granting leave to amend

---

[1] Defendant AS objects to the applicability of *GEOMC Co.* because the case concerns "a new counterclaim in an amended answer responding to an amended complaint." ECF No. 205 at 9. The Court is not persuaded by this argument. In *GEOMC Co.*, the Second Circuit unequivocally stated that its decision clarified "the standards . . . for presenting and challenging new counterclaims filed, or sought to be filed, in a responsive pleading to a second amended complaint." *GEOMC Co.*, 918 F.3d at 94. The case encompasses a scenario such as this one where a defendant proposes new counterclaims "late in the litigation" that would "greatly expand" the scope of the case and "substantially increase[e] the cost and time required to litigate this matter." *Id.* at 102.

would cause additional delay and amount to undue prejudice.

As to the second prong, the proposed RICO counterclaims undeniably exceed the scope of the allegations in Plaintiffs' Amended Complaint. "Courts have described civil RICO as an unusually potent weapon—the litigation equivalent of a thermonuclear device." *Sky Med. Supply Inc.*, 17 F. Supp. 3d at 220 (citation and internal quotation marks omitted). Defendants' proposed RICO counterclaims involve all the Plaintiffs, their counsel, several third parties, multiple alleged criminal acts of extortion and wire fraud and an alleged elaborate scheme. *See* ECF No. 123-2 ¶¶ 188–217. Indeed, Defendants base their counterclaims on the production of a purchase log maintained by Plaintiffs which they claim reveals that "Plaintiffs and their counsel have made similar false allegations against *countless other* watch resellers." ECF No. 205 at 1. Accordingly, the Court agrees with the R&R that "permitting an extraordinary expansion of this case by adding Defendants' proposed RICO counterclaims—with allegations spanning . . . from 2018 to the present – is highly likely to derail the slow and difficult progress that has been made in getting the parties through fact discovery." ECF No. 199 at 11–12; *see Am. Soc'y for the Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus*, 244 F.R.D. 49, 52 (D.D.C. 2007) ("[G]iven the inherent complexity of a RICO claim generally . . . the Court finds that allowing defendant to amend its answers to assert a claim of such breadth would unleash a Hydra that would require from the court nothing short of a herculean effort in time and attention to even maintain a semblance of control over it."). Any newly discovered evidence fails to mitigate the undue prejudice that would result from permitting Plaintiffs to amend their answer to assert RICO claims. Thus, the Court exercises its discretion under Federal Rule of Civil Procedure 15(a) to deny Defendants' Motion to Amend due to the unfair prejudice it would

cause Plaintiffs.[2]

### III. Defendants' Counterclaims Are Not Properly Pled

The R&R finds that Defendants' RICO counterclaims are not properly pled because: (i) "Defendants' proposed counterclaim does not establish that the two named corporate entities, [Fossil and Michael Kors], are sufficiently different to establish distinct RICO persons and a RICO enterprise," *see* ECF No. 199 at 17; and (ii) "Defendants' proposed RICO claims fail to articulate any cognizable structure to the [RICO] enterprise," *see* ECF No. 199 at 23.

Defendant AS objects to the R&R's finding on the distinctness requirement, arguing that it "is incontrovertible that Fossil and [Michael Kors] are separate corporations," that it is not reasonable for the Magistrate Judge to conclude that they are a unified corporate structure, and that they are not agents of one another. In order to support their argument, Defendant AS relies on the contents of an agreement which specifies the relationship of the parties, which was not previously presented to the Magistrate Judge. The Court will not consider new arguments raised in objections to a magistrate judge's report and recommendation and, therefore, disregards any new arguments and references to the agreement. *See Gladden*, 394 F. Supp. 3d at 480. The R&R finds that Defendants failed to distinguish between Fossil and Michael Kors throughout the

