UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FOSSIL GROUP, INC. and MICHAEL KORS, L.L.C.,

                Plaintiffs,

v.

ANGEL SELLER LLC; ERIC STERNBERG, and JOHN DOES 2-5,

                Defendants.

**MEMORANDUM & ORDER**
20-CV-02441 (HG) (TAM)

**HECTOR GONZALEZ**, United States District Judge:

Plaintiffs Fossil Group, Inc. ("Fossil") and Michael Kors, L.L.C. ("Michael Kors") (collectively, "Plaintiffs") bring this action against Defendants Angel Seller LLC ("Defendant AS") and Eric Sternberg for alleged violations of: (i) trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1114(a); (ii) federal trademark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); (iii) unfair competition, false designation or origin and false description in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and (iv) unfair and deceptive business practices in violation of N.Y. General Business Law § 349.  Presently before the Court is Plaintiffs' motion to dismiss Defendant AS's counterclaim for defamation.  ECF Nos. 221, 244, 249.  For the reasons set forth below, Plaintiffs' motion to dismiss is denied.

## BACKGROUND

This case arises from a trademark infringement dispute between Plaintiffs, and Defendants AS and Eric Sternberg (collectively, "Defendants").  Plaintiffs allege that Defendants are selling counterfeit watches that infringe upon Michael Kors's trademarks through Defendants' Amazon.com store front.  ECF No. 1 at ¶ 2.

On June 2, 2020, Plaintiffs filed their initial complaint and on November 13, 2020, Plaintiffs filed their amended complaint. ECF Nos. 1, 16. Defendants filed an answer to Plaintiffs' amended complaint on December 11, 2020. ECF No. 19. On January 4, 2021, without seeking leave of court, Defendants filed an amended answer in which they asserted the following counterclaims: (i) declaratory judgment that Defendants have not sold counterfeit products or violated any trademark rights; (ii) false or misleading representation and unfair competition pursuant to 15 U.S.C. § 1125; (iii) tortious interference with contract and business relations; and (iv) defamation. ECF No. 21 ¶¶ 69–131. Plaintiffs moved to strike or dismiss all of Defendants' counterclaims including the defamation counterclaim. ECF No. 30. On August 27, 2021, the Court denied in part Plaintiffs' motion to strike or dismiss, and in an exercise of discretion under Rule 15, denied Defendants leave to file three out of the four counterclaims, but granted Defendants leave to file a second amended answer that included the defamation claim against Plaintiffs. ECF Nos. 68, 103; *see Fossil Grp., Inc. v. Angel Seller LLC*, No. 20-cv-2441, 2021 WL 5409065, at *14 (E.D.N.Y. Aug. 27, 2021), *report and recommendation adopted*, 2021 WL 4520030 (E.D.N.Y. Oct. 4, 2021).

On October 13, 2021, Defendant AS filed a second amended answer which included the defamation counterclaim. ECF No. 115. Defendant AS alleges that they only sell genuine products through their Amazon.com storefront and that Plaintiffs seek to increase their profits by controlling the distribution and pricing of their products, through unlawful means including filing complaints to Amazon containing false allegations. *Id.* ¶¶ 25–27. Defendant AS further alleges that the purpose of the false complaints is to damage Defendant AS's reputation and goodwill, such that Amazon would "suspend or terminate its relationship with [Defendant] AS." *Id.* ¶ 28. Defendant AS further alleges that Plaintiffs submitted at least three complaints to

Amazon, identifies the complaints and describes the contents of Amazon's subsequent notices to Defendant AS regarding the allegations. *Id.* ¶¶ 41–51. Defendant AS further alleges that Plaintiffs' complaints were "knowingly false and made in bad faith," *id.* ¶ 52, and that Plaintiffs acted "with actual malice or with reckless disregard for the truth of the matter," *id.* ¶ 77. Defendant AS also states that it attempted to resolve the complaints, but Plaintiffs failed to provide support for their assertions that Defendant AS was selling counterfeit products. *Id.* ¶¶ 53–56. As a result of the allegedly false complaints, Defendant AS states that it was suspended from selling on Amazon.com and lost revenue. *Id.* ¶ 82.

On November 5, 2021, Plaintiffs filed a letter-motion for a pre-motion conference requesting leave to file a motion to dismiss Defendant AS's defamation counterclaim. ECF No. 130. The court denied Plaintiffs' request because Defendant AS moved to file a third-amended answer which included an additional RICO counterclaim. ECF No. 132. The Court held that the denial was "without prejudice to renew once amendment motion practice is complete." *Id.* The court ultimately denied Defendant AS's motion to file a third-amended answer. ECF Nos. 199, 243. Plaintiffs subsequently renewed their request to dismiss Defendant AS's defamation claim, and on August 22, 2022, Plaintiffs filed the present motion. ECF No. 221.

