UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------X

FOSSIL GROUP, INC., et al.,

                Plaintiffs,

    -against-

ANGEL SELLER LLC, et al.,

                Defendants.

---------------------------------------------------------X

**DISCOVERY ORDER**
20-CV-2441 (HG) (TAM)

(Not for publication)

**TARYN A. MERKL**, United States Magistrate Judge:

    Fossil Group, Inc. and Michael Kors, LLC ("Plaintiffs") bring this action against Angel Seller LLC and others ("Defendants") claiming that Defendants are selling counterfeit watches that infringe upon Michael Kors' trademarks through Defendant Angel Seller's Amazon.com store front. (Amended Complaint ("Am. Compl."), ECF No. 16, ¶¶ 1–2, 22–24.) In support of these claims, the Amended Complaint details Plaintiffs' purchase of several watches they assert are counterfeit from Defendant Angel Seller ("AS") between August 2019 and September 2020, including a purchase made following commencement of this lawsuit. (*Id.* ¶¶ 27–42.) Defendants dispute these accusations, claiming that the products AS sells on its website are legitimate. (Amended Answer ("Am. Answer"), ECF No. 21, ¶¶ 22–24, Counterclaims ¶ 29.)

    Several discovery motions are currently pending before the Court, including a motion to compel documents and testimony from two third parties, Sage Camera, Inc., and Sage Camera NY, LLC (referred to collectively as "Sage Camera"), entities that have been served with Rule 45 subpoenas for documents and 30(b)(6) depositions.

(Mots. to Compel, ECF Nos. 209 & 210; Pls.' Mem. in Supp., ECF No. 211 (referred to herein as "Pls.' Mem.").)

Sage Camera argues that the subpoenas should not be enforced because (1) they were served on the final day of fact discovery; (2) the subpoenas are attempting to seek information from third parties in an "impermissible end-run" around party discovery; and (3) the subpoenas, according to Sage Camera, are "overbroad, unduly burdensome, and seek irrelevant information." (*See generally* Sage Camera's Opp'n to Pls.' Mot. to Compel, ECF No. 229 ("Sage Camera Opp'n").) Defendants also object to the subpoenas on several grounds, arguing that the subpoenas are untimely and seek irrelevant information. (Defs.' Opp'n to Pls.' Mot. to Compel, ECF No. 230 ("Defs.' Opp'n"), at 3–5.) Defendants further argue that Plaintiffs had prior knowledge of Sage Camera due to an email that had been produced by Defendants during discovery. (*Id.* at 5–6; *see also* Ex. 1 to Defs.' Opp'n, ECF No. 233.)

For the following reasons, Plaintiffs' motion to compel enforcement of the subpoenas is granted in part and denied in part.

## DISCUSSION

Federal Rule of Civil Procedure 45(d)(2)(B)(i) provides, in pertinent part, that "on notice to the commanded person, the serving party may move the court . . . for an order compelling production or inspection" pursuant to a subpoena. Subsection B of Rule 45(d)(2) further provides that "[t]hese acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P. 42(d)(2)(B)(ii). At the same time, Rule 45 provides that on a timely motion, "the court for the district where compliance is required must quash or modify a subpoena" if it "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). The movant bears the burden of

2

persuasion in a motion to quash a non-party subpoena. *United States v. Int'l Bus. Mach. Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979).

Under Rule 45, a subpoena should be quashed only to the extent it "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv). To determine whether a subpoena imposes an undue burden, "courts weigh the burden to the subpoenaed party against the value of the information to the serving party by considering factors such as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Citizens Union of City of New York v. Att'y Gen. of New York*, 269 F. Supp. 3d 124, 138 (S.D.N.Y. 2017) (quotation marks omitted).

### A. Timing of the Subpoenas

As a threshold matter, the Court addresses Sage Camera's and Defendants' argument that the subpoenas should not be enforced because they were served on the final day of fact discovery. Courts in our circuit have taken varying approaches to enforcement of subpoenas served near to, or on the last day of, discovery. *See, e.g.*, *Wood v. Mut. Redevelopment Houses, Inc.*, No. 14-CV-7535 (AT) (DF), 2019 WL 6174369, at *9 (S.D.N.Y. Nov. 19, 2019) (declining to enforce subpoenas issued shortly before discovery closed where plaintiff had not demonstrated due diligence in seeking enforcement); *Taylor Precision Prods., Inc. v. Larimer Grp., Inc.*, No. 15-CV-4428 (ALC) (KNF), 2017 WL 10221320, at *4 (S.D.N.Y. Feb. 27, 2017) (permitting enforcement of subpoenas issued two weeks before the close of discovery).

