UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FOSSIL GROUP, INC. and MICHAEL KORS, L.L.C.,

             Plaintiffs,

v.

ANGEL SELLER LLC; ERIC STERNBERG, and JOHN DOES 2-5,

             Defendants.

**MEMORANDUM & ORDER**
20-CV-02441 (HG) (TAM)

**HECTOR GONZALEZ**, United States District Judge:

    Pending before the Court is the Objection of Defendants Angel Seller, LLC and Eric Sternberg ("Defendants") to the Honorable Taryn A. Merkl's February 25, 2022 Order granting in part and denying in part the parties' joint motion for discovery ("Discovery Order"). ECF No. 161. For the reasons set forth below, Defendants' Objection to the Discovery Order is denied, and the Court adopts in full Judge Merkl's Discovery Order.

## BACKGROUND

    The Court assumes the parties' familiarity with the facts and procedural history of the case and only provides a summary of the pertinent procedural history. This case arises from a trademark infringement dispute between Plaintiffs Fossil Group, Inc. ("Fossil") and Michael Kors, L.L.C. ("Michael Kors") (collectively, "Plaintiffs"), and Defendants. Plaintiffs allege that Defendants are selling counterfeit watches that infringe upon Michael Kors's trademarks through Defendants' Amazon.com storefront. ECF No. 1 at ¶ 2.

    On January 31, 2022, the Court held a motion hearing on the parties' outstanding discovery disputes as outlined in the parties' joint motion for discovery. *See* ECF Nos. 153, 158. On February 25, 2022, Judge Merkl issued the Discovery Order. ECF No. 161. Defendants filed

an Objection to the Discovery Order on March 11, 2022 ("Objection"). ECF Nos. 168, 183.[1] On January 25, 2023, Defendants filed a letter-motion requesting an extension of time to file pre-motion conference letters for their anticipated motion for summary judgment. ECF No. 300. In the letter-motion, Defendants stated in a footnote that their Objection was still pending. ECF No. 300 at 1 n.1.

## LEGAL STANDARD

Under Rule 72(a) of the Federal Rules of Civil Procedure, a district judge reviewing a magistrate judge's order on a non-dispositive motion must "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). An order is "clearly erroneous if, based on all the evidence, a reviewing court 'is left with the definite and firm conviction that a mistake has been committed,'" *Storms v. United States*, No. 13-cv-0811, 2014 WL 3547016, at *4 (E.D.N.Y. July 16, 2014) (quoting *United States v. Murphy*, 703 F.3d 182, 188 (2d Cir. 2012)), and "is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Weiner v. McKeefery*, No. 11-cv-2254, 2014 WL 2048381, at *3 (E.D.N.Y. May 19, 2014).[2] "This standard is highly deferential, imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge abused his or her discretion." *Ahmed v. T.J. Maxx Corp.*, 103 F. Supp. 3d 343, 350 (E.D.N.Y. 2015).

---

[1] The Court will cite to the latest version of Defendants' Objection filed on the docket, ECF No. 183.

[2] Unless noted, case law quotations in this Order accept all alterations, and omit internal quotation marks, citations, and footnotes.

## DISCUSSION

Defendants raise three objections to the Discovery Order: (i) the Court's denial of additional discovery concerning "other entities['] [attempts] to counterfeit the accused watch models; or [] that might contradict the counterfeiting contentions," ECF No. 161 at 11, was erroneous because these are relevant to Defendants' potential defenses, ECF No. 183 at 5–8; (ii) the Court's decision that "information regarding [] tracing marks is neither relevant nor proportional to the needs of the case," ECF No. 161 at 9, because ▌▌▌▌▌▌▌▌▌▌▌▌ ▌▌▌▌▌▌▌▌▌▌ was erroneous because Fossil uses tracing marks in assessing whether Michael Kors watches are genuine or counterfeit, ECF No. 183 at 8–12; and (iii) the Court's finding that based on Fossil's representations "there was nothing else to produce" related to interrogatory no. 18, ECF No. 161 at 10, was erroneous because Defendants have a right to this information, ECF No. 183 at 12–13.

As a threshold matter, the Court notes that fact discovery is now largely complete. In a Minute Entry and Order dated April 7, 2022, the Court set May 13, 2022, as the deadline for the close of fact discovery, and on July 21, 2022, the Court confirmed that, with the exception of third-party discovery disputes, fact discovery was largely complete. *See* ECF No. 199 at 9. In light of this, Defendants' Objection to the Discovery Order is rendered moot by the close of fact discovery.

Second, Defendants themselves appear to have waived or abandoned the Objection. On December 5, 2022, following a conference on outstanding discovery issues, the Court ordered the parties to submit "an omnibus joint letter outlining the outstanding discovery issues." Minute Entry and Order dated December 5, 2022. The omnibus joint letter was filed on December 13, 2022, and did not raise any discovery issues related to the Objection. *See generally* ECF No.

3

286-1.  In fact, in this letter, both Plaintiffs and Defendants express frustration with each other's "endless fishing expedition[s.]"  ECF No. 286-1 at 4, 15.  Fact discovery in this case commenced over two years ago.  *See* ECF No. 14, Scheduling Order dated August 26, 2020.  Since then, the Court has presided over numerous conferences and issued multiple decisions regarding discovery, many of which have been hotly contested.  The Court has an obligation to "secure the just, *speedy*, and inexpensive determination of every action and proceeding" and at some point, discovery must come to an end.  *See* Fed. R. Civ. P. 1 (emphasis added).

In any event, the Court conducted a review of the Discovery Order and independently concludes that Judge Merkl properly considered all evidence submitted and all arguments raised by the parties, properly applied the relevant law, and ultimately reached the right conclusions.  The Discovery Order was neither "clearly erroneous" nor "contrary to law."  Fed. R. Civ. P. 72(a).  Any additional fact discovery related to third-party entities that have attempted to counterfeit the accused watch models, tracing mark technology, or contentions for interrogatory no. 18 is not proportional, relevant, or available to be produced.

## **CONCLUSION**

For the reasons set forth above, the Court affirms the Discovery Order granting in part and denying in part the parties' joint motion for discovery.

SO ORDERED.

                                                  */s/ Hector Gonzalez*
                                                  HECTOR GONZALEZ
                                                  United States District Judge

Dated: Brooklyn, New York
       January 31, 2023