

Tarter Krinsky & Drogin LLP
1350 Broadway
New York, NY 10018
P 212.216.8000
F 212.216.8001
www.tarterkrinsky.com

**Mark Berkowitz**
**Partner**
**212-216-1166**
mberkowitz@tarterkrinsky.com

**Via ECF**                                                                                                                                         August 9, 2023

The Honorable Taryn A. Merkl, U.S.M.J.
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

                Re:   *Fossil Group, Inc. et al. v. Angel Seller, LLC et al.*, No. 1:20-cv-2441-HG-TAM
                      Status Letter per July 26 and August 7, 2023 Orders

Dear Judge Merkl:

       We represent Defendants Angel Seller, LLC ("AS") and Eric Sternberg (collectively, "Defendants") in the above-referenced matter. Pursuant to Your Honor's July 26 and August 7, 2023 Orders, we submit this letter, along with Plaintiffs Fossil Group, Inc. ("Fossil") and Michael Kors L.L.C. ("MK") (collectively, "Plaintiffs"), in response to the Court's Orders directing the Parties to meet and confer and file a joint status report by 8/3/2023 including an agreed-upon proposed briefing schedule for the motion for summary judgment, updated to 8/9/2023. The Parties set forth their respective positions below, as well as a chart showing their competing proposed dates.

**Defendants' Position**

       As the Court is aware, Plaintiffs produced hundreds of "newly located" documents comprising 515 pages on the evening of July 7, 2023 and a privilege log for about 200 previously-undisclosed documents on July 14, 2023. On July 25, 2023, Defendants made an opposed request for a second adjournment of the schedule for summary judgment briefing so that they could engage in a meaningful meet and confer with Plaintiffs' counsel regarding these new developments.

       But despite the Court's July 26, 2023 Order "direct[ing the parties] to meet and confer," Plaintiffs refused to answer almost every single question that Defendants asked about Plaintiffs' July 7, 2023 document production, refused to answer any questions about Plaintiffs' July 14, 2023 privilege log, and refused to discuss scheduling a further meet and confer beyond the 45 minute call it agreed to on July 27, 2023. (*See, e.g.*, Ex. A at 8–10 (email summarizing call).)

       Rather, Plaintiffs have maintained the claim previously made by email to Defendants, i.e., that the purported reason for the "newly located" documents is that Plaintiffs conducted a search of additional email accounts, as well as archive folders and "inaccessible messages" they contend they previously had no obligation to search. (Plaintiffs have not explained why those accounts

were searched now but not previously.)[1] However, Plaintiffs refused to answer, *inter alia*, in which email accounts these "newly located" documents were found or the search terms that were used. Defendants pointed out that Amber Barnes (Fossil's key witness) was the only Fossil addressee found on many of the "newly-located" emails, but Plaintiffs still would not confirm that those emails were found in Ms. Barnes' email account. Plaintiffs also would not answer whether any of the new documents were actually found in email accounts that were not searched during fact discovery. Instead, Plaintiffs' counsel repeatedly feigned confusion over such custodian-related questions (while at the same time, obstinately insisting that no further searching was needed).

Plaintiffs' motive for obstructing this process is clear—it would reveal that they should be sanctioned. Defendants demanded these documents **years** ago, and Plaintiffs repeatedly assured Defendants and the Court that they had searched for and produced these documents. For example, in the parties' December 15, 2021 Omnibus Discovery Letter, Defendants argued that:

> Fossil has not performed a proper . . . email search. For example, Fossil has only produced a handful of emails from Amber Barnes, despite other documents indicating that Ms. Barnes has responsive emails with other Fossil employees and outside contractors. Fossil has not produced . . . communications with Amazon . . . .

(ECF No. 158 at 5; *see also* ECF No. 51 at 1–2.) In response, Plaintiffs argued: "***This is false***. Fossil searched and produced responsive documents and emails (including with Amazon)." (*Id.* (emphasis added).) The Court agreed with Defendants that "Fossil's reports, communications, and submissions to Amazon concerning AS are clearly relevant and must be produced in full, if they have not been already." (ECF No. 161 at 12.) The July 7 Production contains **numerous** emails between Fossil and Amazon concerning AS that Plaintiffs withheld in violation of this Order.

The July 7 Production also includes emails with MK employees discussing AS, including at least one email with Amazon concerning AS. MK was ordered to produce these documents in 2021. (ECF No. 90). Defendants repeatedly complained about MK's failure to comply, but Plaintiffs argued that "files and emails were searched and the few responsive emails were logged." (ECF No. 158 at 5.) Accordingly, the Court declined further action. (ECF No. 161 at 12; *see also* ECF No. 312, 2/17/23 Hr'g Tr. 39:9–41:21 (again declining further action).)

