# Exhibit A

| From: | Sandra A. Hudak |
|---|---|
| Sent: | Tuesday, August 8, 2023 9:48 PM |
| To: | Marsh, Michelle Mancino; Korotkin, Lindsay; Zell, Laura E.; Capolino, Margherita A.; Roman, Eric; Leung, Jeff; Michael Lee |
| Cc: | Yu, Elise H.; FOSSIL-ANGELSELLER; Mark Berkowitz; Joel H. Rosner |
| Subject: | RE: [EXT] Production -- Fossil Group, Inc. et al. v. Angel Seller LLC et al., No. 1:20-cv-02441-WFK-TAM (E.D.N.Y.) |

Counsel:

As previously advised, Plaintiffs need to shorten their section to fit within the page limit. Please update Plaintiffs' section without further delay.

Plaintiffs are just playing a game by rejecting our most recent request to meet and confer. Defendants have repeatedly explained their position. We reiterate our request to meet and confer. We are currently available tomorrow from 3:30-5pm.

Regards,
Sandra



**Sandra A. Hudak|Counsel**
T: 212-216-1174|F: 212-216-8001
shudak@tarterkrinsky.com|Bio
Tarter Krinsky & Drogin LLP
1350 Broadway|New York|NY|10018
www.tarterkrinsky.com|LinkedIn

*Crain's 2022 best places to work in NYC*

**From:** Yu, Elise H. <elise.yu@afslaw.com>
**Sent:** Monday, August 7, 2023 4:41 PM
**To:** Sandra A. Hudak <shudak@tarterkrinsky.com>; Korotkin, Lindsay <lindsay.korotkin@afslaw.com>
**Cc:** FOSSIL-ANGELSELLER <FOSSIL-ANGELSELLER@afslaw.com>; Mark Berkowitz <mberkowitz@tarterkrinsky.com>; Joel H. Rosner <jrosner@tarterkrinsky.com>; Michael Lee <michael@leelawservices.com>
**Subject:** RE: [EXT] Production -- Fossil Group, Inc. et al. v. Angel Seller LLC et al., No. 1:20-cv-02441-WFK-TAM (E.D.N.Y.)

Hi Sandra,

Should we still expect an updated draft status report from Defendants today? That was my understanding based on your Friday emails. If you are now indicating that Defendants' updated draft anticipates us cutting our portion to give equal pages, that is fine, but we need your redline first.

Regarding your request to meet and confer, you need to confirm: is Defendants' position what's been articulated in the draft status report? Or if there is other or more specific relief Defendants are attempting to explore through the meet and confer process, please let us know by email first so that we can appropriately consider it with our client and provide definitive answers. In any case, please let us know when we can expect the draft status report back from you.

Thanks,



**Elise H. Yu**
ASSOCIATE | ARENTFOX SCHIFF LLP
SHE/HER/HERS

elise.yu@afslaw.com | 734.222.1556 **DIRECT** | 248.890.0035 **MOBILE**

Bio | LinkedIn | Subscribe

350 South Main Street, Suite 210, Ann Arbor, MI 48104

---

**From:** Sandra A. Hudak <shudak@tarterkrinsky.com>
**Sent:** Monday, August 7, 2023 3:47 PM
**To:** Yu, Elise H. <elise.yu@afslaw.com>; Korotkin, Lindsay <lindsay.korotkin@afslaw.com>
**Cc:** FOSSIL-ANGELSELLER <FOSSIL-ANGELSELLER@afslaw.com>; Mark Berkowitz <mberkowitz@tarterkrinsky.com>; Joel H. Rosner <jrosner@tarterkrinsky.com>; Michael Lee <michael@leelawservices.com>
**Subject:** RE: [EXT] Production -- Fossil Group, Inc. et al. v. Angel Seller LLC et al., No. 1:20-cv-02441-WFK-TAM (E.D.N.Y.)

Counsel:

Further to our email on Friday, another problem with Plaintiffs' draft is that it extends for almost 4 full pages. As you know, Judge Merkl's Individual Rule 3.A limits joint discovery letters to 5 pages total. While we disagree with Plaintiffs' tack to turn this status report into a discovery letter, if Plaintiffs insist on doing so, they must shorten their section to fit within the page limit (while leaving equivalent space for Defendants' portion).

Plaintiffs have rejected our requests to meet and confer regarding the issues in the Status Report at least four times now, but we reiterate our request for a meet and confer.

Regards,
Sandra



**Sandra A. Hudak|Counsel**
T: 212-216-1174|F: 212-216-8001
shudak@tarterkrinsky.com|Bio
Tarter Krinsky & Drogin LLP
1350 Broadway|New York|NY|10018
www.tarterkrinsky.com|LinkedIn

*Crain's 2022 best places to work in NYC*

**From:** Yu, Elise H. <elise.yu@afslaw.com>
**Sent:** Friday, August 4, 2023 6:26 PM
**To:** Sandra A. Hudak <shudak@tarterkrinsky.com>; Korotkin, Lindsay <lindsay.korotkin@afslaw.com>
**Cc:** FOSSIL-ANGELSELLER <FOSSIL-ANGELSELLER@afslaw.com>; Mark Berkowitz <mberkowitz@tarterkrinsky.com>; Joel H. Rosner <jrosner@tarterkrinsky.com>; Michael Lee <michael@leelawservices.com>
**Subject:** Re: [EXT] Production -- Fossil Group, Inc. et al. v. Angel Seller LLC et al., No. 1:20-cv-02441-WFK-TAM (E.D.N.Y.)

Sandra, we disagree that we've raised new issues with our position. Defendants have been on notice of these issues since at least July 20 and we attempted to meet and confer with you on these issues last week. Nor are we seeking leave to file a motion at this time that requires conferral on Defendants' deficiencies that we've pointed out in our position. That said, as a professional courtesy, we will not oppose the request for the extension to file the joint status report if you would please update the letter to reflect that Plaintiffs don't oppose the requested extension. We'll look forward to hearing from you Monday and can decide then if a meet and confer makes sense. Thanks.



**Elise H. Yu**
ASSOCIATE | ARENTFOX SCHIFF LLP
SHE/HER/HERS

elise.yu@afslaw.com | 734.222.1556 **DIRECT** | 248.890.0035 **MOBILE**

Bio | LinkedIn | Subscribe

350 South Main Street, Suite 210, Ann Arbor, MI 48104

**From:** Sandra A. Hudak <shudak@tarterkrinsky.com>
**Sent:** Friday, August 4, 2023 5:01:45 PM
**To:** Yu, Elise H. <elise.yu@afslaw.com>; Korotkin, Lindsay <lindsay.korotkin@afslaw.com>
**Cc:** FOSSIL-ANGELSELLER <FOSSIL-ANGELSELLER@afslaw.com>; Mark Berkowitz <mberkowitz@tarterkrinsky.com>; Joel H. Rosner <jrosner@tarterkrinsky.com>; Michael Lee <michael@leelawservices.com>
**Subject:** RE: [EXT] Production -- Fossil Group, Inc. et al. v. Angel Seller LLC et al., No. 1:20-cv-02441-WFK-TAM (E.D.N.Y.)

