UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FOSSIL GROUP, INC. and MICHAEL KORS, L.L.C.,

              Plaintiffs,

v.

ANGEL SELLER LLC; ERIC STERNBERG, and JOHN DOES 2-5,

              Defendants.

**MEMORANDUM & ORDER**
20-CV-02441 (HG) (TAM)

**HECTOR GONZALEZ**, United States District Judge:

Pending before me are the Objections of Defendants Angel Seller LLC and Eric Sternberg to certain rulings of Magistrate Judge Merkl in her February 17, 2023, Discovery Order ("Discovery Order"). *See* February 17, 2023, Text Order. For the reasons set forth below, Defendants' Objections to the Discovery Order are denied.

## BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural history of the case and only provides a summary of the pertinent procedural history. This case arises from a trademark infringement dispute between Plaintiffs Fossil Group, Inc., and Michael Kors, L.L.C., and Defendants. Plaintiffs allege that Defendants are selling counterfeit watches that infringe upon Michael Kors's trademarks through Defendants' Amazon.com storefront. ECF No. 16 ¶¶ 2, 3, 24 (Amended Complaint).

On February 17, 2023, Judge Merkl held a motion hearing on a number of the parties' outstanding discovery disputes. *See* February 17, 2023, Text Order. After the three-hour hearing, Judge Merkl issued her rulings on the various issues presented by the parties. *Id*. On March 3, 2023, Defendants filed their Objections to the Discovery Order. ECF Nos. 315, 345

(Defendants' Rule 72(a) Objections to the Discovery Order).  Plaintiffs responded on March 17, 2023.  ECF Nos. 331, 347 (Plaintiffs' Response to Defendants' Rule 72(a) Objections to the Discovery Order).

## LEGAL STANDARD

Under Rule 72(a) of the Federal Rules of Civil Procedure, a district judge reviewing a magistrate judge's order on a non-dispositive motion must "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").  An order is "clearly erroneous if, based on all the evidence, a reviewing court is left with the definite and firm conviction that a mistake has been committed," *Storms v. United States*, No. 13-cv-0811, 2014 WL 3547016, at *4 (E.D.N.Y. July 16, 2014), and "is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure."  *Weiner v. McKeefery*, No. 11-cv-2254, 2014 WL 2048381, at *3 (E.D.N.Y. May 19, 2014).[1]  "This standard is highly deferential, imposes a heavy burden on the objecting party, and only permits reversal where the magistrate judge abused his [or her] discretion."  *Ahmed v. T.J. Maxx Corp.*, 103 F. Supp. 3d 343, 350 (E.D.N.Y. 2015).

## DISCUSSION

Defendants object to the Discovery Order, which:  (i) denied Defendants' motion to strike the expert report of Pascale Huber; (ii) denied Defendants' request for information including (a) a sample of the watch Ms. Huber relied on in her report, (b) notes allegedly taken by Ms. Huber,

---

[1] Unless noted, case law quotations in this Order accept all alterations, and omit internal quotation marks, citations, and footnotes.

and (c) printing specifications for the hangtags of certain watches; and (iii) denied Defendants' request to reopen discovery.  ECF No. 345.

As a threshold matter, I note that fact and expert discovery are complete and opening motions for summary judgment are to be exchanged later this month.  *See* December 26, 2023, Text Order.  In light of this, Defendants' Objections to the Discovery Order are rendered moot by the close of discovery.  Indeed, the parties confirmed at a hearing before Judge Merkl on April 28, 2023, that the parties' previous discovery issues had been sufficiently addressed and/or were rendered moot by the parties' determination to move for summary judgment.  *See* April 28, 2023, Text Order; ECF No. 346 at 114-115 (Mr. Berkowitz: "…There were a number of discovery issues on the table and I think if plaintiffs are moving past that, we'll move past ours. I mean if we close out discovery besides this one issue about certifying the last production, I think that we'd let go of whatever we were holding onto if plaintiffs do the same.").

In any event, I reviewed the Discovery Order and the transcript from the three-hour hearing held by Judge Merkl, and independently conclude that Judge Merkl properly considered all the evidence submitted and all the arguments raised by the parties, properly applied the relevant law, and ultimately reached the right conclusions.  The Discovery Order was neither "clearly erroneous" nor "contrary to law."  Fed. R. Civ. P. 72(a).

## CONCLUSION

For the reasons set forth above, the Court affirms the Discovery Order.

SO ORDERED.

                                                      */s/ Hector Gonzalez*
                                                      HECTOR GONZALEZ
                                                      United States District Judge

Dated: Brooklyn, New York
       January 8, 2024