UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

FOSSIL GROUP, INC. et al.,

                    Plaintiffs,

          -against-

ANGEL SELLER LLC et al.,

                    Defendants.

-----------------------------------------------------------X

**ORDER**
20-CV-2441 (HG) (TAM)
(Not for publication)

**TARYN A. MERKL**, United States Magistrate Judge:

WHEREAS, on April 5, 2024, Plaintiffs filed a fully briefed summary judgment motion with voluminous exhibits, (*see* Pls.' Mot. for Summ. J., ECF No. 382), together with a motion to seal and a supporting memorandum seeking to file portions of their motion and Defendants' summary judgment filings under seal, (*see* Pls.' Mot. to Seal, ECF No. 384; Pls.' Mem. in Supp., ECF No. 384-1); and Defendants filed a motion for leave to file under seal their fully briefed motion for summary judgment, (*see* Defs.' Mot. for Leave to File Under Seal, ECF No. 385), together with a memorandum in support of their motion to seal excerpts of both summary judgment motions, (*see* Defs.' Mem. in Supp., ECF No. 386);[1]

---

[1] The Court notes that where the parties' summaries of their sealing requests (ECF Nos. 384-2, 385, 386) conflict with the parties' highlighting in grey or teal, only the specific proposed redactions marked in grey or teal highlighting have been considered by the Court, except where the parties proposed that the *entire* document be filed under seal. For example, while Defendants' summary (ECF No. 386, at 3) noted an intent to seal responses to paragraphs 63–69, 116–117, 145, 146, 148, and 149 in Defendants' response to Plaintiffs' 56.1 Statement (ECF No. 382-25), Defendants did not highlight any portions of the **responses** to paragraphs 63–67, 116, 117, 145, 146, 148, or 149. Accordingly, the Court construes Defendants' motion to ***not*** request sealing related to those responses, due to the absence of highlighting.

1

WHEREAS, having reviewed the motions, exhibits, and sealing requests in light of the well established right of public access to judicial documents and the public's interest in monitoring the administration of justice, *see Mirlis v. Greer*, 952 F.3d 51, 58–59 (2d Cir. 2020); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *United States v. Aref*, 533 F.3d 72, 81–83 (2d Cir. 2008); *King Pharms., Inc. v. Eon Labs, Inc.*, No. 04-CV-5540 (DGT) (RLM), 2010 WL 3924689, at *4 (E.D.N.Y. Sept. 28, 2010) (collecting cases), the Court finds that the parties' motions to seal should be granted in part and denied in part,[2]

IT IS HEREBY ORDERED that the motions to seal[3] pertaining to Plaintiffs' Motion for Summary Judgment are GRANTED in part and DENIED in part, and the parties may publicly file the motions and attachments with the redactions indicated in the proposed filings, *except* as follows, because the Court finds that some of the information the parties request to seal includes important factual assertions and

---

[2] When reviewing a motion to seal, courts consider three factors: (1) whether the document is a "judicial document"; (2) "the weight of the presumption of access to that document"; and (3) whether "all of the factors that legitimately counsel against disclosure of the judicial document" outweigh "the weight properly accorded the presumption of access." *Mirlis*, 952 F.3d at 59 (quotation marks omitted). Here, the parties are seeking to seal portions of briefs and exhibits submitted in support of their respective summary judgment motions. Accordingly, in weighing the second factor, the Court affords significant weight to the presumption of access because the documents were submitted in support of their request for a judicial adjudication of the merits of this case. The Second Circuit has recognized "that the weight to be given" to the presumption of access to judicial documents falls along a continuum, and "must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*")); *see also Mirlis*, 952 F.3d at 60 ("The general and deeply rooted rule is that the presumptive right of access is afforded 'strong weight' when applied to documents that play a central role in 'determining litigants' substantive rights — conduct at the heart of Article III.'" (quoting *Amodeo II*, 71 F.3d at 1049); *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (finding that a "judicial document" is "relevant to the performance of the judicial function and useful in the judicial process" and that such documents are presumptively public (quotation marks omitted)).