---

[2] Defendant AS objects to the R&R on the basis that it does not consider any prejudice to Defendant AS, *see* ECF No. 205 at 11, but fails to acknowledge the R&R's finding that "any prejudice to Defendants is much more minimal because Defendants could commence a separate action against Plaintiffs," which inherently suggests a balancing of prejudice between the two parties. Defendant AS's objection that proceeding with the RICO claims in this Court "is more efficient" is not persuasive in light of the scope of the claims. *See Fido's Fences Inc. v. Canine Fence Co.*, No. 08-cv-754, 2009 WL 10709094, at *6 (E.D.N.Y. Oct. 5, 2009) (denying plaintiff's motion to amend and finding prejudice to plaintiff was minimal because it can commence a separate action against defendant); *H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*, 112 F.R.D. 417, 421 (S.D.N.Y. 1986) (denying plaintiffs' motion to amend, finding there is a point in the proceedings when it is not in the interests of judicial economy to join all potential defendants and claims, and noting that plaintiffs could commence a separate action).

proposed counterclaims, which illustrated the deficiency of Defendants' pleadings in establishing that the corporate entities acted distinctly from each other in a manner capable of establishing the alleged RICO enterprise. *See* ECF No. 199 at 18–19. It is not enough to argue that Fossil and Michael Kors are separate legal entities or "separate publicly-traded entities," *see* ECF 205 at 20; ECF 199 at 18 (citing *Palatkevich v. Choupak*, No. 12-cv-1681, 2014 WL 1509236, at *15 (S.D.N.Y. Jan. 24, 2014) (observing that "where a corporate entity is named as the defendant 'person,' it is not distinct from any alleged 'enterprise' consisting of that corporate defendant together with related companies, employees, or agents")). It is also reasonable for the Magistrate Judge to have drawn the inference that Fossil and Michael Kors are "in a close business relationship" and "working together for coordinated purposes and as agents of one another." ECF 199 at 19, 21. In fact, based on the allegations in the proposed third amended answer,[3] this Court draws the same conclusion.

Defendant AS objects to the R&R's finding on the structure requirement arguing that Defendants pled facts "showing that the parties worked together to achieve the purpose of the enterprise, and the individual roles each played in the enterprise." ECF No. 205 at 17. Based on its own review of the proposed amended answer and counterclaims, the Court similarly concludes that "[n]one of the allegations explain how the proposed RICO Counterclaim Defendants managed the enterprise itself, vis-à-vis one another." ECF No. 199 at 24. Defendant AS asserts that the roles are clear: Fossil prepares and submits the counterfeiting reports, Michael Kors provides continuing authorization to Fossil, and Michael Lee "shakes down the online sellers." ECF No. 205 at 17–18. However, the allegations against Fossil and Michael

---

[3] *See* Plaintiffs' Response to Defendants' Rule 72(a) Objections, ECF No. 242 at 15 (referencing specific allegations in Defendants' proposed amended answer which suggest that Michael Kors and Fossil acted as agents in connection with the alleged scheme).

9

Kors do not clearly explain the operation and management of the alleged enterprise.  *See e.g.*, ECF No. 123-2 ¶¶ 123–27 ("Counterclaim Defendants made purchases of three [watches] . . . . Counterclaim Defendants reported to Amazon that [they were] . . . "counterfeit" . . . . Fossil's Assistant General Counsel, Heather Foster, responded . . . refusing to retract the complaints."); *id.* ¶¶ 129–34 ("Counterclaim Defendants submitted a report to Walmart that a Walmart seller was selling a "counterfeit" [product]. . . .  Attorney Lee subsequently threatened Walmart Seller . . . .  Walmart Seller . . . made a monetary payment to Counterclaim Defendants, even though it believed that the watches it sold were genuine.").  Accordingly, the Court finds that Defendants failed to adequately plead RICO's structure requirement.

## CONCLUSION

For the foregoing reasons, the R&R is ADOPTED in full.  Defendants' Motion to Amend is denied.

SO ORDERED.

                                           */s/ Hector Gonzalez*
                                           HECTOR GONZALEZ
                                           United States District Judge

Dated: Brooklyn, New York
        September 12, 2022