## **LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "When determining the sufficiency of plaintiffs' claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in

3

plaintiffs' amended complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). While the Court must draw all reasonable inferences in favor of the non-moving party, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a plausible claim. *Iqbal*, 556 U.S. at 678.

## DISCUSSION[1]

Plaintiffs argue that Defendant AS's defamation counterclaim fails as a matter of law for five reasons: (i) Defendant AS's claim is barred under the *Noerr-Pennington* doctrine; (ii) Plaintiffs' infringement allegations are protected as pre-suit communications under New York's litigation privilege; (iii) Defendant AS's defamation claim is not cognizable because opinions cannot sustain a defamation claim; (iv) infringement notices are protected by the common interest privilege; and (v) Defendant AS failed to allege that Plaintiffs filed the infringement notices with "grossly irresponsible intent" as required under New York's *Chapadeau* standard. The Court finds that Defendant AS's defamation counterclaim does not fail as a matter of law and addresses each argument in turn.

---

[1] Defendant AS argues that Plaintiffs' present motion is procedurally improper because the court issued a ruling on Plaintiffs' motion to dismiss or strike Defendants' answer and counterclaims. *See* ECF No. 68 at 5–6 ("Plaintiffs' primary argument offered in support of dismissal of the counterclaims is ultimately a question of fact: whether the watches distributed by Defendants in this case are genuine or counterfeit. . . . [T]his factual argument cannot prevail at this stage of the litigation."). While this ruling was issued prior to Defendant AS filing its second amended answer, Defendant AS argues that its defamation counterclaim is "identical." ECF No. 244 at 6. Plaintiffs argue that the Court granted leave for them to seek renewed dismissal of the defamation counterclaim without prejudice. *See* ECF No. 132. Given the procedural complexities involved here, the Court exercises its discretion and permits Plaintiffs to renew their motion to dismiss.

4

      A.      *The Noerr-Pennington Doctrine*

"Traditionally invoked in the context of antitrust litigation, the [*Noerr-Pennington*] doctrine protects under the First Amendment efforts to influence governmental action through litigation, lobbying, and the like. Such activities are immunized from antitrust liability, provided the activities are more than a mere sham." *Shetiwy v. Midland Credit Mgmt.*, 980 F. Supp. 2d 461, 475 (S.D.N.Y. 2013) (internal quotation marks omitted). Although the *Noerr-Pennington* doctrine "was first established in the context of concerted petitions for anticompetitive legislation," courts have extended it "to encompass concerted efforts incident to litigation, such as prelitigation threat letters and settlement offers." *MMS Trading Co. Pty Ltd. v. Hutton Toys, LLC*, No. 20-cv-1360, 2021 WL 1193947, at *9 (E.D.N.Y. Mar. 29, 2021) (citing *Primetime 24 Joint Venture v. NBC Broadcasting, Co., Inc.*, 219 F.3d 92, 99 (2d Cir. 2000)) (internal quotation marks omitted).

However, "[u]nder the sham exception to this doctrine, immunity does not extend to litigation activity that is a mere sham to cover . . . an attempt to interfere directly with the business relationships of a competitor." *MMS Trading*, 2021 WL 1193947, at *10 (internal quotation marks omitted). To ultimately establish the sham exception, a party "must show that the litigation in question is: (i) objectively baseless, and (ii) an attempt to interfere directly with the business relationships of a competitor through the use of the governmental process – as opposed to the outcome of that process – as an anticompetitive weapon." *Id.* (internal quotation marks omitted).

"The *Noerr-Pennington* doctrine is generally raised as an affirmative defense. . . . Dismissal based on an affirmative defense at the complaint stage is warranted only if it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the

5

[nonmovant's] claims are barred as a matter of law." *360 Mortg. Grp., LLC v. Fortress Inv. Grp. LLC*, No. 19-cv-8760, 2020 WL 5259283, at *4 (S.D.N.Y. Sept. 3, 2020) (citations and internal quotation marks omitted). Assuming *Noerr-Pennington* immunity is available in the context of Defendant AS's defamation claim, "it is not clear from the face of the Complaint that [Defendant AS's] claim[ is] barred as a matter of law – that is, that [Plaintiffs'] prelitigation attempts to enforce [their] copyright were not a sham." *MMS Trading*, 2021 WL 1193947, at *10. Plaintiffs argue that their notices of infringement submitted to Amazon "certified their good faith belief, under penalty of perjury, that Defendants were infringing [Michael Kors] trademarks" and that Defendant AS "cannot demonstrate that the notices were 'objectively baseless,' or that Plaintiffs submitted the notices in bad faith." ECF No. 221 at 17. Defendant AS alleges that Plaintiffs regularly file "false reports" to Amazon to stifle competition in order to "increase their profits by controlling the distribution and pricing of their products . . . through unlawful means." ECF No. 115 ¶ 25. Defendant AS further alleges that Plaintiffs are engaged in a "coordinated effort to preclude select-third parties from reselling genuine Michael Kors Products on online marketplaces by false allegations of intellectual property infringement." *Id.* ¶ 26.