Here, Plaintiffs contend that the relevance of Sage Camera was not fully apparent until they received discovery from another third party in the case, Effyzaz. (Pls.' Mem., ECF No. 211, at 3–4, n.3.) The receipt of documents and evidence from Effyzaz was

3

delayed during discovery due in part to a prior motion to quash a subpoena to Effyzaz, which had been issued by this Court after a relevance determination. (*See* Mot. Requesting Effyzaz Subpoenas, ECF No. 159; Feb. 17, 2022 ECF Order (granting Plaintiffs' motion and issuing subpoenas); Mot. to Quash Subpoenas as to Effyzaz, ECF No. 167; Apr. 7, 2022 Minute Entry and Order (denying Effyzaz's motion to quash, directing Effyzaz to respond by April 29, 2022, and resetting the close of fact discovery to May 13, 2022).) Plaintiffs report that following the Court's denial of the motion to quash, Effyzaz produced documents on April 29, 2022, but that the Rule 30(b)(6) deposition of Effyzaz did not happen until July 28, 2022. (Pls.' Mem., ECF No. 211, at 3, n.3.)

Turning back to the Sage Camera subpoenas, there is no dispute that they were issued on the last day of fact discovery, May 13, 2022. However, in light of the tortured history of the discovery in this case, including the fact that Plaintiffs did not receive the production from Effyzaz until shortly before the close of fact discovery, the Court declines to foreclose Plaintiffs' discovery "of these otherwise relevant documents on grounds of untimeliness" due to "the particular circumstances attendant to the timing of the subpoena" on Sage Camera. *VR Optics, LLC v. Peloton Interactive, Inc.*, No. 16-CV-6392 (JPO), 2019 WL 2121690, at *7 (S.D.N.Y. May 15, 2019). As discussed below, the documents appear to be highly relevant and neither Sage Camera nor Defendants have demonstrated an undue burden presented by the timing of the subpoenas or a significant expense resulting from compliance.

### B. Undue Burden Analysis

For the following reasons, the Court finds that Plaintiffs have amply established relevance and that Sage Camera and Defendants have not established that the third-party subpoenas impose an undue burden.

*1) Relevance*

First, as to relevance, the Court concludes that Plaintiffs have amply established that the information they seek is relevant. (*See, e.g.*, Pls.' Mem., ECF No. 211, at 3, 7 (describing the document requests that seek records related to Sage Camera's "involvement with Defendants' efforts to have their sales channels reinstated following suspension"); *id.* at 8 (describing the document requests that seek information relevant to establish the relationships between various third parties involved in the case, including Effyzaz, ASGTG, and Hedy's); *id.* at 9 (identifying the requests that seek documents regarding the relationship between Sage Camera and Defendants and relevant communications); *id.* (document requests regarding Michael Kors products specifically).) Indeed, as the Sage Camera entities themselves conceded in their opposition brief, they have at least a "handful of communication on [the] topic of Angel Seller's efforts to reinstate its Amazon account." (Sage Camera Opp'n, ECF No. 229, at 19.) For all of these reasons, Plaintiffs have shown that there is a reasonable likelihood that Sage Camera has relevant documents and information.

*2) Need for the Documents*

The Court further finds that Plaintiffs have demonstrated that the documents sought from Sage Camera are not only relevant, they also may not be available from any other source. Other than the single email identified by Defendants in their response, the documents that Sage Camera seems to acknowledge having do not appear to be available from Defendants in this case. (*See generally* Defs.' Opp'n, ECF No. 230; Ex. 1 to Defs.' Opp'n, ECF No. 233.) Given that Amazon complaints, seller account reinstatement, and notice as to whether AS was aware that it was selling counterfeit goods all go to the heart of the dispute in this case, the Court finds that Plaintiffs have

amply established a need for the documents in Sage Camera's possession regarding these communications should they exist.