Plaintiffs have also refused outright to meet and confer regarding Plaintiffs' July 14, 2023 privilege log, attached hereto as Exhibit B. For example, Plaintiffs rejected Defendants' requests for clarification as to the meaning of the various columns, as to the meaning of the various rows (e.g., if they relate to the same email chains), as to the general subject matter listed for the various rows, and the identities of some of the individuals listed. (*Compare, e.g.*, Ex. A at 9–10 (reiterating Defendants' questions), *with*, *id.* at 7 (again, refusing to answer).) Moreover, there are more than 50 documents withheld that do not include an attorney on the correspondence; and Plaintiffs' excuse that Ms. Barnes is a ***non-lawyer*** member of Fossil's "legal department" does not address the issue.[2] Plaintiffs' suggestion that Ms. Barnes was acting on behalf of an attorney is belied by Fossil's testimony, in which Ms. Barnes and her attorney supervisor asserted that Ms. Barnes acts alone. (*See, e.g.*, ECF No. 101-3, Barnes Tr. 24:12 ("[F]or the U.S., I'm a team of one really.").)

---

[1] Plaintiffs falsely assert that Defendants "do not dispute" that the new search was not proportional to the needs of this case. Plaintiffs have provided almost no information about their searching.

[2] Plaintiffs falsely assert that Defendants did not challenge their prior log. (*See* ECF No. 51 at 3.)

Plaintiffs have also refused to meet and confer regarding their designation of almost the entire July 7 Production as HIGHLY CONFIDENTIAL, despite their obligation to meet and confer within seven days under the Protective Order. (ECF No. 15 ¶ 9.) Plaintiffs have, instead, attempted to deflect from their discovery misconduct by raising new "issues" with Defendants' productions. Plaintiffs' complaints are red herrings (and waived long ago). Defendants have made repeated requests to meet and confer since the parties' failed July 27 call; Plaintiffs have rejected them all.

Plaintiffs' newly-produced documents tell a decidedly different story than the narrative Plaintiffs have presented in this case, and also establish that Plaintiffs concealed the involvement of additional Fossil employees in the salient events. Put simply, Defendants' discovery, and the path it pursued in this litigation, would have been markedly different had Plaintiffs conducted a proper document search, timely produced these documents, and timely disclosed the additional witnesses revealed in these documents. For example, Defendants would have, *inter alia*:

- Deposed ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ who was not previously disclosed but who ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮;

- Deposed ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ who was not previously disclosed but who ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮;

- Renewed their efforts to compel a deposition of Svetlana Petinot, who Plaintiffs previously represented to the Court "lack[s] pertinent information for discovery purposes" but who, the newly-produced documents show, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (ECF No. 112 at 4; *see also* ECF No. 110, 10/8/21 Hr'g Tr. 6:13–7:17; ECF No. 158 at 13–14; 1/31/22 Hr'g Tr. 123:23–127:7);

- Subpoenaed a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; and

- Asked Amber Barnes about new documents that show she ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

The appropriate remedy for Plaintiffs' blatant withholding of relevant documents is sanctions, and Defendants request leave to submit a sanctions motion under to Rule 37(b) & (c).

Despite Plaintiffs' attempt to brief the merits of such anticipated sanctions motion below, Defendants believe a sanctions motion is premature, because they ***still*** do not understand why these documents were not timely produced due to Plaintiffs' refusal to meet and confer. Defendants also believe that Plaintiffs are improperly withholding additional documents, at least (i) in the possession of custodians where the July 7 Production was found (but whose accounts were not searched during fact discovery) and (ii) in the non-attorney emails listed in the July 14 Privilege Log. Defendants request that they first be given leave to submit a motion to compel that Plaintiffs search the new custodians accounts for the search terms used by Plaintiffs during fact discovery, and that the Court conduct an *in camera* review of the logged non-attorney correspondence.

3

With respect to the briefing schedule for summary judgment, Defendants propose that the deadline for opening summary judgment motions be adjourned until two weeks after an Order is issued resolving these anticipated motions to compel, for *in camera* review, and for sanctions.

**Plaintiffs' Position**

The Court should reset the summary judgment schedule and deny Defendants' requests for (1) leave to file a motion to compel new document searches; (2) leave to file a Rule 37 sanctions motion; and (3) for the Court to conduct an *in camera* review of privilege log documents. Defendants only notified Plaintiffs of these three specific requests through their copy of this letter, which was provided to Plaintiffs at 1:32 p.m. ET Thursday, August 3, the day it was due, even though no telephonic or written conferrals on those three specific requests had been held. Likewise, Defendants only just added the above bullet-point list of additional discovery targets and alleged summary of the newly proposed documents and provided it to us in a revised draft at 3:46pm on today's deadline (August 9); these summaries misstate and mispresent the documents. Defendants have demonstrated their intent to use the joint statement and requests as a basis to further delay adjudication. Defendants' requests should be denied for failure to confer in good faith and on the merits as they lack support under the record, rules, and case law as shown below.