Counsel:

Given the late hour and the numerous issues raised by Plaintiffs' draft, we will need to let the Court know that additional time is needed to file the Status Report. A draft letter to the Court is attached. Please confirm that we can file.

Based on an initial review of Plaintiffs' draft, we spotted at least the following problems. First, we do not consent to Plaintiffs editing Defendants' section of the letter. Second, Plaintiffs ironically raise issues in their letter that the parties have not met and conferred on. Third, Plaintiffs' section includes lengthy argument on the merits of Defendants' anticipated motions, whereas Defendants' section simply requests leave from the Court to argue the issues—among other issues, Defendants cannot argue the merits of their anticipated motions (which rely on information that Plaintiffs have designated as confidential and AEO) in this public filing.

We will review and provide any further edits on Monday. We also propose that the Parties meet and confer on Monday or Tuesday.

Regards,
Sandra



**Sandra A. Hudak|Counsel**
T: 212-216-1174|F: 212-216-8001
shudak@tarterkrinsky.com|Bio
Tarter Krinsky & Drogin LLP
1350 Broadway|New York|NY|10018
www.tarterkrinsky.com|LinkedIn

*Crain's 2022 best places to work in NYC*

**From:** Yu, Elise H. <elise.yu@afslaw.com>
**Sent:** Friday, August 4, 2023 4:11 PM
**To:** Korotkin, Lindsay <lindsay.korotkin@afslaw.com>; Sandra A. Hudak <shudak@tarterkrinsky.com>
**Cc:** FOSSIL-ANGELSELLER <FOSSIL-ANGELSELLER@afslaw.com>; Mark Berkowitz <mberkowitz@tarterkrinsky.com>; Joel H. Rosner <jrosner@tarterkrinsky.com>; Michael Lee <michael@leelawservices.com>
**Subject:** RE: [EXT] Production -- Fossil Group, Inc. et al. v. Angel Seller LLC et al., No. 1:20-cv-02441-WFK-TAM (E.D.N.Y.)

Counsel:

Please see attached joint statement with Plaintiffs' position inserted and see attached Exhibits C - E. Please also note that we have indicated in redline two removals: 1 from the introduction and 1 from Defendants' position statement. The redline in the introduction simply removes Defendants' characterization of the meet and confer process from the introduction, which I'm sure you will agree should be neutral. The redline in Defendants' position statement, per my email of earlier today regarding Defendants' objections to Plaintiffs' confidentiality designations, simply removes the section regarding Defendants' objections to the confidentiality designations since that issue is not yet ripe for the court's review. Please be advised that we do not consent to your filing the joint statement with this section in. So if you insist on including this section, then please let us know ASAP so we can input Plaintiffs' position as to that issue. If both redline removals are acceptable to you, please proceed with accepting those removals and filing the joint statement along with Plaintiffs' Exhibits C through E.

Thank you,



**Elise H. Yu**
ASSOCIATE | ARENTFOX SCHIFF LLP

SHE/HER/HERS

elise.yu@afslaw.com | 734.222.1556 **DIRECT** | 248.890.0035 **MOBILE**
Bio | LinkedIn | Subscribe
350 South Main Street, Suite 210, Ann Arbor, MI 48104

**From:** Korotkin, Lindsay <lindsay.korotkin@afslaw.com>
**Sent:** Thursday, August 3, 2023 7:36 PM
**To:** Sandra A. Hudak <shudak@tarterkrinsky.com>
**Cc:** FOSSIL-ANGELSELLER <FOSSIL-ANGELSELLER@afslaw.com>; Mark Berkowitz <mberkowitz@tarterkrinsky.com>; Joel H. Rosner <jrosner@tarterkrinsky.com>; Michael Lee <michael@leelawservices.com>
**Subject:** RE: [EXT] Production -- Fossil Group, Inc. et al. v. Angel Seller LLC et al., No. 1:20-cv-02441-WFK-TAM (E.D.N.Y.)

Sandra,

Plaintiffs need more time to review and respond to the three page submission that you sent to us for the first time after 1:30 p.m. today, the day it is due. We will send our response tomorrow for filing. We also understand from your prior response that there is no declaration attached to Defendants' portion of this submission. If we are wrong you must send us a copy for prior review. If you would like to notify the court that our submission will be coming tomorrow instead of today, please send us a joint statement for our prior approval.



**Lindsay Korotkin**
PARTNER | ARENTFOX SCHIFF LLP

lindsay.korotkin@afslaw.com | 212.457.5548 **DIRECT**
Bio | My LinkedIn | Subscribe
1301 Avenue of the Americas, 42nd Floor, New York, NY 10019

**From:** Sandra A. Hudak <shudak@tarterkrinsky.com>
**Sent:** Thursday, August 3, 2023 3:08 PM
**To:** Marsh, Michelle Mancino <michelle.marsh@afslaw.com>; Korotkin, Lindsay <lindsay.korotkin@afslaw.com>; Zell, Laura E. <laura.zell@afslaw.com>; Capolino, Margherita A. <margherita.capolino@afslaw.com>; Roman, Eric <eric.roman@afslaw.com>; Leung, Jeff <jeff.leung@afslaw.com>; Michael Lee <michael@leelawservices.com>

**Cc:** FOSSIL-ANGELSELLER <FOSSIL-ANGELSELLER@afslaw.com>; Mark Berkowitz <mberkowitz@tarterkrinsky.com>; Joel H. Rosner <jrosner@tarterkrinsky.com>
**Subject:** RE: [EXT] Production -- Fossil Group, Inc. et al. v. Angel Seller LLC et al., No. 1:20-cv-02441-WFK-TAM (E.D.N.Y.)

Counsel,

Plaintiffs have had Defendants' position for weeks. We have asked for continued meet and confers, all to no avail.

Exhibits A and B cited in Defendants' portion of the status report are attached.

Regards,
Sandra



**Sandra A. Hudak|Counsel**
T: 212-216-1174|F: 212-216-8001
shudak@tarterkrinsky.com|Bio
Tarter Krinsky & Drogin LLP
1350 Broadway|New York|NY|10018
www.tarterkrinsky.com|LinkedIn

*Crain's 2022 best places to work in NYC*

**From:** Korotkin, Lindsay <lindsay.korotkin@afslaw.com>
**Sent:** Thursday, August 3, 2023 2:39 PM
**To:** Sandra A. Hudak <shudak@tarterkrinsky.com>
**Cc:** FOSSIL-ANGELSELLER <FOSSIL-ANGELSELLER@afslaw.com>; Mark Berkowitz <mberkowitz@tarterkrinsky.com>; Joel H. Rosner <jrosner@tarterkrinsky.com>; Michael Lee <michael@leelawservices.com>
**Subject:** RE: [EXT] Production -- Fossil Group, Inc. et al. v. Angel Seller LLC et al., No. 1:20-cv-02441-WFK-TAM (E.D.N.Y.)
**Importance:** High

Sandra,

Sending us your position and draft for the first time at 1:30pm the day a joint report is due is sandbagging. We asked for your draft by Monday 7/31. We are reviewing your draft now. It appears to reference exhibits and/or a declaration that you did not share with us. If you plan to attach anything to this joint draft, assuming we agree to filing in this format notwithstanding your delay, please sent it to us now.