[3] (*See* Pls.' Mot. to Seal, ECF No. 384; Pls.' Mem. in Supp., ECF No. 384-1; Defs.' Mot. for Leave to File Under Seal, ECF No. 385; Defs.' Mem. in Supp., ECF No. 386.)

argument that are highly relevant to the judicial function, that public filing of certain of the requested information does not realistically risk disclosure of confidential business information or trade secrets,[4] and that the parties have not established that the risk of disclosure outweighs the presumption of public access to court proceedings, to wit:

(1) Plaintiffs' requests to seal specific language (highlighted in grey) from Plaintiffs' Memorandum in Support (ECF No. 382-2), are GRANTED in part and DENIED in part. Specifically, on page 8, the request to seal the adjective describing the country where certain watch parts were made is GRANTED whereas the request to seal the word following the country-adjective is DENIED as it does not reveal a trade secret, it contains otherwise public information in this case, and it is relevant to an evaluation of Plaintiffs' summary judgment arguments;

(2) Certain of Defendants' requests to seal specific language (highlighted in teal) from Plaintiffs' Memorandum in Support (ECF No. 382-2), an important judicial document, are DENIED in part because they include requests to seal arguments and factual assertions that are highly relevant to the judicial

---

[4] It is well established that considerations of a "business's proprietary information, such as trade secrets or confidential research" can override the public right of access to judicial documents. *Crossman v. Astrue*, 714 F. Supp. 2d 284, 287 (D. Conn. 2009). However, the Second Circuit has cautioned that "[i]n most cases, a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need." *Video Software Dealers Assoc. v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). With regard to trade secrets specifically, "the party seeking to preclude disclosure of trade secrets has the burden to show that the information in fact constitutes a trade secret, that disclosure would harm [the] movant's competitive position and that the asserted harm outweighs the presumption of public access." *King Pharms., Inc.*, 2010 WL 3924689, at *6 (quotation marks omitted). Here, with regard to the disapproved proposed redactions, the Court finds that the parties' requests for sealing are overly broad and seek sealing of information that does not appear to actually comprise sensitive information, much less information that is so sensitive that the risk of disclosure outweighs the presumption of public access to Court proceedings. This has been an issue in this case for years. (*See, e.g.*, Nov. 10, 2021 ECF Order (quoting *King Pharms., Inc.*, 2010 WL 3924689, at *6).)

function and do not contain trade secrets or confidential business information. The request to seal the alleged supplier names in the last sentence of the first full paragraph on page 5 is GRANTED, but Defendants' requests to seal the following language are DENIED as these proposed redactions include important factual arguments that are highly relevant to the judicial function and do not include the type of information that may be protected as confidential business information, *see King Pharms.*, 2010 WL 3924689, at *6:

    a. the proposed redactions on page 2;

    b. the proposed redactions in the final paragraph on page 5;

    c. the proposed redactions on page 6, in footnote 4;

    d. the proposed redactions on pages 9 and 10; and

    e. the proposed redactions on page 19;

(3) Certain of Defendants' requests to seal specific language (highlighted in teal) in Plaintiffs' Rule 56.1 Statement (ECF No. 382-3), an important judicial document, are DENIED, including as to paragraphs 63–69, 116, 117, 136–138, 145, 146, 148, and 149, because the information sought to be sealed is highly relevant to an analysis of the claims in this case and does not contain trade secrets or confidential business information that justifies sealing;[5]

---

[5] The Court notes that although it has generally permitted Angel Seller to file under seal information regarding its alleged suppliers, substantial information regarding the purported supplier relationship between Angel Seller and Hedy's Corporate Gifts is already public. (*See, e.g.*, Aug. 15, 2022 Tr. of Status Conference, ECF No. 228, at 12:6–7, 14:12–15, 78:17–19 (discussing, *inter alia*, Hedy's as a supplier of the watches sold on Amazon); Dec. 5, 2022 Tr. of Status Conference, ECF No. 289, at 36:2–6 ("And the documents in [Defendant Sternberg's] December 15th production are the responses to Amazon with the attachments that show that in fact he got these watches from his parents' company, Hedy's Gifts.").) Accordingly, the Court denies Defendants' requests to seal information regarding Hedy's as a supplier.