At this stage of the litigation, Defendant AS's allegations are sufficient to overcome Plaintiffs' *Noerr-Pennington* defense because there remains a factual dispute as to whether Plaintiffs' allegations that Defendant AS was selling counterfeit products were "false and made in bad faith." *Id.* ¶ 47; *see also 360 Mortg. Grp.*, 2020 WL 5259283, at *4 (finding moving party's argument regarding *Noerr-Pennington* immunity "unpersuasive" at the motion to dismiss stage because it was not apparent from the face of the complaint that the defense "necessarily" applied); *Primetime 24*, 219 F.3d at 99–102 (finding sham exception plausibly alleged where complaint alleged "simultaneous," "voluminous," and "objectively baseless" challenges made

6

"without regard to whether the challenges had merit" as part of a "coordinated scheme" to impose costs on the plaintiff as a way of stifling competition).

    B.  *New York's Litigation Privilege*

"Under New York law, statements made by parties, attorneys, and witnesses in the course of a judicial or quasi-judicial proceeding are absolutely privileged, notwithstanding the motive with which they are made, so long as they are material and pertinent to the issue to be resolved in the proceeding. New York courts have long recognized the litigation privilege as a defense to defamation claims." *Conti v. Doe*, 535 F. Supp. 3d 257, 280–81 (S.D.N.Y. 2021) (citations and internal quotation marks omitted). New York courts have found that pre-litigation communications are privileged but that such privilege is not absolute. *See Front, Inc. v. Khalil*, 28 N.E.3d 15, 20 (N.Y. 2015). "[E]xtending privileged status to communication made prior to anticipated litigation has the potential to be abused. . . . [T]he privilege should only be applied to statements pertinent to a good faith anticipated litigation. This requirement ensures that privilege does not protect attorneys who are seeking to bully, harass, or intimidate their client's adversaries by threatening baseless litigation or by asserting wholly unmeritorious claims . . . ." *Id.* at 19.

  Defendant AS challenges whether Plaintiffs' complaints to Amazon were made in anticipation of litigation. ECF No. 244 at 14–15. If that were true, such communications would not be privileged. *See Menaker v. Kaplan*, No. 17-cv-5840, 2019 WL 1783014, at *2 (E.D.N.Y. Apr. 23, 2019) ("On a motion to dismiss the question of whether the Letter was sent in anticipation of litigation must be construed in [the nonmovant's] favor . . . ."). Even if this Court were to find that Plaintiffs' complaints to Amazon were made in anticipation of litigation— which it cannot at this stage—Defendant AS alleges that the communications contained false

7

statements and that Plaintiffs "acted with actual malice or with reckless disregard for the truth of the matter contained in [their] statements to Amazon and [Defendant AS's] customers" in submitting three complaints for products that are allegedly genuine. ECF No. 115 ¶¶ 48–49, 77. Drawing all reasonable inferences in favor of the non-moving party, the Court concludes that there remains a factual dispute as to whether Plaintiffs' complaints were made in good faith and as such, New York's litigation privilege does not apply.

C. *Defamation Claims and Statements of Opinion*

To state a claim for defamation under New York law, Defendant AS must allege that Plaintiffs made a statement that was: "(1) false, defamatory, and of and concerning [Defendant AS]; (2) published to a third party; (3) made with the applicable level of fault; and (4) defamatory per se or caused [Defendant AS] special harm." *Mirza v. Amar*, 513 F. Supp. 3d 292, 297 (E.D.N.Y. 2021). "Whether particular words are defamatory presents a legal question to be resolved by the court in the first instance. Because there is no such thing as a false idea, courts must distinguish between statements of fact, which may be defamatory, and expressions of opinion, which are not defamatory; instead, they receive absolute protection under the New York Constitution." *Id.* (citations and internal quotations marks omitted). "In distinguishing fact from opinion, a court must consider (1) whether the specific language has a precise meaning that is readily understood, (2) whether the statements are capable of being proven true or false, and (3) whether the context in which the statement appears signals to readers that the statement is likely to be opinion, not fact. The dispositive inquiry is whether a reasonable reader could have concluded that the statements were conveying facts about the plaintiff." *Yong Ki Hong v. KBS Am., Inc.*, 951 F. Supp. 2d 402, 433 (E.D.N.Y. 2013) (citations and internal quotation marks omitted).