      3) *Breadth of the Subpoenas*

As to the breadth of the subpoenas, the Court does find some modest overbreadth in Plaintiffs' requests and limits the scope of the subpoenas, in part based on relevance under Rule 26, and in part to ensure that the non-party Sage Camera entities are protected "from significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii). Sage Camera argues that the subpoenas are overbroad in various respects, claiming that certain document requests seek "all communications regarding 'any notices of infringement' or 'Amazon or Amazon's policies'" between Sage Camera and various other entities. (Sage Camera Opp'n, ECF No. 229, at 14–15 (discussing Request Nos. 11 and 13).) Similarly, Sage Camera argues that Request No. 12 seeks "[a]ll communications" over a lengthy time period between Sage Camera, U.S. Customs and Border Protection, and "T.H. Weiss," a customs broker. (*Id.* at 14.) Sage Camera also argues that there is no applicable time limit as to the request regarding communications about customs, and that the requests improperly seek "all of Sage Camera NY, LLC's confidential business information regarding its customs/importation activities, any claims of infringement made against Sage Camera NY, LLC, and any business Sage Camera NY, LLC has ever had with Amazon." (*Id.*)

Although the Court does not necessarily agree with Sage Camera's and Defendants' interpretation of the scope of the subpoenas, the Court does note that the motion to compel is granted with the following limitations as to certain of the requests.[1]

---

[1] The Court notes that to the extent the Topics for Deposition are similarly described, the following limits are to be followed at any 30(b)(6) deposition. (*See, e.g.*, Schedule B, Topics for Deposition, ECF Nos. 209-3 & 209-4, items 9, 10, 11 & 12.)

As to Request Numbers 11 through 13, the requests are limited to documents and records pertaining to products featuring, displaying, containing, showing, bearing, or comprised of a Michael Kors mark, and do not extend to any and all products. (*See* Schedule A, Documents to Be Produced, ECF Nos. 209-3 & 209-4, Request Nos. 11–13; *see also* Pls.' Reply in Supp. of Mot. to Compel, ECF No. 240, at 6 (representing that Request No. 12 was limited to items bearing the Michael Kors trademark).) In addition, the appropriate time limit for these requests is 2014 to the present, based on the discovery bearing upon when the alleged infringing watches were first obtained.

Given that Amazon complaints, seller reinstatement, and notice as to whether AS knew that it was selling counterfeit goods are central to the issues in this case, the Court finds that Plaintiffs have amply established a need for the documents held by Sage Camera.

    4) *Burden Imposed*

Other than arguing that the searches will be burdensome, Sage Camera has not offered any concrete information regarding the scope of their anticipated production. Rather, they represent that there is a mere "handful" of relevant documents. (Sage Camera Opp'n, ECF No. 229, at 3, 19.) That is a very light burden. Other than that estimate, however, Sage Camera has not provided any specific details as to the number of documents that would need to be produced, the scope of the production, or any other information to establish that the production would be unduly burdensome. The Court thus concludes that Sage Camera is adequately protected from "significant expense" resulting from compliance.

For all of the reasons outlined above, a balancing of the factors relevant to a determination on a motion to enforce a Rule 45 subpoena weighs in favor of Plaintiffs. As a result, the motion to compel is granted in part, with the limitations outlined above.

## CONCLUSION

Plaintiffs' Motion to Compel (ECF Nos. 209 and 210) enforcement of the subpoenas issued to Sage Camera, Inc. and Sage Camera NY, LLC is granted in part. Sage Camera's request for costs is denied.[2] (*See* Sage Camera Opp'n, ECF No. 229, at 22–23 (requesting imposition of costs).)

**SO ORDERED.**

Dated: Brooklyn, New York
         October 19, 2022

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court notes that, as a general rule, if a motion to compel under Rule 37 is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the court must not order this payment if "the opposing party's nondisclosure, response, or objection was substantially justified; or . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A); *see also* Rule 45(d)(1) (providing for sanctions where a party does not "take reasonable steps to avoid imposing undue burden or expense on a person subject to" a subpoena issued under Rule 45). Motions to compel, pursuant to Fed. R. Civ. P. 37, are left to the sound discretion of the court. *See United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000). Here, given the non-frivolous arguments raised by Sage Camera, the Court declines to order briefing on costs as to the motion to compel, but also denies Sage Camera's request for costs given that the Court has determined that the subpoena does not impose an undue burden on Sage Camera.