<u>There is No Good Cause or Basis to Reopen Discovery or Delay Summary Judgment</u>

Defendants fail to establish good cause to reopen discovery, compel more document searches, and delay summary judgement any further. The request should be denied for at least the following reasons: (i) summary judgment is imminent, (ii) the request is opposed, (iii) the new documents are cumulative and do not change the landscape of any claim or defense, (iv) Plaintiffs would be prejudiced by further delay, (v) the parties have had ample opportunity to conduct extensive discovery, (vi) discovery has already been reopened a number of times, (vii) Defendants have long known that hundreds of people work at Fossil globally, (viii) additional searches will not lead to more relevant evidence; and (ix) Defendants fail to identify any concrete tangible need for more evidence in any specific categories or topics.

Plaintiffs' Rule 26(e) supplemental production was made on July 7, 2023. It consisted of a couple hundred pages of newly located emails and attachments that were either irrelevant or cumulative of what has already been produced. These documents were located during discovery of another case through a new and separate email search of *all* Fossil Group email accounts globally—over seven hundred (700)—including archives and otherwise inaccessible archive folders to the front-end user. The parties do not dispute that the scope of this supplemental search was far beyond the Federal Rules' requirements for proportionality and is not the standard required for discovery in this action. *See* Fed. R. Civ. P. 26(b)(1). Once located through this overbroad search, the non-privileged potentially responsive documents were promptly produced and the privileged ones were promptly logged. The supplemental production does not change the probative landscape with respect to the issues being briefed in summary judgment or at issue in this case as to Plaintiffs (although as noted below, it revealed deficiencies that Defendants still have not cured). Plaintiffs already consented to Defendants' request for an extension of the summary judgment briefing schedule, which was sought on the grounds that Defendants needed more time to address any potential impact on their Rule 56.1 statement of facts. ECF No. 349 at 2. Since that time, Defendants have not articulated any specific concrete impact on their Rule 56.1 statement that would prevent the parties from moving forward with summary judgment. Defendants have had ample time to review and incorporate the supplemental production, if needed. The Court should

reject their efforts to delay adjudication with more baseless discovery disputes.

Defendants mischaracterize the July 27th meet and confer call. *See* Ex. C (Plaintiffs' July 31st reply email). Plaintiffs' counsel met and conferred in good faith and answered Defendants' counsel's questions for thirty-five minutes, in addition to other email exchanges. Among other things, Plaintiffs' counsel explained the scope of the new searches, terms used, and how and why the recently produced documents were identified; confirmed that no additional documents were coming and that we were not aware of any other responsive documents that would not have been located through a combination of the many prior searches, plus the recent global email search covering Angel Seller keywords; and offered to consider additional search terms. (Defendants' counsel did not provide any terms for consideration and cannot now complain).

Defendants' cursory confidentiality designation objections are meritless, not in compliance with the protective order, and not ripe. *See* Ex. F (unresponded-to email from Plaintiffs' counsel).

There is No Basis for a Rule 37 Sanctions Motion, Nor Has Any Conferral Occurred

Defendants' vague request to file a Rule 37 motion for sanctions should be denied on both the merits and because Defendants failed to follow the Court's Individual Rules & Practices ¶ 3.A. The parties discussed the supplemental production in writing and by phone for a nearly a month, but Defendants never indicated they intended to file a Rule 37 motion. Rather, this request was identified *for the first time* in Defendants' draft joint report sent to us by email at 1:32 p.m. ET the day the report was due. Defendants' vague request above fails to articulate the basis for their proposed motion or the specific relief they plan to seek. That Plaintiffs located and promptly produced additional documents after conducting an overly exhaustive and *not proportional* search (including of archives and over 700 custodians with no connection to the underlying facts) as a result of a separate lawsuit involving different counsel for both sides demonstrates compliance with Rule 26(e), and is not a violation that supports sanctions. Nor is a proposed Rule 37 motion as articulated here, even if permitted, a reasonable basis on which to delay summary judgment.