**Lindsay Korotkin**
PARTNER | ARENTFOX SCHIFF LLP

lindsay.korotkin@afslaw.com | 212.457.5548 **DIRECT**
Bio | My LinkedIn | Subscribe
1301 Avenue of the Americas, 42nd Floor, New York, NY 10019

**From:** Sandra A. Hudak <shudak@tarterkrinsky.com>
**Sent:** Thursday, August 3, 2023 1:32 PM
**To:** Marsh, Michelle Mancino <michelle.marsh@afslaw.com>; Korotkin, Lindsay <lindsay.korotkin@afslaw.com>; Zell, Laura E. <laura.zell@afslaw.com>; Capolino, Margherita A. <margherita.capolino@afslaw.com>; Roman, Eric <eric.roman@afslaw.com>; Leung, Jeff <jeff.leung@afslaw.com>; Michael Lee <michael@leelawservices.com>
**Cc:** FOSSIL-ANGELSELLER <FOSSIL-ANGELSELLER@afslaw.com>; Mark Berkowitz <mberkowitz@tarterkrinsky.com>; Joel H. Rosner <jrosner@tarterkrinsky.com>
**Subject:** RE: [EXT] Production -- Fossil Group, Inc. et al. v. Angel Seller LLC et al., No. 1:20-cv-02441-WFK-TAM (E.D.N.Y.)

Counsel:

Please find attached Defendants' portion of the status report due today. Please insert Plaintiffs' position and return.

Regards,
Sandra



**Sandra A. Hudak|Counsel**
T: 212-216-1174|F: 212-216-8001
shudak@tarterkrinsky.com|Bio
Tarter Krinsky & Drogin LLP
1350 Broadway|New York|NY|10018
www.tarterkrinsky.com|LinkedIn

*Crain's 2022 best places to work in NYC*

**From:** Korotkin, Lindsay <lindsay.korotkin@afslaw.com>
**Sent:** Monday, July 31, 2023 12:09 PM
**To:** Sandra A. Hudak <shudak@tarterkrinsky.com>
**Cc:** FOSSIL-ANGELSELLER <FOSSIL-ANGELSELLER@afslaw.com>; Mark Berkowitz <mberkowitz@tarterkrinsky.com>; Joel H. Rosner <jrosner@tarterkrinsky.com>; Marsh, Michelle Mancino <michelle.marsh@afslaw.com>; Roman, Eric <eric.roman@afslaw.com>; Michael Lee <michael@leelawservices.com>
**Subject:** RE: [EXT] Production -- Fossil Group, Inc. et al. v. Angel Seller LLC et al., No. 1:20-cv-02441-WFK-TAM (E.D.N.Y.)

Dear Counsel:

As stated on Thursday's call and in prior writings, Plaintiffs' supplemental production shows that Defendants have failed to produce relevant and responsive documents, including:

1. Angel Seller's offers to sell and sales of Michael Kors watches on Walmart. This information and sales data was never disclosed during discovery, even though it was required by Court Order in 2021, *see* Dkt. 90 ("Defendants are directed to produce..... financial documents for Defendants' revenue, costs, and profits for the Michael Kors watches"); and

2. Evidence that consumers have complained directly to Angel Seller about the sale of counterfeit Michael Kors watches, which was the subject of many discovery requests as well. *See, e.g.*, Dkt. 90.

3. Defendants never produced a privilege log to justify the basis for their withheld communications and documents relating to Fossil, Michael Kors, the Angel Seller-Amazon communications, or other complaints received from Amazon, customers, or third parties. As discussed, documents produced in this litigation reveal the existence of a number of attorney client communications regarding Fossil and Michael Kors, indeed, Mark Berkowitz authored letters about Fossil and Michael Kors that someone requested from him, electronically received, and submitted to Amazon in an attempt to reinstate the "Angel Seller" Amazon account. To date you have neither clarified if a privilege log is forthcoming or if Defendants are waiving all privilege claims for these documents and communications in a forthcoming production.

Instead, Defendants have refused to address these issues in writing or on our meet and confer call last week. Therefore, we request that you please answer these questions in writing without further delay as they are relevant and germane to the parties' joint report due to the Court and will be addressed in that submission:

- What steps if any are Defendants taking to investigate and cure the deficiencies relating to the above categories?
- If and by when will Defendants supplement their production pursuant to Rule 26(e)?

- If and by when will Defendants provide a privilege log?

Your below summary of our call is also not accurate and contains many misrepresentations. For example, on our call, the parties agreed that a search of over 700 Fossil custodial accounts globally was not proportional to the needs of any case, yet below you incorrectly state that Plaintiffs expressed a belief that it was proportional. Contrary to your vague complaints below, we met and conferred in good faith last week and answered Defendants' counsel's questions for thirty-five minutes. Among other things, we explained the scope of the new searches, terms used, and how and why the recently-produced documents were identified, including that they came from over seven hundred (700) custodial Fossil email accounts globally and included searches of archives and folders inaccessible to the front end user. We further confirmed that as soon as these documents were identified they were promptly produced, that no additional documents would be coming, and that we are not aware of any other documents that might be responsive to the narrow issues in this case that would not have been located through a combination of the many prior searches, plus the recent global email search on over 700 global accounts for keywords covering Angel Seller.

Regarding your privilege log questions, the last two column names are explained in the document and its footnotes. *See* FN 1 ("Documents may appear in more than one category. Many documents in these categories are not responsive or are not relevant to the claims or defenses raised in the action in the first instance, including because they do not relate to Defendants, and therefore do not need to be logged. *See 99 Wall Dev. Inc. v. Allied World Specialty Ins. Co.*, No. 18-CV-126 (RA) (KHP), 2019 WL 2482356, at *2 (S.D.N.Y. June 14, 2019) ("If a document is not relevant, the Court need not address whether the document is privileged."). However, in an abundance of caution, they would nevertheless be protected from disclosure pursuant to the same privileges set forth on this log."); FN 2 (""Documents Withheld" represents the number of documents to which privilege applies in each category; "Documents Withheld, Including Duplicative Families" includes these documents with families, some of which may not be authored by a legal employee or counsel, but the production of which would disclose the content of privileged communications."). As shown in the log, all "Sender(s)/Recipients/Copee(s)" are included on the communications listed in each category. The supplement privilege log complies with the Federal and Local Rules and provides more than adequate information to explain the nature and basis for the privileges claimed. The communications and documents logged are each protected by the privileges listed in the log. As noted in footnote 1, many of these documents are not even responsive under prior Court orders but were listed on the log in an abundance of caution. Your cited-to case is distinguishable and does not cover the work of Amber Barnes, who sits in the legal department and works under the supervision of and reports to lawyers and their foreign equivalents. Your discussion of the 2018 and 2019 dates for work product is speculative and reflects an incorrect myopic view of the log. Discussions of matters involving third parties are not relevant, responsive, or proportional, but as noted in footnote one have been listed on the log in an abundance of caution. Attorney client communication and work product privileges apply to documents logged in this case regardless of whether they are in relation to Angel Seller or a third party.