(4) Certain of Defendants' requests to seal specific language (highlighted in teal) from the Declaration of Michelle Mancino March (ECF No. 382-4), are DENIED, insofar as the mentions of Hedy's in the last two lines of paragraph 18 and the proposed redactions in paragraph 22 may not be filed under seal, because these proposed redactions do not contain previously-undisclosed supplier information or confidential business information that justifies sealing, and as to paragraph 22 specifically, the factual allegations contained therein are directly relevant to Plaintiffs' arguments on summary judgment and the Court's adjudicative function, and Defendants have not overcome the weight of the presumption of access to be accorded this information;

(5) Defendants' request to seal Exhibit 2 to the Marsh Declaration (ECF No. 382-6) in its *entirety* is DENIED because the email correspondence and invoice contained therein do not contain confidential business information that justifies sealing, with the exception of the pricing information column and the total column on the invoice (at ECF p. 4), which may be considered confidential financial information and may thus be sealed;

(6) Defendants' requests to seal Exhibits 3, 4, 7, 8, 9, and 11 to the Marsh Declaration (ECF Nos. 382-7, 382-8, 382-11, 382-12, 382-13, 382-15) in their *entirety* are DENIED because the documents sought to be sealed do not contain confidential business information subject to protection. Rather, they contain an excerpt of Amazon's business records concerning alleged consumer complaints regarding products sold at the Angel Seller Amazon storefront (ECF No. 382-7), communications with Amazon (*see* ECF Nos. 382-8, 382-11, 382-12, 382-13, 382-15), and a letter to Amazon.com from counsel for Angel Seller (*see* ECF No. 382-11, at ECF pp. 5–9), which letter also contains a

5

copy of the invoice included in Exhibit 2 to the Marsh Declaration (at ECF No. 382-11, at ECF p. 8);[6]

(7) Certain of Plaintiffs' requests to seal specific language (highlighted in grey) from Defendants' Memorandum in Opposition (ECF No. 382-24), an important judicial document, are DENIED in part because they seek to seal argument and factual assertions that are highly relevant to the judicial function and do not contain trade secrets or confidential business information. Specifically, Plaintiffs' requests to seal the following language are DENIED:

    a. the proposed redactions on page 3 (*see* ECF p. 10); and

    b. the proposed redactions on page 20 (*see* ECF p. 27);

(8) Certain of Defendants' requests to seal specific language (highlighted in teal) in Defendants' Response to Plaintiffs' Rule 56.1 Statement (ECF No. 382-25), an important judicial document, are DENIED consistent with the findings *supra* as to Plaintiffs' Rule 56.1 Statement. The proposed sealing of language from paragraphs 63–69, 116, 117, 136–138, 145, 146, 148, and 149, is DENIED because the information sought to be sealed is highly relevant to an analysis of the claims in this case and does not contain trade secrets or confidential business information that justifies sealing. The proposed sealing of language

---

[6] The Court denies these requests to seal the documents in their entirety without prejudice. As to these exhibits, Defendants are granted leave to provide further authority for the request to seal these documents in their entirety and/or submit proposed redactions to these documents by filing a supplemental motion to seal by May 16, 2024. In addition, for the reasons discussed *supra*, the pricing information on the invoice may be redacted. (The Court notes that this pricing information may also be redacted from the copy of this invoice included at ECF No. 385-34, at ECF p. 4.)

in Defendants' response to paragraphs 68 and 69 (ECF No. 382-25, at ECF pp. 23–24) is likewise DENIED;

(9) Defendants' request to seal Exhibit 26 to Defendants' Memorandum in Opposition (ECF No. 382-41) in its *entirety* is DENIED without prejudice, *see supra* note 6, because the exhibit does not contain confidential business information subject to protection. Rather, it contains email correspondence concerning an alleged consumer complaint to Amazon. Defendants may propose redactions to this exhibit, but have not provided sufficient justification for the entire exhibit to be filed under seal in the current posture, i.e., summary judgment;

(10) Certain of Defendants' requests to seal portions of Defendant Sternberg's deposition transcript are DENIED, i.e., the language on page 89 of the deposition may not be filed under seal (*see* ECF No. 382-43, at ECF p. 7). Although Defendants may redact the supplier names on page 89 and the names of business contacts, the remainder of Mr. Sternberg's testimony on page 89 of the deposition transcript does not reveal confidential business information and may not be redacted, and the Court further finds that there is no basis to seal lines 9 through 11, since these lines do not reveal any cognizable proprietary business information;