8

Plaintiffs allegedly sent Amazon false complaints stating that Defendant AS was selling counterfeit products. ECF No. 115 ¶¶ 25–52. Plaintiffs argue that their statements are protected legal opinions because their "good faith assertion of [their] legal position does not constitute a statement of fact sufficient to establish a defamation claim." ECF No. 221 at 23 (citation omitted). Defendant AS's core contention is that Plaintiffs are lying, and that Plaintiffs have reason to know that Defendant AS is not engaged in selling counterfeit products. As discussed previously, Defendant AS provided sufficient factual allegations from which the Court can infer that Plaintiffs submitted the complaints in bad faith, *see supra*; ECF No. 115 ¶¶ 48–49, 77. *See also Beauty Beauty USA, Inc. v. Chin Hong Luo*, No. 11-cv-5349, 2011 WL 4952658, at *1 (S.D.N.Y. Oct. 13, 2011) ("Accusations that plaintiff sold 'counterfeit goods,' whether made orally or in writing, would be defamatory *per se*"); *GeigTech East Bay LLC v. Lutron Elecs. Co., Inc.*, No. 18-cv-5290, 2019 WL 1768965, at *9 (S.D.N.Y. Apr. 4, 2019) (denying motion to dismiss defamation claim where nonmovant alleged that movant lied about patent infringement and had reason to know that nonmovant was not engaged in patent infringement).

      D.     *Common Interest Privilege*

New York law recognizes a common interest privilege that "may immunize a declarant from liability for a defamatory statement, unless the declarant has abused the privilege." *Conti*, 535 F. Supp. 3d at 275. "The qualified common interest privilege extends to a communication made by one person to another upon a subject in which both have an interest." *Id.* at 276 (internal quotation marks omitted). However, the common interest privilege is a qualified privilege and as such, it can be defeated with a showing of malice, spite, knowledge of falsehood of the statement or reckless disregard for the truth. *See id.* at 276, 279–80. Plaintiffs argue that they "share an interest in protecting consumers from buying infringing or counterfeit Michael

9

Kors watches" with Amazon and accordingly, the common interest privilege should apply to the statements made "in furtherance of the shared intellectual property, anti-counterfeiting, and consumer protection interests." ECF No. 221 at 25. As discussed previously, Defendant AS provided sufficient factual allegations from which the Court can infer that Plaintiffs submitted the complaints in bad faith, *see supra*. Moreover, "the Second Circuit has cautioned district courts against dismissing defamation claims based on the common interest privilege when deciding a Rule 12(b)(6) motion, holding that the privilege is better considered on a motion for summary judgment." *Conti v. Doe*, No. 17-cv-9268, 2019 WL 952281, at *9 (S.D.N.Y. Feb. 27, 2019). Accordingly, the Court denies Plaintiffs' motion to dismiss Defendant AS's counterclaim on the basis of common interest privilege.

      E.      *New York's Chapadeau Standard*

Plaintiffs argue Defendant AS's defamation counterclaim should be dismissed because Defendant AS failed to plausibly allege that "the accused statements were made with intent at least at the level of gross irresponsibility." ECF No. 221 at 26. Under the standard articulated in *Chapadeau v. Utica Observer-Dispatch*, a defamed party may recover in a defamation claim that "is arguably within the sphere of legitimate public concern . . . however, to warrant such recovery he must establish, by a preponderance of the evidence, that the publisher acted in a grossly irresponsible manner." 341 N.E.2d 569, 571 (N.Y. 1975). The parties disagree about whether the *Chapadeau* standard, which applies to private defamation lawsuits of public concern, is applicable. *See* ECF Nos. 221 at 26–27, 244 at 29–31. "[W]hether a statement involves a matter of legitimate public concern has been given a broad interpretation, but publications directed only to a limited, private audience are matters of purely private concern." *Lue v. JPMorgan Chase & Co.*, No. 19-cv-9784, 2021 WL 1108558, at *6 (S.D.N.Y. Mar. 23,

10

2021). Nevertheless, the "gross irresponsibility standard of *Chapadeau* is more lenient than the actual malice standard applicable to public figures." *Rainbow v. WPIX, Inc.*, 117 N.Y.S.3d 51, 52 (N.Y. App. Div. 2020). Because the Court finds that Defendant AS provided sufficient factual allegations from which the Court can infer that Plaintiffs submitted "knowingly false" complaints to Amazon in bad faith, *see supra*, the Court accordingly finds that Defendant AS meets the *Chapadeau* standard at the motion to dismiss stage. *See Enigma Software Grp. USA, LLC v. Bleeping Comput. LLC*, 194 F. Supp. 3d 263, 290 (S.D.N.Y. 2016) (finding grossly irresponsible standard met where pleadings alleged that defendant "knowingly or recklessly relied on discredited and outdated sources").

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to dismiss Defendant AS's defamation counterclaim is DENIED.

SO ORDERED.

                                              /s/ Hector Gonzalez
                                              HECTOR GONZALEZ
                                              United States District Judge

Dated: Brooklyn, New York
        October 14, 2022