An *In Camera* Review is Not Warranted or Supported, Nor Has Any Conferral Occurred

Defendants' cursory request for an *in camera* review of privileged documents should be rejected. An *in camera* inspection is the exception rather than the rule, and Defendants' request is inadequate as it is based on a speculative "belief" that there could be additional responsive discoverable documents logged. That Senior Brand Protection Specialist Amber Barnes is not a lawyer herself and that she is on certain internal messages without a lawyer is not alone an adequate basis for this untimely request. Ms. Barnes works in the legal department at Fossil under the supervision of lawyers in the U.S. and abroad. Similar entries between Ms. Barnes and non-lawyers were logged by Plaintiffs in 2021, but Defendants did not challenge them while fact discovery was open or waived the issue upon the close of fact discovery. *See* Ex. D (extract of Plaintiffs' 2021 Privilege Log). It is black letter law that attorney-client privilege and work product can extend to materials or communications created by or conveyed with non-lawyers, including paralegals and legal department employees.[3] Defendants' misplaced belief that the logged communications cannot contain requests for or conveyance of legal advice, materials prepared in

---

[3] *See, e.g.*, Fed. R. Civ. P. 26(b)(3)(A); *Doe v. Darien Bd. of Educ.*, No. 3:11 CV 1581 JBA, 2012 WL 4056737, at *2 (D. Conn. Sept. 14, 2012) (upholding attorney-client privilege for memorandum prepared by paralegal); *United States v. Nobles*, 422 U.S. 225, 238-39 (1975).

anticipation of litigation, or other protectable content simply because a lawyer was not copied on that specific communication is speculative and insufficient. Further, having consented to the close of discovery without challenging those entries, Defendants waived this objection and lack standing to now complain about the content of similar entries. *Cf.* Order, ECF No. 302 at 3 ("Defendants themselves appear to have waived or abandoned the Objection.").

Defendants' general complaints that the privilege log is too general or that their requests for clarification were not answered are also misplaced. The supplemental privilege log complies with or exceeds the requirements of the Federal and Local Rules and Defendants questions have been answered. *See* Ex. D; Local Rule 26.2. Further, as noted in the log, many documents were logged in an abundance of caution, even though they are not responsive or relevant to the claims or defenses raised in the action, or they do not relate to Defendants. Ex. B n.1. There is no basis for the Court to conduct an intrusive burdensome *in camera* review of irrelevant documents. Defendants' complaints are also puzzling as they themselves just served a privilege log on August 3, 2023, at 3:32 p.m. ET. *See* Ex. E (August 3rd email from Hudak).

<u>Defendants Refuse to Confer on, Correct, or Cure Their Newly-Discovered Deficiencies</u>

Plaintiffs' supplemental production demonstrates that Defendants have withheld relevant responsive documents and information and refuse to comply with their obligations under Rule 26(e) to address these issues. This includes: (1) Angel Seller's offers to sell and sales of Michael Kors watches on Walmart. This information and sales data was never disclosed during discovery, even though it was required by Court Order in 2021, *see* ECF No. 90 at 3-4 ("Defendants are directed to produce…financial documents for Defendants' revenue, costs, and profits for the Michael Kors watches."); and (2) Evidence that consumers have complained directly to Angel Seller about the sale of counterfeit Michael Kors watches, which was the subject of many discovery requests. *See, e.g.*, ECF No. 90. Plaintiffs raised these issues consistently in writing and on a meet and confer call with Defendants' counsel throughout July 2023, but Defendants ignored the questions, refused to confer, and now maintain that they will do nothing to cure these deficiencies. *See* Ex. E (email from Hudak). Regardless of the volume, Defendants' withholding evidence of their sales of Michael Kors watches on other platforms or consumers complaints that those watches were counterfeit is a violation of the Federal Rules and this Court's Orders. Plaintiffs are prepared to brief summary judgment on the record as it stands, but reserve all rights with regards to these deficiencies, including if discovery is reopened or in a damages phase.

**Parties' Proposed Dates**

| Event | Plaintiffs' Proposed Deadline | Defendants' Proposed Deadline |
|---|---|---|
| Opening motions for summary judgment, together with party's Rule 56.1 Statement and any accompanying exhibits to be exchanged | August 14, 2023 | Two weeks after issuance of an Order resolving the July 7 Production and July 14 Privilege Log matters |
| Responses to summary judgment motions to be exchanged | September 18, 2023 | Four weeks after opening motions |
| Replies to summary judgment motions to be exchanged | October 16, 2023 | Two weeks after responses |

6

| Event | Plaintiffs' Proposed Deadline | Defendants' Proposed Deadline |
|---|---|---|
| Proposed redactions related to the summary judgment motions to be exchanged | October 23, 2023 | One week after replies |
| Motions and supporting documents, and responses and replies to be filed | October 30, 2023 | One week after exchange of proposed redactions |
| Omnibus memorandum in support of sealing documents related to the summary judgment motions and exhibits | November 6, 2023 | None<br>*This event not anticipated by the Court's April 28, 2023 Order (it was combined with the filing deadline above)* |

Respectfully submitted,

TARTER KRINSKY & DROGIN LLP

*s/ Mark Berkowitz*

Mark Berkowitz