Defendants have not articulated any reason why any additional meeting and conferring or time is needed. We have already consented to an extension of the summary judgment briefing schedule to address any potential impact caused by the timing of the production. You have made no other requests, nor have you alleged that you need more time. Oppositely, we requested time to meet and confer with you regarding the deficiencies in Defendants' production revealed by Plaintiffs' recent supplemental production as well as Defendants' failure to produce any privilege log whatsoever. But Defendants refused to discuss those issues on last week's call. As you already know, we have very limited availability this week. Michelle remains out of the office and completely unavailable as her father is in the hospital dealing with significant complications from pancreatic cancer and she is his primary caretaker. Eric is also still out of the office in Japan through this week as well. I am in the office for part of this week but have a number of prior deadlines and client matters to attend to, in

addition to covering for Michelle while she is out. To that end, last Thursday I asked for Defendants' responses to the above questions regarding Defendants' deficiencies and your portion of a short status report for the Court by today. We look forward to receiving it so that we have time in the limited windows we have available this week to respond. In terms of a proposed new briefing schedule per the Court's request, we propose:

- Opening motions for summary judgment shall be exchanged by Monday 8/7/2023, together with the party's Rule 56.1 Statement and any accompanying exhibits.
- The parties shall exchange responses by Monday 9/11/2023.
   - *The prior week is Labor Day*
- The parties shall exchange replies by Monday 10/9/2023.
   - *The prior week is Sukkot and we believe Mark will not be working. If that is not the case, we can bump this and the following deadline up by one week.*
- The parties shall exchange proposed redactions related to the summary judgment motions by Monday 10/16/2023.
- The parties shall file their motions, as motions to electronically file documents under seal, if necessary, by Monday 10/23/2023.
- Each party may file an omnibus memorandum in support of sealing documents related to the summary judgment motions and exhibits by Monday 10/30/2023, and, to the extent the parties are discussing a particular motion, the memoranda must identify the document(s) at issue by the ECF numbers assigned to the motions and exhibits.

Thank you,



**Lindsay Korotkin**
PARTNER | ARENTFOX SCHIFF LLP

lindsay.korotkin@afslaw.com | 212.457.5548 **DIRECT**
Bio | My LinkedIn | Subscribe
1301 Avenue of the Americas, 42nd Floor, New York, NY 10019

---

**From:** Sandra A. Hudak <shudak@tarterkrinsky.com>
**Sent:** Friday, July 28, 2023 11:02 AM
**To:** Marsh, Michelle Mancino <michelle.marsh@afslaw.com>; Korotkin, Lindsay <lindsay.korotkin@afslaw.com>; Zell, Laura E. <laura.zell@afslaw.com>; Capolino, Margherita A. <margherita.capolino@afslaw.com>; Roman, Eric <eric.roman@afslaw.com>; Leung, Jeff <jeff.leung@afslaw.com>; Michael Lee <michael@leelawservices.com>
**Cc:** FOSSIL-ANGELSELLER <FOSSIL-ANGELSELLER@afslaw.com>; Mark Berkowitz <mberkowitz@tarterkrinsky.com>; Joel H. Rosner <jrosner@tarterkrinsky.com>
**Subject:** RE: [EXT] Production -- Fossil Group, Inc. et al. v. Angel Seller LLC et al., No. 1:20-cv-02441-WFK-TAM (E.D.N.Y.)


Counsel:

We write to summarize yesterday's call, during which Plaintiffs refused to answer almost every single question that Defendants asked about Plaintiffs' July 7, 2023 document production, refused to answer any questions about Plaintiffs' July 14, 2023 privilege log, and refused to discuss scheduling a continuation of the meet and confer beyond the 45 minutes it agreed to yesterday.

With respect to the July 7, 2023 document production, Plaintiffs stated that the reason that the documents in their July 7, 2023 document production were "newly located" is that they were found after a global search of "every single" Fossil

email account, amounting to about 700 accounts, as well as archive folders and "inaccessible messages." Plaintiffs also represented that there were no more documents coming. However, Plaintiffs refused to answer, *inter alia*:

- Why these email accounts, archive folders, and inaccessible messages were not searched before (other than to say that such a search would be disproportional to this case, but Plaintiffs would not answer why they believed it is proportional now in the Texas case but not for this New York case)
- In which email accounts/custodians' possession the newly produced documents were found (including refusing to answer if the newly-produced emails where Amber Barnes was the only Fossil addressee were found in Amber Barnes' email account)
- What search terms were used in this new search that found the newly-produced documents (Plaintiffs stated that Angel Seller was searched, but would not provide any further details, including what permutations of Angel Seller were supposedly used, and seemed to indicate that *only* the search term Angel Seller was used)
- What search terms were used in their previous searches conducted during fact discovery (Plaintiffs would only state that Angel Seller was searched, but would not provide any further details, including what permutations of Angel Seller were supposedly used, and stated that "many search terms" were used that were not used in the new search)
- Who was responsible for performing the new search (e.g., individuals at Fossil, individuals at Michael Kors, Arent Fox, a different law firm, etc., other than stating that Lindsay Korotkin was not involved in the search and that perhaps an individual from some entity's IT department was involved)
- Who was responsible for Plaintiffs' previous searches conducted during fact discovery
- Why certain non-responsive redactions were made (other than to argue that they were consistent with redactions that were not challenged by Defendants in the past or that were permitted after an in camera review of different documents by the Court)

Defendants tried for about 30 minutes to obtain answers to the above questions, but were met only with obstructive responses arguing that the questions were unclear or that the questions had already been answered and that Defendants' counsel should move on to the next question. At no point did Plaintiffs' counsel offer to obtain additional information that could answer Defendants' questions. When asked whether Plaintiffs would be searching the email accounts in which the newly-produced documents containing the term "Angel Seller" were found (using the search terms that had been used by Plaintiffs when conducting their previous searches in fact discovery), Plaintiffs adamantly refused and claimed there was no reason to think that further responsive emails would be contained in those email accounts, although Defendants offered multiple reasons to believe this was the case, including Plaintiffs' apparent failure to run the search terms they previously ran when collecting responsive documents earlier in this case.