(11) Certain of Defendants' requests to seal specific language (highlighted in teal) of Plaintiffs' Reply in Support of Summary Judgment (ECF No. 382-46), an important judicial argument, are DENIED because the requests seek to seal language that contains important factual arguments that are highly relevant to the judicial function and do not contain the type of information that may

be protected as confidential business information, including the language on pages 1 and 7 (ECF No. 382-46, at ECF pp. 7, 12);

(12) Plaintiffs' request to seal the language on page 10 from Plaintiffs' Reply in Support of Summary Judgment, an important judicial document (*see* ECF No. 382-46, at ECF p. 15) (proposed redactions highlighted in grey), is DENIED because the proposed language does not reveal trade secrets or confidential information and Plaintiffs have not established that disclosure of this information would result in harm that outweighs the public right of access;

(13) Certain of Defendants' requests to seal specific language (highlighted in teal) in Plaintiffs' Response to Defendants' Response to Plaintiffs' Rule 56.1 Statement (ECF No. 382-47), an important judicial document, are DENIED consistent with the findings *supra* as to Plaintiffs' Rule 56.1 Statement and Defs.' Statement. The proposed sealing of language from paragraphs 63–69, 116, 117, 136–138, 145, 146, 148, and 149, is DENIED because the information sought to be sealed is highly relevant to an analysis of the claims in this case and does not contain trade secrets or confidential business information that justifies sealing. The proposed sealing of language in Defendants' response to paragraphs 68 and 69 (ECF No. 382-47, at ECF pp. 23–25) is likewise DENIED, and, accordingly, based on the foregoing findings, the parties may publicly file Plaintiffs' fully-briefed motion for summary judgment and the exhibits with the redactions indicated;

IT IS FURTHER ORDERED that the motions to seal pertaining to Defendants' Motion for Summary Judgment are GRANTED in part and DENIED in part, and the parties may publicly file the motion with the redactions indicated in the attachments included with the motion, *except* as follows, because the Court finds that some of the

8

information the parties request to seal includes important factual assertions and argument that are highly relevant to the judicial function, that public filing of certain of the requested information does not realistically risk disclosure of confidential business information or trade secrets, and that the parties have not established that the risk of disclosure outweighs the presumption of public access to court proceedings, to wit:

(1) Plaintiffs' request to seal the language on page 3 (highlighted in grey) of Defendants' Memorandum in Support (ECF No. 385-2), an important judicial document, is DENIED as the language they seek to seal is argument that is relevant to the judicial function and does not contain any trade secrets or confidential business information;

(2) Certain of Plaintiffs' requests to seal specific language (highlighted in grey) in Defendants' Rule 56.1 Statement (ECF No. 385-3), an important judicial document, are DENIED. Specifically, Plaintiffs' requests to seal the following excerpts are DENIED as they include important factual arguments that are highly relevant to the judicial function and do not include the type of information that may be protected as confidential business information:

   a. the proposed redactions to paragraph 128;
   b. the first and third proposed redactions to paragraph 129 (although Plaintiffs may seal the name of the vendor);
   c. the proposed redactions to paragraph 130, with the exception of the vendor name and dollar amount, which may be filed under seal;
   d. the proposed redactions to paragraph 131;
   e. the proposed redactions to paragraph 132, with the exception of the third-party company name that begins the paragraph, which may be

        sealed as it includes confidential business information relating to a vendor;

    f. the proposed redactions to paragraph 137; and

    g. the proposed redactions to paragraph 138;

(3) Plaintiffs' requests to seal Exhibits 4 and 11 to the Berkowitz Declaration (*see* ECF Nos. 385-9, 385-16) in their *entirety* are DENIED without prejudice, see *supra* note 6, because the documents sought to be sealed do not exclusively contain confidential business information subject to protection. Rather, they contain communications with a third-party vendor and a proposal from that vendor that is relevant to Defendants' factual arguments and, other than the vendor name and contact information, do not appear to reveal actual trade secrets or reveal truly sensitive confidential business information that would, for example, provide a competitor with an advantage (*see* ECF Nos. 385-9), as well as correspondence with Amazon and discussions about selling strategy on Amazon that are relevant to Defendants' arguments on summary judgment (*see, e.g.,* ECF No. 385-16, at ECF pp. 9–12);

(4) Defendants' request to file Defendants' Exhibit 15 (ECF No. 385-21) with proposed redactions (highlighted in teal) is GRANTED, but the exhibit cannot be filed under seal in its entirety (*see* cover sheet to Ex. 15, at ECF No. 385-21, at ECF p. 1);