Then, after 30 minutes, Plaintiffs refused outright to allow Defendants' counsel to ask any additional questions—insisting that it was time for Plaintiffs to ask about their "issues." Plaintiffs' counsel talked over Defendants' counsel when they attempted to ask the following questions regarding Plaintiffs' July 14, 2023 privilege log:

- What is the difference between/meaning of the two right-most columns (labelled "Documents Withheld, Including Near Duplicates" and "Documents Withheld, Including Duplicative or Non-Responsive Families")
- How did Plaintiffs' decide on how to group each row in the log?
    - Does each row indicate emails that belong to the same email chain?
    - Are all "Sender(s)/Recipients/Copee(s)" included on every communication included in each row?
- What does "trademark enforcement actions" (which is listed as the subject matter on every single row of the log) mean?
    - Does "trademark enforcement actions" include brand protection activities conducted in the ordinary course of business?
        - As we noted in our July 21 email, Row 4 seems to correlate to FOSSIL3703–07, and appear to be communications about a price tracking notification email about supposed "MAP violations" sent in the ordinary course of business
    - The Privilege Log's category descriptions are extremely vague—can Plaintiffs provide more specific descriptions, so that we can reasonably assess the privilege claims?

- As we noted in our July 19 and 21 emails, it looks like there are more than 50 documents withheld do not include an attorney on the correspondence, what is Plaintiffs' basis for claiming that these are "attorney-client communications" or "work product"
    - We are aware of no authority that permits communications with an employee in the "legal department" to be withheld on the basis of attorney-client privilege. Rather, internal communications regarding routine business matters are not made "at the request of counsel and for the exclusive use of counsel in rendering legal representation," and thus are not privileged. *Rubie's Costume Co., Inc. v. Kangaroo Mfg., Inc.*, No. CV 16-6517 (SJF) (AKT), 2018 WL 4864833, at *5 (E.D.N.Y. Sept. 28, 2018) (internal quotation omitted).
    - Further, "work product" protection only applies to, inter alia, documents prepared in anticipation of litigation. *See, e.g., id.* at *3 ("'It is well established that work-product privilege does not apply to' documents that are prepared 'in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation.'") (quoting *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998)).
        - At a minimum, Plaintiffs' withheld emails from 2018 and 2019 cannot plausibly have been created "because of" anticipated litigation, and cannot be withheld. *Id.*; (*see, e.g.*, FOSSIL3703 (appears to be discussion of price tracking email implemented in the ordinary course of business)).
- Row 8 says that Jeremy Newman is an attorney, what firm is he with?
    - Our investigations reveal that this email chain seems to be with a brand protection company (Rouse), for which he would not be acting in the capacity of an attorney

Plaintiffs' obstruction of the meet and confer also prevented Defendants' counsel from informally discussing Plaintiffs' over-designations of the July 7, 2023 document production. Please take notice that Defendants object to the CONFIDENTIAL and HIGHLY CONFIDENTIAL designations for all of the documents included in Plaintiffs' July 7, 2023 document production. Pursuant to the Protective Order, the parties must confer within seven (7) days of this notice in an attempt to resolve the dispute over the designated materials. **Please provide your availability to meet and confer.** We are generally available today or Monday.

With respect to the new "issues" that Plaintiffs have raised with Defendants in an attempt to deflect from their egregious discovery violations and misrepresentations to the Court, we will respond by separate communication. However, we note that, had Plaintiffs simply engaged in good faith discussions yesterday, we could have completed the meet and confer within the 45-minute time slot Plaintiffs agreed to. On the call, we offered to schedule a time for a continued meet and confer today or Monday, but Plaintiffs refused. The offer remains open (subject to scheduling conflicts that may arise).

Regards,
Sandra



**Sandra A. Hudak|Counsel**
T: 212-216-1174|F: 212-216-8001
shudak@tarterkrinsky.com|Bio
Tarter Krinsky & Drogin LLP
1350 Broadway|New York|NY|10018
www.tarterkrinsky.com|LinkedIn

*Crain's 2022 best places to work in NYC*

**From:** Sandra A. Hudak <shudak@tarterkrinsky.com>
**Sent:** Thursday, July 27, 2023 9:24 AM
**To:** Korotkin, Lindsay <lindsay.korotkin@afslaw.com>
**Cc:** FOSSIL-ANGELSELLER <FOSSIL-ANGELSELLER@afslaw.com>; Joel H. Rosner <jrosner@tarterkrinsky.com>; Mark Berkowitz <mberkowitz@tarterkrinsky.com>; Marsh, Michelle Mancino <michelle.marsh@afslaw.com>; Michael Lee

<[michael@leelawservices.com](mailto:michael@leelawservices.com)>
**Subject:** RE: [EXT] Production -- Fossil Group, Inc. et al. v. Angel Seller LLC et al., No. 1:20-cv-02441-WFK-TAM (E.D.N.Y.)

Please use the following dial-in for today's call at 4:15 p.m.:

    +1 (877) 304-9269
    Code: 269283

Regards,
Sandra



**Sandra A. Hudak|Counsel**
T: 212-216-1174|F: 212-216-8001
shudak@tarterkrinsky.com|Bio
Tarter Krinsky & Drogin LLP
1350 Broadway|New York|NY|10018
www.tarterkrinsky.com|LinkedIn

*Crain's 2022 best places to work in NYC*

**From:** Korotkin, Lindsay <[lindsay.korotkin@afslaw.com](mailto:lindsay.korotkin@afslaw.com)>
**Sent:** Thursday, July 27, 2023 8:31 AM
**To:** Sandra A. Hudak <[shudak@tarterkrinsky.com](mailto:shudak@tarterkrinsky.com)>
**Cc:** FOSSIL-ANGELSELLER <[FOSSIL-ANGELSELLER@afslaw.com](mailto:FOSSIL-ANGELSELLER@afslaw.com)>; Joel H. Rosner <[jrosner@tarterkrinsky.com](mailto:jrosner@tarterkrinsky.com)>; Mark Berkowitz <[mberkowitz@tarterkrinsky.com](mailto:mberkowitz@tarterkrinsky.com)>; Marsh, Michelle Mancino <[michelle.marsh@afslaw.com](mailto:michelle.marsh@afslaw.com)>; Michael Lee <[michael@leelawservices.com](mailto:michael@leelawservices.com)>
**Subject:** RE: [EXT] Production -- Fossil Group, Inc. et al. v. Angel Seller LLC et al., No. 1:20-cv-02441-WFK-TAM (E.D.N.Y.)

Sandra,

Michelle will likely not be available until Monday due to an ongoing family medical emergency and Eric is unavailable in Japan through August 3, but if Thursday still works for you, I am available from 4:15-5pm to confer on Plaintiffs' Rule 26(e) production and Defendants' outstanding deficiencies and failure to provide a privilege log. If you will still not be prepared to discuss Defendants' open discovery non-compliance on that call, then we can select a time on Friday or Monday instead for the conferral. Please confirm your response in writing.



**Lindsay Korotkin**
PARTNER | ARENTFOX SCHIFF LLP

lindsay.korotkin@afslaw.com | 212.457.5548 **DIRECT**
Bio | My LinkedIn | Subscribe
1301 Avenue of the Americas, 42nd Floor, New York, NY 10019

**From:** Sandra A. Hudak <[shudak@tarterkrinsky.com](mailto:shudak@tarterkrinsky.com)>
**Sent:** Wednesday, July 26, 2023 6:18 PM
**To:** Marsh, Michelle Mancino <[michelle.marsh@afslaw.com](mailto:michelle.marsh@afslaw.com)>; Korotkin, Lindsay <[lindsay.korotkin@afslaw.com](mailto:lindsay.korotkin@afslaw.com)>; Zell, Laura E. <[laura.zell@afslaw.com](mailto:laura.zell@afslaw.com)>; Capolino, Margherita A. <[margherita.capolino@afslaw.com](mailto:margherita.capolino@afslaw.com)>; Roman, Eric <[eric.roman@afslaw.com](mailto:eric.roman@afslaw.com)>; Leung, Jeff <[jeff.leung@afslaw.com](mailto:jeff.leung@afslaw.com)>; Michael Lee <[michael@leelawservices.com](mailto:michael@leelawservices.com)>
**Cc:** FOSSIL-ANGELSELLER <[FOSSIL-ANGELSELLER@afslaw.com](mailto:FOSSIL-ANGELSELLER@afslaw.com)>; Joel H. Rosner <[jrosner@tarterkrinsky.com](mailto:jrosner@tarterkrinsky.com)>; Mark Berkowitz <[mberkowitz@tarterkrinsky.com](mailto:mberkowitz@tarterkrinsky.com)>
**Subject:** RE: [EXT] Production -- Fossil Group, Inc. et al. v. Angel Seller LLC et al., No. 1:20-cv-02441-WFK-TAM (E.D.N.Y.)

Counsel:

Please let us know your availability to meet and confer tomorrow afternoon regarding Plaintiffs' July 7 document production and July 14 privilege log. We are currently available from 3-5:30pm.

Regards,
Sandra



**Sandra A. Hudak|Counsel**
T: 212-216-1174|F: 212-216-8001
shudak@tarterkrinsky.com|Bio
Tarter Krinsky & Drogin LLP
1350 Broadway|New York|NY|10018
www.tarterkrinsky.com|LinkedIn

*Crain's 2022 best places to work in NYC*

**From:** Korotkin, Lindsay <lindsay.korotkin@afslaw.com>
**Sent:** Tuesday, July 25, 2023 11:06 AM
**To:** Sandra A. Hudak <shudak@tarterkrinsky.com>; Michael Lee <michael@leelawservices.com>
**Cc:** FOSSIL-ANGELSELLER <FOSSIL-ANGELSELLER@afslaw.com>; Joel H. Rosner <jrosner@tarterkrinsky.com>; Mark Berkowitz <mberkowitz@tarterkrinsky.com>
**Subject:** Re: [EXT] Production -- Fossil Group, Inc. et al. v. Angel Seller LLC et al., No. 1:20-cv-02441-WFK-TAM (E.D.N.Y.)

Dear Counsel,

We do not consent to your proposed indefinite postponement of summary judgment briefing. We made our supplemental production on July 7. It consisted of a few hundred pages of emails and attachments that are either irrelevant or cumulative of what has already been produced. Our supplemental production does not change the landscape with respect to the issues being briefed in summary judgment, and you have had ample time to review and incorporate into your briefing whatever portion of the supplemental production you deem to be necessary. We do not see any reason to indefinitely delay dispositive briefing under these circumstances, and you have not articulated any reasonable basis for doing so.

Regards,



**Lindsay Korotkin**
PARTNER | ARENTFOX SCHIFF LLP

lindsay.korotkin@afslaw.com | 212.457.5548 **DIRECT**

Bio | My LinkedIn | Subscribe

1301 Avenue of the Americas, 42nd Floor, New York, NY 10019

---

**From:** Sandra A. Hudak <shudak@tarterkrinsky.com>
**Sent:** Monday, July 24, 2023 10:22:24 PM
**To:** Marsh, Michelle Mancino <michelle.marsh@afslaw.com>; Korotkin, Lindsay <lindsay.korotkin@afslaw.com>; Zell, Laura E. <laura.zell@afslaw.com>; Capolino, Margherita A. <margherita.capolino@afslaw.com>; Roman, Eric <eric.roman@afslaw.com>; Leung, Jeff <jeff.leung@afslaw.com>; Michael Lee <michael@leelawservices.com>
**Cc:** FOSSIL-ANGELSELLER <FOSSIL-ANGELSELLER@afslaw.com>; Mark Berkowitz <mberkowitz@tarterkrinsky.com>; Joel

H. Rosner <jrosner@tarterkrinsky.com>
**Subject:** RE: [EXT] Production -- Fossil Group, Inc. et al. v. Angel Seller LLC et al., No. 1:20-cv-02441-WFK-TAM (E.D.N.Y.)

Counsel:

Since Plaintiffs cannot meet and confer until later this week, we intend to ask the Court for a temporary adjournment of the summary judgment deadlines until the issues relating to Plaintiffs' supplemental production and withheld documents are resolved.

Defendants propose that: (1) the current schedule for summary judgment briefing be placed on hold while the Parties confer regarding Plaintiffs' July 7 production and July 14 privilege log; and (2) the Parties provide the Court with a status report on August 3, 2023 regarding proposed next steps. Please advise **by noon EDT tomorrow** whether Plaintiffs consent.

Regards,
Sandra



**Sandra A. Hudak|Counsel**
T: 212-216-1174|F: 212-216-8001
shudak@tarterkrinsky.com|Bio
Tarter Krinsky & Drogin LLP
1350 Broadway|New York|NY|10018
www.tarterkrinsky.com|LinkedIn

*Crain's 2022 best places to work in NYC*

**From:** Korotkin, Lindsay <lindsay.korotkin@afslaw.com>
**Sent:** Monday, July 24, 2023 2:17 PM
**To:** Sandra A. Hudak <shudak@tarterkrinsky.com>
**Cc:** FOSSIL-ANGELSELLER <FOSSIL-ANGELSELLER@afslaw.com>; Mark Berkowitz <mberkowitz@tarterkrinsky.com>; Joel H. Rosner <jrosner@tarterkrinsky.com>; Michael Lee <michael@leelawservices.com>
**Subject:** RE: [EXT] Production -- Fossil Group, Inc. et al. v. Angel Seller LLC et al., No. 1:20-cv-02441-WFK-TAM (E.D.N.Y.)

Dear Sandra,

Please provide a response to our questions below and confirm if Defendants will be supplementing their productions or providing a privilege log. If you would like to confer further, please provide times of availability on Wednesday or Thursday and confirm that you will be prepared to discuss the Defendants' outstanding issues as well at that time. Michelle is still in the hospital with her dad through at least tomorrow.

Separately, we clarify that for the below statement: "These documents were located through a separate search that was just conducted in connection with a separate matter across well over fifty (50) email accounts at Fossil", the actual number was over seven hundred (700) email accounts, not fifty (50) email accounts.

If you decline and write a unilateral letter to the Court without leave, then you must include this entire chain as an attachment.



**Lindsay Korotkin**
PARTNER | ARENTFOX SCHIFF LLP

lindsay.korotkin@afslaw.com | 212.457.5548 **DIRECT**

Bio | My LinkedIn | Subscribe

**From:** Sandra A. Hudak <shudak@tarterkrinsky.com>
**Sent:** Friday, July 21, 2023 9:37 AM
**To:** Marsh, Michelle Mancino <michelle.marsh@afslaw.com>; Korotkin, Lindsay <lindsay.korotkin@afslaw.com>; Zell, Laura E. <laura.zell@afslaw.com>; Capolino, Margherita A. <margherita.capolino@afslaw.com>; Roman, Eric <eric.roman@afslaw.com>; Leung, Jeff <jeff.leung@afslaw.com>; Michael Lee <michael@leelawservices.com>
**Cc:** FOSSIL-ANGELSELLER <FOSSIL-ANGELSELLER@afslaw.com>; Mark Berkowitz <mberkowitz@tarterkrinsky.com>; Joel H. Rosner <jrosner@tarterkrinsky.com>
**Subject:** RE: [EXT] Production -- Fossil Group, Inc. et al. v. Angel Seller LLC et al., No. 1:20-cv-02441-WFK-TAM (E.D.N.Y.)

Counsel:

Your email still does not substantively respond to our questions below, including:
- Why were these documents not "located" before?
- Did Plaintiffs not search for the search term "Angel Seller" before?
- What search terms did Plaintiffs use to "newly locate[]" these documents now?

These documents are not "non-responsive or otherwise cumulative or near duplicates of long-ago produced documents." Rather, they reveal highly relevant information that should have been produced long ago, including documents that Plaintiffs represented to the Court had been searched for and produced (e.g., emails between Amber Barnes and Amazon: FOSSIL003834–36, 3837–42, 3845–47, 3850–52, 3853–54, 3855–58, 3859–60, 3883–86, 3889–91, 3892–94, 3895–98, 3908–12, 3913–17, 3928–29, 3950–54, 3968–72). At a minimum, we need to understand why these documents were not produced during fact discovery.

With respect to the privilege log, we are aware of no authority that permits communications with an employee in the "legal department" to be withheld on the basis of attorney-client privilege. Rather, internal communications regarding routine business matters are not made "at the request of counsel and for the exclusive use of counsel in rendering legal representation," and thus are not privileged. *Rubie's Costume Co., Inc. v. Kangaroo Mfg., Inc.*, No. CV 16-6517 (SJF) (AKT), 2018 WL 4864833, at *5 (E.D.N.Y. Sept. 28, 2018) (internal quotation omitted). Further, "work product" protection only applies to, *inter alia*, documents prepared in anticipation of litigation. *See, e.g.*, *id.* at *3 ("'It is well established that work-product privilege does not apply to' documents that are prepared 'in the ordinary course of business or that would have been created in essentially similar form irrespective of the litigation.'") (quoting *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998)). At a minimum, Plaintiffs' withheld emails from 2018 and 2019 cannot plausibly have been created "because of" anticipated litigation, and cannot be withheld. *Id.*; (*see, e.g.*, FOSSIL3703 (appears to be discussion of price tracking email implemented in the ordinary course of business)).

Please provide your availability for a meet and confer without further delay. If you are unable to confer by end of day Monday, we will submit a letter to the Court explaining the situation and requesting guidance.

Regards,
Sandra



**Sandra A. Hudak|Counsel**
T: 212-216-1174|F: 212-216-8001
shudak@tarterkrinsky.com|Bio
Tarter Krinsky & Drogin LLP
1350 Broadway|New York|NY|10018
www.tarterkrinsky.com|LinkedIn

**From:** Korotkin, Lindsay <lindsay.korotkin@afslaw.com>
**Sent:** Thursday, July 20, 2023 4:11 PM
**To:** Sandra A. Hudak <shudak@tarterkrinsky.com>; Mark Berkowitz <mberkowitz@tarterkrinsky.com>; Joel H. Rosner <jrosner@tarterkrinsky.com>
**Cc:** FOSSIL-ANGELSELLER <FOSSIL-ANGELSELLER@afslaw.com>; Michael Lee <michael@leelawservices.com>
**Subject:** RE: [EXT] Production -- Fossil Group, Inc. et al. v. Angel Seller LLC et al., No. 1:20-cv-02441-WFK-TAM (E.D.N.Y.)

Dear Counsel,

Please explain the nature of your request for a conferral, as we already consented to your request for a two-week extension to determine if you need to update your Rule 56.1 statement. In any event, Michelle is unavailable and out of the office until next week due to a family emergency.

Pursuant to Rule 26(e), Fossil supplemented its production to produce newly located documents. These documents were located through a separate search that was just conducted in connection with a separate matter across well over fifty (50) email accounts at Fossil. As you know, this is well beyond the requirements of discovery in any action or the rules of proportionality. Nonetheless, once captured, consistent with Fossil's discovery obligations, the documents were promptly produced. None of these produced documents alter the landscape of Defendants' claims or defenses, as they are largely non-responsive or otherwise cumulative or near duplicates of long-ago produced documents. On the other hand, this production shows that Defendants have withheld and continue to withhold critical and important evidence, including: (1) Angel Seller's offers to sell and sales of Michael Kors watches on Walmart, something that was never before disclosed and that is contradictory to your and Defendants' claims throughout this case that sales were limited to Amazon.com and two (2) watches on NewEgg; and (2) evidence that consumers have complained directly to Angel Seller about the sale of counterfeit Michael Kors watches. If you maintain your request for a meet and confer next week, we would equally ask that you explain why this evidence was not produced during discovery or as a supplementation and that you be prepared to discuss the same.

Nor do we understand your questions about a privilege log. Internal communications with a legal department involving attorney client communications and work product are protected. The privilege log is compliant with the Federal and Local Rules and provides more than adequate disclosure of the nature of the privileges claimed. As a reminder, Defendants never produced a privilege log in this case. This omission is shocking considering that Defendants have produced documentary evidence establishing that they communicated with counsel in writing about Michael Kors watches and Fossil's infringement reports to Amazon and that Defendants' lead counsel Mark Berkowitz provided Defendants with written letters about these same topics for submission to Amazon. Again, if we are conferring, we would expect that you explain why Defendants withheld a privilege log during discovery or as a supplementation and that you be prepared to discuss the same. Alternatively, if you are not claiming privilege over these documents, then please promptly produce them.



**Lindsay Korotkin**
PARTNER | ARENTFOX SCHIFF LLP

lindsay.korotkin@afslaw.com | 212.457.5548 **DIRECT**
Bio | My LinkedIn | Subscribe
1301 Avenue of the Americas, 42nd Floor, New York, NY 10019

**From:** Sandra A. Hudak <shudak@tarterkrinsky.com>
**Sent:** Wednesday, July 19, 2023 7:02 PM
**To:** Marsh, Michelle Mancino <michelle.marsh@afslaw.com>; Korotkin, Lindsay <lindsay.korotkin@afslaw.com>; Zell, Laura E. <laura.zell@afslaw.com>; Capolino, Margherita A. <margherita.capolino@afslaw.com>; Roman, Eric <eric.roman@afslaw.com>; Leung, Jeff <jeff.leung@afslaw.com>; Michael Lee <michael@leelawservices.com>
**Cc:** FOSSIL-ANGELSELLER <FOSSIL-ANGELSELLER@afslaw.com>; Mark Berkowitz <mberkowitz@tarterkrinsky.com>; Joel H. Rosner <jrosner@tarterkrinsky.com>
**Subject:** RE: [EXT] Production -- Fossil Group, Inc. et al. v. Angel Seller LLC et al., No. 1:20-cv-02441-WFK-TAM (E.D.N.Y.)

Counsel:

It has been over a week, and Plaintiffs have not responded to our questions regarding their 2 year-late production of more than 350 documents on July 7, 2023. In addition, on Friday night, Plaintiffs provided a privilege log for the first time that seems to reveal that there were another 200 documents withheld on the basis of "attorney-client privilege," more than 50 of which do not include an attorney on the correspondence. We need to meet and confer regarding these productions. Please provide your availability tomorrow or Friday.

Regards,
Sandra



**Sandra A. Hudak|Counsel**
T: 212-216-1174|F: 212-216-8001
shudak@tarterkrinsky.com|Bio
Tarter Krinsky & Drogin LLP
1350 Broadway|New York|NY|10018
www.tarterkrinsky.com|LinkedIn

*Crain's 2022 best places to work in NYC*

**From:** Korotkin, Lindsay <lindsay.korotkin@afslaw.com>
**Sent:** Tuesday, July 11, 2023 1:52 PM
**To:** Sandra A. Hudak <shudak@tarterkrinsky.com>
**Cc:** FOSSIL-ANGELSELLER <FOSSIL-ANGELSELLER@afslaw.com>; Joel H. Rosner <jrosner@tarterkrinsky.com>; Mark Berkowitz <mberkowitz@tarterkrinsky.com>; Michael Lee <michael@leelawservices.com>
**Subject:** RE: [EXT] Production -- Fossil Group, Inc. et al. v. Angel Seller LLC et al., No. 1:20-cv-02441-WFK-TAM (E.D.N.Y.)

Dear Sandra:

Plaintiffs consent to your two-week scheduling adjustment. Please send us a draft joint proposal for our prior review and approval before filing.



### Lindsay Korotkin
PARTNER | ARENTFOX SCHIFF LLP

lindsay.korotkin@afslaw.com | 212.457.5548 **DIRECT**

Bio | My LinkedIn | Subscribe

1301 Avenue of the Americas, 42nd Floor, New York, NY 10019

**From:** Sandra A. Hudak <shudak@tarterkrinsky.com>
**Sent:** Monday, July 10, 2023 4:38 PM
**To:** Marsh, Michelle Mancino <michelle.marsh@afslaw.com>; Korotkin, Lindsay <lindsay.korotkin@afslaw.com>; Zell, Laura E. <laura.zell@afslaw.com>; Capolino, Margherita A. <margherita.capolino@afslaw.com>; Roman, Eric

<eric.roman@afslaw.com>; Leung, Jeff <jeff.leung@afslaw.com>; Michael Lee <michael@leelawservices.com>
**Cc:** Chapple, Timothy Eric <Timothy.Chapple@afslaw.com>; Valencia, Daniela Galeano <Daniela.Valencia@afslaw.com>; FOSSIL-ANGELSELLER <FOSSIL-ANGELSELLER@afslaw.com>; Joel H. Rosner <jrosner@tarterkrinsky.com>; Mark Berkowitz <mberkowitz@tarterkrinsky.com>; Alameda, Scott <Scott.Alameda@afslaw.com>
**Subject:** RE: [EXT] Production -- Fossil Group, Inc. et al. v. Angel Seller LLC et al., No. 1:20-cv-02441-WFK-TAM (E.D.N.Y.)


Counsel:

We are in receipt of Plaintiffs' production of documents, which was made late this past Friday night, i.e., a week before the parties are due to serve their summary judgment motions. Friday night's production totals more than 500 pages of documents. Why were these documents not "located" before? We have not yet been able to fully review these documents, but many of these documents appear to include the search term "Angel Seller," including in communications between Amber Barnes and Amazon. The production also includes other documents that should have been produced in discovery long ago, such as test buy documents that Plaintiffs were ordered by the Court to produce (ECF No. 90 at 2). Did Plaintiffs not search for the search term "Angel Seller" before? What search terms did Plaintiffs use to "newly locate[]" these documents now?

In all events, our initial review has identified documents that may pertain to the issues to be addressed in the parties' summary judgment, such as additional defamatory statements. Given Plaintiffs' eleventh-hour production, we will not be able to adequately review the documents in this production before this Friday's summary judgment deadline, much less determine whether to use any of these documents in support of our motion. Accordingly, we intend to ask the Court to extend all dates on the summary judgment schedule by two weeks so that we have time to fully review the production. Please advise, by no later than **2:00 PM EDT tomorrow, Tuesday, July 11, 2023**, whether Plaintiffs will consent to this adjustment in the briefing schedule for summary judgment.

Regards,
Sandra



**Sandra A. Hudak|Counsel**
T: 212-216-1174|F: 212-216-8001
shudak@tarterkrinsky.com|Bio
Tarter Krinsky & Drogin LLP
1350 Broadway|New York|NY|10018
www.tarterkrinsky.com|LinkedIn

*Crain's 2022 best places to work in NYC*

**From:** scott.alameda@afslaw.com <scott.alameda@afslaw.com>
**Sent:** Friday, July 7, 2023 10:07 PM
**To:** Sandra A. Hudak <shudak@tarterkrinsky.com>; Joel H. Rosner <jrosner@tarterkrinsky.com>; Mark Berkowitz <mberkowitz@tarterkrinsky.com>
**Cc:** timothy.chapple@arentfox.com; Korotkin, Lindsay <Lindsay.Korotkin@arentfox.com>; daniela.valencia@arentfox.com; fossil-angelseller@arentfox.com
**Subject:** [EXT] Production -- Fossil Group, Inc. et al. v. Angel Seller LLC et al., No. 1:20-cv-02441-WFK-TAM (E.D.N.Y.)





# scott.alameda@afslaw.com sent you a secure message

**Access message**

Dear Counsel,

Pursuant to Rule 26(e), please see attached a supplemental production of newly located documents.

Regards,

Transmitted by

Scott Alameda

*Secured by Kiteworks*

⏱ Attachments expire on Jul 22, 2023

📄 1 compressed file
FOSSIL003460-FOSSIL003974.zip

This message requires that you sign in to access the message and any file attachments.

If you received this message in error or need assistance, please contact the ArentFox Schiff 24x7 Service Desk at 1 844 239 5013 or send an email to ServiceDesk@arentfox.com for assistance.

---

Tarter Krinsky & Drogin is fully operational in-person. However, because of anticipated delays in receiving regular mail and other deliveries, please e-mail copies of

18