(5) Certain of Defendants' requests to seal specific language (highlighted in teal) in Plaintiffs' Opposition to Defendants' Motion for Summary Judgment (ECF No. 385-23), an important judicial document, are DENIED. Specifically, Defendants' requests to seal the following language are DENIED as some of the information (re Hedy's) is already public, and other of the proposed

redactions include important factual arguments that are highly relevant to the judicial function and do not include the type of information that may be protected as confidential business information:

    a. the word "Hedy's" on page 4;

    b. the proposed redactions on page 5;

    c. the proposed redaction on page 6, in footnote 4;

    d. the proposed redactions on page 8; and

    e. the proposed redactions on page 21, in footnote 16;

(6) Certain of Plaintiffs' requests (highlighted in grey) and certain of Defendants' requests (highlighted in teal) as to Plaintiffs' Opposition to Defendants' Rule 56.1 Statement (ECF No. 385-24), an important judicial document, are DENIED. Specifically, requests to seal as to the following excerpts are DENIED as they include important factual arguments that are highly relevant to the judicial function and do not include the type of information that may be protected as confidential business information:

    a. Defendants' proposed redactions to Defendants' response to paragraph 5 (at ECF p. 4);

    b. Plaintiffs' proposed redactions to paragraph 128;

    c. Plaintiffs' first and third proposed redactions to paragraph 129 (although Plaintiffs may seal the name of the vendor);

    d. Plaintiffs' proposed redaction to Defendants' response to paragraph 129, with the exception of the name of the vendor, which may be filed under seal;

    e. Plaintiffs' proposed redactions to paragraph 130, with the exception of the vendor name and dollar amount, which may be filed under seal;

  f. Plaintiffs' proposed redactions to paragraph 131;

  g. Plaintiffs' proposed redactions to paragraph 132, with the exception of the third-party vendor name, which may be sealed;

  h. Plaintiffs' proposed redactions to paragraph 137;

  i. Plaintiffs' proposed redactions to paragraph 138;

  j. Defendants' proposed redactions to Defendants' response to paragraph 212 (*see* ECF p. 50);

  k. Defendants' proposed redactions to paragraphs 55, 56, and 57 of Plaintiffs' Further Rule 56.1 Statement in Opposition to Defendants' Rule 56.1 statement (*see* ECF pp. 61–62);

  l. the word "Hedy's" in paragraph 63 of Plaintiffs' counterstatement (*see* ECF p. 62); and

  m. Defendants' proposed redactions to paragraphs 66, 67, 68, and 71 of Plaintiffs' counterstatement to Defendants' Rule 56.1 statement (*see* ECF p. 63);

(7) Defendants' proposed redactions (highlighted in teal) to the February 16, 2024 Declaration of Michelle Mancino March (ECF No. 385-25), are DENIED as the factual allegations contained therein are directly relevant to Plaintiffs' arguments on summary judgment and the court's adjudicative function, and Defendants have not overcome the weight of the presumption of access to be accorded this information;

(8) Defendants' requests to seal the following information (highlighted in teal) from the Barnes Declaration (*see* ECF No. 385-40) are DENIED:

  a. the proposed redaction to paragraph 26 (*see* ECF p. 10); and

    b. the reference to "Hedy's Corporate Gifts/Hedy's Gifts, Inc." in paragraph 27, as it is already public;

(9) Certain of Defendants' proposed redactions to Defendants' Response to Plaintiffs' Further Rule 56.1 Statement in Opposition to Defendants' Rule 56.1 statement (*see* ECF No. 385-46) are DENIED, including:

    a. the proposed redactions to paragraphs 55, 57, and 58 (*see* ECF pp. 16–17);

    b. the word "Hedy's" in paragraph 63 (*see* ECF p. 18); and

    c. the proposed redactions to paragraphs 66, 67, 68, and 71, as well as the proposed redactions to Defendants' response to paragraphs 67 and 68 (*see* ECF pp. 18–21),

and, accordingly, based on the foregoing findings, the parties may publicly file Defendants' fully-briefed motion for summary judgment and the exhibits with the redactions indicated.

    **SO ORDERED.**

Dated:    Brooklyn, New York
            May 9, 2024

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE